UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

EDDIE WISE, on Behalf of Himself and Others
Similarly Situated,

                              Plaintiffs,

    – against –

RAYMOND W. KELLY, Commissioner of the
New York City Police Department (NYPD); BARRY
M. BUZZETTI, Captain and Commanding Officer,
NYPD 48th Precinct; JOHN/JANE DOES 1-50
(NYPD Supervisory, Training and Policy Personnel);
CITY OF NEW YORK; Police Officers MICHAEL
CURLEY, COREY HARRIS, MIGUEL MUSSE,
KEVIN LYNCH, JOHN BRENNAN, JOHN/JANE
DOES 51-100 (police officers); ROBERT JOHNSON,
District Attorney of Bronx County; and JOHN/JANE
DOES 101-125 (Supervisory, Training and Policy
Personnel within the district attorneys offices);
JUDITH KAYE, in her capacity as Chief Judge of the
State of New York and Chief Judicial Officer of the
Unified Court System; JONATHAN LIPPMAN, in his
capacity as Chief Administrative Judge of the Unified
Court System; and CHAUNCEY G. PARKER, in his
capacity as Director of Criminal Justice and Commissioner
of the New York State Division of Criminal Justice
Services ("DCJS"),

                              Defendants.
------------------------------------------------------------------x

**05 CV 5442**

**CLASS ACTION
COMPLAINT AND
<u>JURY DEMAND</u>**

RECEIVED
JUN - 9 2005
U.S.D.C. S.D. N.Y.
CASHIERS

        Plaintiff Eddie Wise ("Plaintiff"), on behalf of himself and others similarly situated, for his Complaint, alleges as follows:

# INTRODUCTION

1.  More than a decade ago, the United States Court of Appeals for the Second Circuit declared unconstitutional, on First Amendment grounds, New York Penal Law § 240.35(1), which provided that a person is guilty of "loitering" when he "loiters, remains or wanders about in a public place for the purpose of begging," and affirmed U.S.D.J. Robert W. Sweet's 1992 injunction permanently barring the NYPD's, and then Police Commissioner Lee Brown's, future enforcement of P.L. § 240.35(1). See Loper v. New York City Police Department, 999 F.2d 699 (2d Cir. 1993).

2.  Notwithstanding the clear command of Loper, the New York City Police Department ("NYPD") and the Bronx District Attorney's Office continue to arrest, summons, and prosecute individuals such as plaintiff Eddie Wise for violations of P.L. § 240.35(1), and judges, clerks and other court and Division of Criminal Justice Services ("DCJS") employees continue to process these charges through the judicial system. This is inexcusable. It is stunningly inept. It must be stopped.

3.  On multiple occasions from 2002 to date, while plaintiff Eddie Wise was peacefully begging on the streets of the Bronx, an activity fully protected by the First Amendment, he was wrongfully arrested by uniformed officers employed by the NYPD, charged with loitering in violation of P.L. § 240.35(1), and subjected to prosecution by the Bronx District Attorney's Office for this charge.

4.  This action seeks to end – finally, for all time – this pattern and practice of unconstitutional conduct by police officers in the NYPD, and prosecutors in the Bronx District Attorney's Office (the "Arrest & Prosecution Policy"). This action also seeks to end the pattern

and practice of unconstitutional conduct by judges, clerks, other court employees and DCJS personnel whereby individuals charged with violations of P.L. § 240.35(1) are routinely processed through the court system. It defies belief that defendants continue to arrest, summons, and prosecute citizens, many of them homeless, who, in a lawful exercise of their First Amendment rights, peacefully beg on the public streets of New York City.

5.  Plaintiff Eddie Wise brings this action for injunctive and declaratory relief, and for money damages, on behalf of himself and other individuals similarly situated who have been wrongfully arrested, summonsed, and/or prosecuted for violations of a nullified criminal statute, P.L. § 240.35(1), and to redress defendants' violations of his rights under the First, Fourth, Fifth, and Fourteenth Amendments of the United States. Plaintiff seeks an appropriate remedial order to ensure an end to the utterly lawless enforcement of a criminal statute that was adjudicated unconstitutional in 1992.

## JURISDICTION AND VENUE

6.  This action arises under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

7.  The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, and 1343(a).

8.  The acts complained of occurred in the Southern District of New York and venue is lodged in this Court pursuant to 28 U.S.C. § 1391(b).

## JURY DEMAND

9.  Plaintiff demands trial by jury in this action.

## THE PARTIES

10. Plaintiff EDDIE WISE is a citizen of the United States and was a resident of Bronx County at the time of the incidents alleged in this action.

11. Defendant CITY OF NEW YORK ("City") is a municipality organized and existing under the laws of the State of New York. At all times relevant hereto, defendant City, acting through the New York City Police Department ("NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel, including the defendants referenced herein. In addition, at all relevant times, defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obey the laws of the United States and of the State of New York.

12. At all times relevant hereto, defendant City, acting through the Bronx District Attorney's Office ("Bronx DAO"), was responsible for the administration, policy, practice, supervision, implementation, and conduct of all Bronx DAO matters and was responsible for the appointment, training, supervision, and conduct of all Bronx DAO personnel. In addition, at all relevant times, defendant City was responsible for enforcing the rules of the Bronx DAO Office, and for ensuring that Bronx DAO personnel obey the laws of the United States and of the State of New York.

13. In addition to the facts alleged in the following subparagraphs, the following defendants all acted within the scope of their employment and under color of law, including the statutes, ordinances, regulations, policies, customs and usages of the City of New York, State of New York, and/or Bronx County. With the exception of defendants Kaye,

Lippman and Parker, who are sued in their official capacities only, the following defendants are all sued in their individual and official capacities.

14. At all relevant times defendant RAYMOND W. KELLY was the Police Commissioner of the City of New York and, as such, made and enforced policy of the NYPD, including without limitation the 48th Precinct in the County of Bronx, New York, and acted in his capacity as agent, servant, and employee of defendant City, within the scope of his employment as such, and under color of state law.

15. At all relevant times defendant BARRY M. BUZZETTI was a Captain and Commanding Officer of the 48th Precinct in the County of Bronx, New York, acting in the capacity of agent, servant, and employee of defendant City, within the scope of his employment as such, and acting under color of state law. As Captain and Commanding Officer, he is the highest ranking uniformed member of the 48th Precinct, and is responsible for setting policy, and for the supervision, oversight, and discipline of the uniformed police officers in his precinct. As Captain and Commanding Officer, Buzzetti is provided on a daily basis with reports of arrests and summonses in his Precinct.

16. At all relevant times, defendants "Jane/John Does 1-50" were training, supervisory and policy making personnel within the NYPD who implemented, enforced, perpetuated and/or allowed the unconscionable Arrest & Prosecution Policy that is the subject of this action, acting in the capacity of agents, servants and employees of defendant City and within the scope of their employment as such. Plaintiff is unable to determine the names of these NYPD Supervisory defendants at this time and thus sues them under a fictitious designation.

17. At all relevant times, defendant NYPD Police Officers MICHAEL CURLEY, Shield or Tax I.D. Number ("No.") 29121, COREY HARRIS, No. 1499, MIGUEL MUSSE, No. 02497, KEVIN LYNCH, No. 26904, and JOHN BRENNAN, No. 25119 were police officers acting in the capacity of agents, servants, and employees of defendant City, and within the scope of their employment as such. On information or belief, all of these officers are or were assigned to the 48th Precinct command in the County of Bronx, New York.

18. At all relevant times, defendants "Jane/John Does 51-100" were NYPD police officers who arrested and/or summonsed plaintiff and/or members of the plaintiff class pursuant to the Arrest & Prosecution Policy and/or failed to prevent others from doing so, acting in the capacity of agents, servants and employees of defendant City and within the scope of their employment as such. Plaintiff is unable to determine the names of these NYPD police officers at this time and thus sues them under a fictitious designation.

19. Defendant ROBERT JOHNSON was at all relevant times District Attorney of Bronx County, and, as such, made and enforced policy with respect to the Bronx DAO. Defendant Johnson is sued in his individual capacity, and with respect to plaintiff's claims for prospective injunctive relief, in his official capacity.

20. At all relevant times, defendants "Jane/John Does 101-25" were training, supervisory and policy making personnel within the offices of the district attorneys for the five counties in the City of New York, including the Bronx DAO, who implemented, enforced, perpetuated and/or allowed the unconscionable Arrest & Prosecution Policy that is the subject of this action, acting in the capacity of agents, servants and employees of defendant City and within the scope of their employment as such. Plaintiff is unable to determine the names of these DAO

Supervisory defendants at this time and thus sues them under a fictitious designation. The DAO supervisory defendants are sued in their individual capacities, and with respect to plaintiff's claims for prospective injunctive relief, in their official capacities.

21. Defendant JUDITH KAYE is the Chief Judge of the New York State Court of Appeals, Chief Judicial Officer of the Unified Court System, and Chair of the Administrative Board of the New York Courts, with offices at 25 Beaver Street, New York, New York. Pursuant to Article VI, § 28 of the Constitution of the State of New York, and §§ 210 and 211 of the New York Judiciary Law, the Chief Judge is responsible for the establishment and enforcement of the administrative policies of the Unified Court System, including the Supreme Court of the State of New York and the New York City Criminal Court, and for these courts' compliance with law. Defendant KAYE is sued in her official capacity for prospective relief, and as an indispensable party, whose presence is necessary to provide full and complete relief to plaintiffs for the City defendants' violation of plaintiffs' rights.

22. Defendant JONATHAN LIPPMAN is the Chief Administrator and Chief Administrative Judge of the Unified Court System of the State of New York with offices at 25 Beaver Street, New York, New York. Pursuant to Article VI, §§ 28 and 30 of the Constitution of the State of New York, and §§ 212 of the New York Judiciary Law, the Chief Administrator is responsible, on behalf of the Chief Judge, for supervising the administration and operation of the Unified Court System, and for promulgating rules of conduct for judges. Defendant LIPPMAN is sued in his official capacity for prospective relief, and as an indispensable party, whose presence is necessary to provide full and complete relief to plaintiffs for the City defendants' violation of plaintiffs' rights.

23. Defendants KAYE and LIPPMAN are designated hereinafter as the "Court Administrator Defendants."

24. Defendant CHAUNCEY G. PARKER is the Director of Criminal Justice and Commissioner of the New York State Division of Criminal Justice Services ("DCJS") with offices at 4 Tower Place, Albany, New York. The Director of Criminal Justice oversees New York State's criminal justice agencies. Pursuant to Article 35 of the New York State Executive Law, the Commissioner of DCJS is responsible for maintaining the state's criminal history fingerprint files, training of prosecutors and law enforcement, and collecting statewide crime data. Defendant PARKER is sued in his official capacity for prospective relief, and as an indispensable party, whose presence is necessary to provide full and complete relief to plaintiffs for the City defendants' violation of plaintiffs' rights.

25. During all times mentioned in this complaint, the defendants and each of them, separately and in concert, engaged in acts and/or omissions which constituted deprivations of plaintiff's constitutional rights, and the privileges and immunities of the plaintiff, and while these acts were carried out under color of law, they had no justification or excuse, and were instead gratuitous, illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property and/or ensuring civil order.

## CLASS ACTION ALLEGATIONS

26. Plaintiff Eddie Wise brings this action as a class action under Fed. R. Civ. P. 23(b)(2) for violations of his constitutional and common law rights. The Rule (b)(2) Class is comprised of all persons who beg on the public streets of New York City, and intend to engage in

this activity in the future, and accordingly, who are threatened with future unlawful enforcement of P.L. § 240.35(1).

27. Defendants have acted, or failed to act, on grounds generally applicable to the Rule (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Rule (b)(2) Class as a whole.

28. On information and belief, the Rule (b)(2) class includes hundreds of members. They are so numerous that joinder of all Class members is impracticable.

29. Plaintiff Eddie Wise also brings this action as a class action under Fed. R. Civ. P. 23(b)(3), on behalf of himself and other individuals similarly situated who have been subjected to enforcement of P.L. § 240.35(1), for violations of his constitutional and common law rights. The Rule (b)(3) Class is comprised of all persons subjected to enforcement of P.L. § 240.35(1) during the fullest period permitted by the applicable statute of limitations, including but not limited to all persons detained, arrested, charged, or to whom summons were issued, for violations of P.L. § 240.35(1).

30. All of the members of the Rule (b)(3) class were injured as a result of defendants' conduct.

31. On information and belief, the Rule (b)(3) class includes hundreds of individuals, many of whom are homeless and accordingly, difficult to locate. They are so numerous that joinder of all Class members is impracticable.

32. The questions of law and fact presented by plaintiff Eddie Wise are common to other members of the class. Among others, the questions of law and fact common to the Class are: (i) whether (and which) defendants enforced or failed to prevent the enforcement

of P.L. § 240.35(1), including without limitation wrongfully arresting, detaining, charging, summonsing, imprisoning and/or prosecuting class members for violations of P.L. § 240.35(1), after the statute had already been declared unconstitutional and its enforcement enjoined; (ii) the existence of a pattern and practice of enforcement of P.L. § 240.35(1) or failure to prevent its enforcement, including but not limited to wrongful arrests, summonses, and prosecutions of violations of P.L. § 240.35(1); (iii) the acquiescence of supervisory personnel in the NYPD, Bronx DAO, Unified Court System and DCJS in the known unlawful acts of subordinates; and the failure of supervisory defendants to train, supervise, and discipline police officers, assistant district attorneys, court and DCJS personnel in their respective institutions; and (iv) the appropriate injunctive remedies that will be needed to ensure (a) that the Arrest & Prosecution Policy is terminated in every respect and (b) that its harmful effects are nullified.

33.     Common issues of law and fact such as those set forth above (and many others) predominate over any individual issues.

34.     The Arrest & Prosecution Policy has resulted in the wrongful detention, summonsing, charging, arrest, confinement and prosecution of citizens engaged in lawful First Amendment activity, and the infliction of physical and psychological injuries on those individuals. The claims and practices alleged in this complaint are common to all members of the class.

35.     The violations suffered by plaintiff Eddie Wise are typical of those suffered by the class. The entire class will benefit from the remedial and monetary relief sought.

36.     Plaintiff Eddie Wise has no conflict of interest with any Class members, and will fairly and adequately protect the interests of the class. Counsel competent and

experienced in federal class action and federal civil rights litigation has been retained to represent the class. Emery Celli Brinckerhoff & Abady LLP is a law firm with offices in New York City with extensive experience in civil rights litigation and class action lawsuits against state and local governments and the NYPD. The Bronx Defenders is a not-for-profit law firm specializing in criminal defense practice with extensive experience in police and prosecutorial practices, and experience in civil rights litigation.

37. This action is superior to any other method for the fair and efficient adjudication of this legal dispute, as joinder of all members is not only impracticable, but impossible given the often peripatetic nature of the members of the Class. The damages suffered by certain members of the Class, although substantial, are small in relation to the extraordinary expense and burden of individual litigation and therefore it is highly impractical for such Class members to attempt redress for damages incurred due to their wrongful arrest and confinement.

38. There will be no extraordinary difficulty in the management of the Class action.

## FACTS

39. Plaintiff Eddie Wise is 44 year-old homeless man. In order to obtain money for food, shelter, clothing, transportation, medicine, and other necessities of life, Mr. Wise peacefully begs for money on the streets of New York City. Mr. Wise often conducts this peaceful begging activity in the County of Bronx, on or around different locations on Fordham Road.

40. Before its nullification, P.L. § 240.35(1) provided, in relevant part, that a person is guilty of "loitering" when he "loiters, remains or wanders about in a public place for the purpose of begging."

41. On October 7, 1992, United States District Judge Robert W. Sweet entered a declaratory judgment in the United States District Court for the Southern District of New York, and an injunction that permanently barred the New York City Police Department, and the Commissioner of the New York City Police Department, from enforcing P.L. § 240.35(1).

42. In 1993, the United States Court of Appeals for the Second Circuit affirmed Judge Sweet's ruling and declared, on First Amendment grounds, that subdivision one of P.L. § 240.35, loitering in a public place for the purpose of begging, was unconstitutional. *See* Loper v. New York City Police Department, 999 F.2d 699 (2d Cir. 1993).

43. Peaceful begging is an activity entitled to the full protection of the First Amendment.

44. Since at least 1992, loitering for the purpose of begging has not been a crime, offense, or violation in New York State.

45. On multiple occasions since September 2002, uniformed members of the NYPD have arrested, detained, or summonsed Mr. Wise on the charge of loitering in violation of P.L. § 240.35(1).

46. On multiple occasions since September 2002, the Bronx DAO has prosecuted Mr. Wise on the charge of loitering in violation of P.L. § 240.35(1).

47. On multiple occasions since September 2002, DCJS has processed fingerprint inquiries for Mr. Wise on the charge of loitering in violation of P.L. § 240.35(1).

48. On multiple occasions since September 2002, court personnel have processed charges, entered convictions and sentences, and set bail, fines and surcharges for Mr. Wise on the charge of loitering in violation of P.L. § 240.35(1).

49. On multiple occasions since September 2002, Mr. Wise has been subjected to criminal sanctions pursuant to his convictions for violations of P.L. § 240.35(1), including but not limited to fines and periods of incarceration.

50. Plaintiff intends to engage in the activity of peaceful begging on the streets of New York City in the future.

### The Unconstitutional Arrests of Mr. Wise

*The September 12, 2002 Arrest*

51. On September 12, 2002, Mr. Wise was peacefully begging at or about 400 E. Fordham Road, Bronx, New York, when defendant police officer Corey Harris arrested and charged Mr. Wise with loitering in violation of P.L. § 240.35(1). Mr. Wise was taken to the 48th Precinct and held there pending arraignment. The Bronx DAO charged Mr. Wise with a violation of P.L. § 240.35(1). At arraignment on September 13, 2002, Mr. Wise plead guilty to the charge and he was sentenced to a term of imprisonment of time served and fines and surcharges of at least $95 were imposed.

*The February 7, 2003 Arrest*

52. On February 7, 2003, Mr. Wise was peacefully begging at or about the intersection of Fordham Road and Arthur Avenue, Bronx, New York, when defendant police officer Michael Curley arrested and charged Mr. Wise with loitering in violation of P.L. § 240.35(1). Mr. Wise was taken to the 48th Precinct and held there pending arraignment. The

Bronx DAO charged Mr. Wise with a violation of P.L. § 240.35(1). At arraignment on February 8, 2003, Mr. Wise plead guilty to the charge and he was sentenced to a term of imprisonment of five days, and fines and surcharges of at least $95 were imposed.

***The July 6, 2003 Arrest***

53.     On July 6, 2003, Mr. Wise was peacefully begging in front of the White Castle, 550 East Fordham Road, Bronx, New York, when defendant police officer Miguel Musse, arrested and charged Mr. Wise with loitering in violation of P.L. § 240.35(1). Mr. Wise was taken to the 48th Precinct and held there pending arraignment. The Bronx DAO charged Mr. Wise with a violation of P.L. § 240.35(1). At arraignment on February 8, 2003, Mr. Wise plead guilty to loitering.

***The January 4, 2004 Arrest***

54.     On January 4, 2004, Mr. Wise was peacefully begging in front of 550 East Fordham Road, Bronx, New York, when defendant police officer Kevin Lynch arrested and charged Mr. Wise with loitering in violation of P.L. § 240.35(1). Mr. Wise was taken to the 48th Precinct and held there pending arraignment. The Bronx DAO charged Mr. Wise with a violation of P.L. § 240.35(1). At arraignment on January 4, 2004, Mr. Wise plead guilty to the charge and was sentenced to time served and fines and surcharges of at least $95 were imposed.

***The January 25, 2004 Arrest***

55.     On January 25, 2004, Mr. Wise was peacefully begging at or about 574 Fordham Road, Bronx, New York, when defendant Curley, the officer responsible for Mr. Wise's unlawful arrest on February 7, 2003, arrested and charged Mr. Wise with loitering in violation of

P.L. § 240.35(1). Mr. Wise was taken to the 48th Precinct and he was then transferred to Central Booking in the Bronx for processing.

56. At arraignment on January 26, 2004, the Bronx DAO charged Mr. Wise with a violation of P.L. § 240.35(1) and he was released on his own recognizance.

57. On February 13, 2004, counsel for Mr. Wise filed a motion to dismiss defendant Curley's January 25, 2004 complaint in Criminal Court of the State of New York, County of the Bronx, for failure to charge him with a crime or with conduct that is proscribed under the New York State Penal Law.

58. By a superceding complaint filed by defendant Curley on March 1, 2004, and received by Mr. Wise's defense counsel on March 15, 2004, Mr. Wise was charged with disorderly conduct in violation of P.L. § 240.20(5).

59. On March 15, 2004, counsel for Mr. Wise filed a motion to dismiss the superceding complaint on the ground that the added count of disorderly conduct, P.L. § 240.20(5) was facially insufficient.

60. On March 17, 2004, the Bronx DAO submitted an affidavit in opposition to Mr. Wise's motion to dismiss, by Assistant District Attorney Dimitri Maisonet, arguing that "[i]t is the People's position that Loper v. N.Y. City Police Dep't., 999 F.2d 669 (2d Cir. 1993) does not control in that (1) said case was a civil case and not a criminal case and (2) that § 240.35(1) remains included in the Penal Law of New York."

61. On information and belief, at the oral argument of Mr. Wise's motion to dismiss, held before Judge Joseph J. Dawson of the Bronx County Criminal Court on or about

March 18, 2004, a supervising attorney from the Bronx District Attorney's Office was in attendance in court to assist Assistant District Attorney Maisonet.

62. On information and belief, during the course of the hearing before Judge Dawson, the supervisor from the Bronx DAO also defended the propriety of the prosecution of Mr. Wise for a violation of P.L. § 240.35(1).

63. In a Decision and Order dated May 5, 2004, Judge Dawson granted Mr. Wise's motion to dismiss the P.L. § 240.35(1) loitering charge. Subsequently, Judge Dawson also dismissed the remaining charge of disorderly conduct.

*The March 9, 2004 Arrest*

64. On March 9, 2004, Mr. Wise was standing at or about 595 East Fordham Road, Bronx, New York when defendant police officer John Brennan arrived in a patrol car with defendant Curley. Defendant Brennan arrested and charged Mr. Wise with loitering in violation of P.L. § 240.35(1). After his arrest, Mr. Wise was taken to the 48th Precinct and held there pending arraignment. He was then held at another precinct before being transferred to Central Booking for processing.

65. The Bronx DAO declined to prosecute because there was "insufficient evidence to sustain a charge of P.L. § 240.35(1)."

*The March 31, 2004 Arrest*

66. On March 31, 2004, Mr. Wise was peacefully begging at the corner of East 189th Street and Webster Avenue in the Bronx, New York, when defendants Curley and Brennan arrived in their patrol car. Defendant Curley arrested and charged Mr. Wise with loitering in

violation of P.L. § 240.35(1). Mr. Wise was taken to the 48th Precinct and then to Central Booking for processing.

67. The Bronx DAO charged Mr. Wise with a violation of P.L. § 240.35(1), and a Bronx County criminal court judge even set bail for Mr. Wise based on this unconstitutional charge.

68. Mr. Wise was detained at a New York City detention center in the vicinity of Hunts Point in the Bronx until his release on April 5, 2004.

69. After the March 31, 2004 arrest, counsel for Mr. Wise moved to the dismiss the complaint on the ground that the enforcement of P.L. § 240.35(1) was unconstitutional. Nonetheless, the Bronx DAO continued to prosecute the loitering charge. The complaint was not dismissed until a May 5, 2004 Decision and Order of Judge Joseph J. Dawson of the Bronx County Criminal Court.

70. On multiple other occasions in addition to the particular incidents recounted above, Mr. Wise has been arrested and charged with loitering in violation of P.L. § 240.25(1). On information and belief, these arrests occurred on the following dates: June 14, August 5, September 24, and November 15 of 2002; January 30, February 14, March 2, March 29, April 24, October 18, November 6, December 27 of 2003; and March 27, 2004.

71. Mr. Wise was detained, arrested, summonsed, and/or charged with violations of P.L. § 240.35(1) on at least twenty occasions since June 2002, by different members of the NYPD and the Bronx DAO. Thus, the NYPD's and Bronx DAO's enforcement of this statute is part of a widespread and lawless pattern of enforcement of P.L. § 240.35(1).

72. As a result of the aforesaid wrongful arrests, summons, and prosecutions for loitering in violation of P.L. § 240.35(1), Mr. Wise was incarcerated for many days on multiple occasions. Mr. Wise was required to make many court appearances in order to defend himself against prosecution for constitutionally defective charges. Mr. Wise was required to pay court fines and surcharges. In addition, on certain occasions, Mr. Wise felt compelled to plead guilty to violations of P.L. § 240.35(1), and this now appears on his criminal history and is in the public record.

73. As a result of defendants' repeated unlawful and unconstitutional conduct described herein, plaintiff and members of the plaintiff class suffered physical injuries, emotional distress, mental anguish, and psychological trauma.

74. The above-described wrongful, unjustifiable, and unlawful arrests, summonses, imprisonments, and prosecutions of plaintiff Mr. Wise were carried out without valid warrants, without plaintiff's consent, and without probable cause.

75. In arresting, confining and prosecuting Eddie Wise for loitering in violation of P.L. § 240.35(1), or failing to prevent these occurances, all defendants acted with malice, in that they knew or should have known that P.L. § 240.35(1) was long ago declared unconstitutional.

76. The Court Administrator Defendants and defendant Parker actively maintain court files and computer databases – including for arrests, summonses, charges, convictions, sentences, fines, bail and surcharge – concerning Eddie Wise that are available to the public and report more than seventeen unconstitutional convictions for P.L. § 240.35(1).

*Unconstitutional Policy and Practice in the NYPD*

77. At all relevant times, the City, acting through the NYPD, maintained a de facto policy, custom and practice of enforcement of P.L. § 240.35(1), and of failing to train, supervise, or discipline police officers regarding their obligation to cease any enforcement of P.L. § 240.35(1).

78. On information and belief, in 2003 and 2004 alone, according to records maintained by the New York State Office of Court Administration, there were a minimum of 150 arrests in New York City for violations of P.L. § 240.35(1) that resulted in criminal charges in court.

79. On information and belief, countless more unlawful arrests and summonses occurred for violations of P.L. § 240.35(1) but no longer appear in the record due to the decisions of the NYPD to void the arrest, the decisions of the District Attorney's Offices not to prosecute, or due to various other dispositions.

80. On information and belief, officers in the NYPD rely upon P.L. § 240.35(1) as a basis for issuing "move-on" orders to individuals who are peacefully begging on the streets of New York City.

81. In 2003 and 2004, multiple arrests and summonses for violations of P.L. § 240.35(1) were made in police precincts all over New York City, including without limitation the following precincts: the 14th, the 23rd, the 40th, the 41st, the 44th, the 46th, the 47th, the 48th, the 49th, the 52nd, the 83rd, the 94th, the 100th, the 103rd, the 106th, the 113th and the 115th.

82. According to the New York State Division of Criminal Justice Services ("DCJS"), at least eleven individuals were convicted in Bronx County, between January and

March 2004 alone, for violations of P.L. § 240.35(1). These eleven convictions in three months in 2004 does not include anyone who was arrested for, summonsed, or charged with this violation but whose records have since been sealed pursuant to N.Y. Criminal Procedure Law Section 160.55. Nor does it account for most summonses or any arrest or charge disposed of with a favorable termination and sealed under N.Y. Criminal Procedure Law Section 160.50.

83. Thus, on information and belief, the number of individuals arrested for, summonsed or charged with violating of P.L. § 240.35(1) in the Bronx between January and March 2004 is far greater than eleven.

84. In light of the many hundreds of arrests and summonses throughout New York City for violations of P.L. § 240.35(1), defendants knew, or should have known, that many police officers were engaging in the lawless and unconstitutional practice of arresting people for violations of a void and unenforceable statute; yet defendants have repeatedly failed to take any action to end this conduct.

85. Many of the unlawful arrests and summonses described above were effected by police officers assigned to the 48th Precinct, including Defendants Brennan, Curley, Harris, Lynch, Musse and Torres. Some of the unlawful arrests and summonses described above were effected by police officers assigned to the other NYPD Police Precincts. The pattern of unconstitutional arrests and summonses by police officers assigned to the 48th Precinct and other NYPD Police Precincts has been condoned by supervisors in the 48th Precinct and supervisors in other NYPD Police Precincts, and by defendants City of New York, Buzzetti and Kelly.

86. On information and belief, supervisors in the 48th Precinct and all NYPD police precincts receive or received daily a compilation of reports documenting the bases for