arrests and summonses effected in the previous day. These reports have for years documented, and continue to document, the arrests and summonses complained of here. Accordingly, defendants City, Buzzetti, Kelly, and other Jane/John Doe supervisory members of the NYPD (the "NYPD Supervisory Defendants") have been aware of the arrests and summons for violations of P.L. § 240.35(1) and the continuing violation of rights attendant to these acts; yet, have failed to take any action to end this conduct.

87.      In light of the history of arrests and summonses in the 48th Precinct and throughout New York City for violations of P.L. § 240.35(1), the NYPD Supervisory Defendants knew to a moral certainty that police officers under their supervision, including Defendants Brennan, Curley, Harris, Lynch, Musse and Torres, would confront the situation wherein they would need to exercise discretion regarding whether or not to arrest individuals or issue summonses for violation of P.L. § 240.35(1), and that there was a history of police officers mishandling this situation. Yet, on information and belief, the NYPD Supervisory Defendants did not take any action to require or provide proper training or re-training on how police officers should exercise their discretion in the above-described situation.

88.      The NYPD Supervisory Defendants' failure to train, discipline or supervise police officers regarding their obligation not to arrest individuals or issue summonses for violations of P.L. § 240.35(1), and their obligation not to enforce this statute, exhibited gross and wanton deliberate indifference to the constitutional rights of plaintiff and members of the Class.

89.      On information and belief, the arrest of citizens and issuance of summonses for violations of a void statute was and is well known throughout the NYPD.

-21-

Nevertheless, the NYPD Supervisory Defendants continue to allow police officers to continue the practice, and tolerated these unconstitutional practices. The failure to take measures to curb this unconstitutional conduct constitutes an acquiescence in the known unlawful behavior of their subordinates. The prevalence of these arrests and summonses and general knowledge of their existence, and the failure of the supervisory defendants to take remedial action, constitute deliberate indifference to the rights of plaintiff and the Class.

90.     The NYPD Supervisory Defendants conduct has, moreover, been a substantial factor in the continuance of such arrests and summonses and a proximate cause of the constitutional violations alleged in this complaint.

91.     Because the pattern or practice of arresting individuals and issuing summonses for violations of P.L. § 240.35(1) has existed for many years in the 48th and other NYPD Precincts, the NYPD Supervisory Defendants knew, or should have known, that police officers were engaging in the lawless and unconstitutional practice of arresting people and issuing summonses for violations of a void statute, yet defendants repeatedly failed to take any action to end this conduct by the police officers.

92.     Because, upon information and belief, a pattern or practice existed of arresting individuals and issuing summonses for violations of P.L. § 240.35(1), the NYPD Supervisory Defendants knew or should have known that police officers assigned to these precincts required training, supervision, and discipline regarding their obligations not to enforce this void statute.

*Unconstitutional Policy and Practice in the District Attorney's Office*

93.    At all relevant times, defendant City, acting through the Bronx DAO and the DA Supervisory Defendants, who include defendant Robert Johnson and supervisors employed by the Bronx DAO and/or other City DAOs who are sued as Jane/John Does 101-125 (the "DA Supervisory Defendants"), maintained a policy, custom and practice whereby they prosecuted individuals for violations of the Statute and failed to train, supervise or discipline assistant district attorneys regarding their obligation not to prosecute individuals for violations of New York Penal Code 240.35(1).

94.    At all relevant times, the DA Supervisory Defendants maintained a policy, custom and practice whereby they prosecuted individuals for violations of the Statute, and failed to train, supervise or discipline assistant district attorneys regarding their obligation not to prosecute individuals for violations of New York Penal Code 240.35(1).

95.    At all relevant times, defendant Johnson was responsible for the management and administration of the Bronx DAO, including decisions regarding supervision, training, and discipline of assistant district attorneys employed therein.  As the Bronx District Attorney, defendant Johnson knew or should have known that an arrest, summons, or prosecution of a citizen for violation of P.L. § 240.35(1) would cause the deprivation of that citizen's constitutional rights.

96.    The DA Supervisory Defendants and Defendant Johnson's failure to train or supervise assistant district attorneys in the Bronx DAO regarding their obligation not to prosecute individuals for violations of P.L. § 240.35(1) exhibited gross and wanton deliberate

indifference to the constitutional and common law rights of plaintiff Wise and members of the
Class.

97.     Because, on information and belief, the pattern or practice that existed in
the Bronx DAO of prosecuting individuals for violations of P.L. § 240.35(1) commenced as early
as 2002, and since 2002, there have been multiple prosecutions for violations of P.L. § 240.35(1),
defendant Johnson and the DA Supervisory Defendants knew, or should have known, that
assistant district attorneys were engaging in the unlawful practice of prosecuting people for
violations of a void and unconstitutional statute, yet defendant Johnson failed to take any action
to end it.

98.     Defendant Johnson and the DA Supervisory Defendants knew or should
have known that assistant district attorneys assigned to his office required training, supervision,
and discipline regarding their obligations to refuse to prosecute individuals for violations of a
void statute.

99.     In light of the history of unjustified prosecutions, defendant Johnson and
the DA Supervisory Defendants knew to a moral certainty that assistant district attorneys would
confront the situation wherein they would need to exercise discretion regarding whether or not to
prosecute individuals for violation of P.L. § 240.35(1).

100.     Defendant Johnson and the DA Supervisory Defendants' failure to train
and supervise assistant district attorneys in the Bronx DAO concerning their obligation not to
prosecute individuals for violations of P.L. § 240.35(1) exhibited gross and wanton deliberate
indifference to plaintiffs' constitutional and common law rights.  The failure of the DA
Supervisory Defendants to train and supervise assistant district attorneys has, moreover, been a

-24-

substantial factor in the continuance of such prosecutions and a proximate cause of the constitutional violations alleged in this complaint.

101.    On information and belief, the failure of defendant Johnson and the DA Supervisory Defendants to take measures to curb this unconstitutional conduct constitutes an acquiescence in the known unlawful behavior of their subordinates.   The prevalence of these arrests and summonses and general knowledge of their existence, and the failure of these supervisory defendants to take remedial action, constitutes deliberate indifference to the rights of these citizens.  These defendants' conduct has been a substantial factor in the continuance of such arrests and a proximate cause of the constitutional violations alleged in this complaint.

### *Liability of the City of New York*

102.    Currently, as well as prior to and at the time of the arrests of Mr. Wise, there exists and existed in the NYPD and Bronx DAO a pattern and practice of arrest, issuance of summonses, confinement, and prosecution for violations of P.L. § 240.35(1) by police officers, and assistant district attorneys.

103.    The pattern of unconstitutional arrests, summons, and prosecutions for violations of a void statute; the failure to train staff regarding the nullity of the statute; and the failure to supervise and/or discipline staff responsible for the unconstitutional arrests, summonses, and prosecutions, are so institutionalized as to represent a policy or custom of unconstitutional arrests and summonses for violations of P.L.§ 240.35(1), that caused the deprivation of plaintiff's rights and those of the Class.

104.    The NYPD and Bronx DAO, through its supervisory staff, police officers and prosecuting attorneys, has failed or refused to hold accountable high-ranking supervisors -

commanding officers, supervising attorneys - in the face of frequent misconduct, over a period of years, by these supervisors and by the staff they supervise. This failure is a proximate cause of the injuries sustained by Mr. Wise and by other individuals arrested or summonsed for violations of P.L.§ 240.35(1). The continuing inaction of the NYPD Supervisory Defendants and the DA Supervisory Defendants (collectively the "Supervisory Defendants") exposes current and future citizens, including Mr. Wise and members of the Class who beg for money on the streets of the Bronx to a pervasive risk of arrest, summons, and prosecution for a void crime.

105.    The pattern of unconstitutional arrests and summonses by police officers, and resulting prosecutions by assistant district attorneys; the extent to which these unlawful practices have been adopted by significant numbers of staff; and the persistent failure of the NYPD and Bronx DAO to supervise these officers properly and to take action to curb the misconduct, demonstrate a policy of deliberate indifference which tacitly authorizes the unconstitutional arrests of citizens like Mr. Wise who are engaged in constitutionally protected First Amendment activity.

### *Unconstitutional Acts By Court Administrator Defendants and Parker*

106.    At all relevant times, the Chief Judge of the State of New York and the Chief Administrator were responsible for the administration and operation of the Unified Court System and the Office of Court Administration, among other duties relevant to this action.

107.    The Court Administrator Defendants establish and enforce the rules and practices for processing criminal cases and summonses in the Supreme Court of the State of New York and the Criminal Court of the City of New York. These rules and practices include the formal and informal rules and practices followed by the court clerks and other court employees

(including judges and justices) concerning all aspects of day-to-day operations of the Unified Court System, including, but not limited to: the procedure for filing criminal charges and summonses, determinations of bail amounts, collection of fines and surcharges, issuance of warrants, entry of pleas and convictions, judicial training and discipline, and issuance of sentences.

108.    As a result of the formal and informal procedures of the Court Administrators and their employees, citizens charged with violations of P.L. § 240.35(1) are processed through the court system on the basis of unconstitutional and void charges, and denied their constitutional rights.  This denial is the result of the combined effect of a number of rules and practices including but not limited to: the acceptance of papers charging individuals with violations of P.L. § 240.35(1), the imposition of bail, fines and surcharges based on P.L. § 240.35(1), the acceptance of pleas for P.L. § 240.35(1), the entry of convictions for P.L. § 240.35(1), the issuance of warrants based on P.L. § 240.35(1), the maintenance and public dissemination of court records related to violations of P.L. § 240.35(1), and the failure to train court employees that arrests, summonses, prosecutions, warrants, sentences and other court actions taken pursuant to a P.L. § 240.35(1) are invalid because the statute was declared unconstitutional.

109.    At all relevant times, defendant Parker was responsible for the management and administration of DCJS.  As a result of the formal and informal procedures of the defendant Parker and his employees, citizens charged with violations of P.L. § 240.35(1) are processed through the court system on the basis of unconstitutional and void charges, and denied their constitutional rights.  This denial is the result of the combined effect of a number of rules

-27-

and practices including but not limited to, the acceptance and processing of fingerprinting inquiries for individuals charged with violations of P.L. § 240.35(1),  the maintenance and public dissemination of records related to prosecutions of P.L. § 240.35(1), and the failure to train DCJS, law enforcement and prosecutorial personnel.

110.    On information and belief, the Court Administrator Defendants and defendant Parker receive regular reports documenting the charges and dispositions of all arrests, cases, and summonses processed by DCJS and adjudicated by the Unified Court System.  These reports have for years documented the unconstitutional Arrest and Prosecution Policy.  As Chief Judge and Chief Administrative Judge of the Unified Court System and Commissioner of DCJS, defendants knew or should have known that an arrest, prosecution or conviction of a citizen for violation of P.L. § 240.35(1), or the setting of bail or fines, or the issuance of warrants based on such charges, was unconstitutional and would cause the deprivation of plaintiff's constitutional rights.

111.    In light of the history of prosecutions since at least 2002, the Court Administrator Defendants and Parker knew to a moral certainty that court and DCJS personnel would confront the situation wherein they would need to exercise discretion regarding whether or not to enforce P.L. § 240.35(1), and that there was a history of mishandling the situation. Defendants' failure to train and supervise court and DCJS personnel regarding their obligation not to enforce P.L. § 240.35(1) exhibited gross and wanton deliberate indifference to plaintiff's constitutional and common law rights, and an acquiescence in the known unlawful behavior of their subordinates.

112.    The Court Administrator Defendants and defendant Parker's practices in failing to establish and enforce procedures for court employees in the Unified Court System sufficient to ensure that citizens charged with violations of P.L.§ 240.35(1) are not processed through the criminal justice system on the basis of a void and unconstitutional statute violates the constitutional rights of Eddie Wise and other members of the class.  Moreover, this failure has been a substantial factor in the continuance of such prosecutions and a proximate cause of the constitutional violations alleged in this complaint.

### FIRST CAUSE OF ACTION
42 U.S.C. § 1983; First, Fourth,
and Fourteenth Amendments
(Against the Individual NYPD Defendants)

113.    Plaintiff repeats and reiterates each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as though set forth herein.

114.    By repeatedly falsely arresting, falsely imprisoning, and maliciously prosecuting Mr. Wise and members of the class without probable cause or allowing such arrests to occur, defendants Curley, Harris, Musse, Lynch, Brennan, and Jane/John Does 51-100 (the "Individual NYPD Defendants") deprived plaintiff and the putative class of their rights, remedies, privileges, and immunities guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

115.    By repeatedly harassing, stalking, falsely arresting, falsely imprisoning, and/or maliciously prosecuting plaintiff and members of the plaintiff class and thus inhibiting their free speech activities, the Individual NYPD Defendants deprived plaintiff and the putative plaintiff class of their rights, remedies, privileges, and immunities guaranteed by the First and Fourteenth Amendments to the United States Constitution.

-29-

116.    The Individual NYPD Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their employment.

117.    The Individual NYPD Defendants acted beyond the scope of their jurisdiction, without authority of law, and abused their powers.

118.    The Individual NYPD Defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff and members of the Class of their constitutional rights.

119.    As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff and members of the Class sustained the damages hereinbefore alleged.

### SECOND CAUSE OF ACTION
42 U.S.C. § 1983 Supervisory Liability
(against the NYPD Supervisory Defendants)

120.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as though fully set forth herein.

121.    The NYPD Supervisory Defendants were, at the relevant times, supervisory personnel of the New York City Police Department, with oversight responsibility over the Individual NYPD Defendants.  They were responsible for the training, instruction, supervision and discipline of the Individual NYPD Defendants, who falsely arrested and imprisoned plaintiff and members of the Class, and violated their constitutional rights.

122.    On information and belief, the NYPD Supervisory Defendants were aware and well-informed of the Individual NYPD Defendants' conduct of false arrest, false imprisonment and malicious prosecution perpetrated against plaintiff and others.

123.    The NYPD Supervisory Defendants had actual or constructive knowledge that the Individual NYPD Defendants were engaged in conduct that posed a pervasive and unreasonable threat to the constitutional rights of Mr. Wise and others.

124.    The NYPD Supervisory Defendants failed to protect Mr. Wise and members of the Class despite their knowledge that the Individual NYPD Defendants violated their constitutional rights and posed a serious threat to their being allowed to freely exercise their constitutionally protected rights.

125.    The response of the NYPD Supervisory Defendants to their knowledge of this threat was so inadequate as to show deliberate indifference or tacit approval of the conduct of the Individual NYPD Defendants.

126.    The failure of the NYPD Supervisory Defendants to supervise and discipline the Individual NYPD Defendants amounted to gross negligence, deliberate indifference, and/or intentional misconduct.

127.    As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff and members of the class sustained the damages herein before alleged.

**THIRD CAUSE OF ACTION**
42 U.S.C. § 1983 Supervisory Liability; First, Fourth,
and Fourteenth Amendments
(against the DA Supervisory Defendants including Defendant Johnson)

128.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as though fully set forth herein.

129.    The DA Supervisory Defendants at all relevant times had oversight responsibility over the assistant district attorneys employed in their office and were responsible

for their training, instruction, supervision and discipline, including for the assistant district attorneys who wrongfully prosecuted Mr. Wise and members of the Class.

130.    The DA Supervisory Defendants had actual or constructive knowledge that assistant district attorneys had repeatedly violated the constitutional rights of Mr. Wise and members of the Class and were engaged in conduct that posed a pervasive and unreasonable threat to those rights.

131.    The response of the DA Supervisory Defendants was so inadequate as to show deliberate indifference or tacit approval of the conduct of the assistant district attorneys who were wrongfully prosecuting plaintiff and/or members of the Class based on a constitutionally invalid statute.

132.    The failure of the DA Supervisory Defendants to supervise and discipline the assistant district attorneys who prosecuted Mr. Wise and members of the Class for loitering under a constitutionally invalid statute amounted to gross negligence, deliberate indifference, and/or intentional misconduct.

133.    As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff and members of the Class sustained the damages herein before alleged.

### FOURTH CAUSE OF ACTION
42 U.S.C. § 1983 - Municipal Liability/NYPD
(Against defendant City)

134.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as though fully set forth herein.

-32-

135.    Since at least 2002, defendant City has permitted, tolerated and been deliberately indifferent to a pattern and practice of illegal behavior by members of the NYPD.

136.    Defendant City had knowledge to a moral certainty that members of the NYPD named as defendants in this case had falsely arrested, summonsed, and imprisoned plaintiff for the constitutionally invalid charge of loitering in violation of P.L. § 240.35(1), in violation of plaintiff's First, Fourth, Fifth, and Fourteenth Amendment rights, and in retaliation for plaintiff's free speech activities. Although the behavior of police officers towards plaintiff and members of the Class was improper, outrageous, and shocking to the conscience, on information and belief, none of the police officers involved has been prosecuted, disciplined or subjected to retraining.

137.    Permitting such outrageous behavior has resulted in frequent violations of federal constitutional rights. The violations of these rights have been known to defendants, who have failed to maintain a proper system for investigation of all incidents of illegal actions by defendants.

138.    Defendant City has failed to train police officers that arrests and summonses made under P.L. § 240.35(1) are invalid because the statute had been declared unconstitutional.

139.    Defendant City's failure to train police officers that arrests and summonses made under P.L. § 240.35(1) were invalid constituted deliberate indifference to the federally protected rights of plaintiff and the Class.

-33-

140.    Defendant City failed to supervise, investigate and discipline the individual police officer defendants.   As a result, plaintiff and members of the Class were exposed to their illegal acts, which led to serious injury.

141.    Defendant City maintained a de facto policy, custom and practice of enforcement of P.L. § 240.35(1) that constituted deliberate indifference to the federally protected rights of plaintiff and the Class.   As a result, plaintiff and members of the Class were exposed to their illegal acts, which led to serious injury.

142.    The foregoing acts, omissions, systematic flaws, policies and customs of defendant City caused the members of the NYPD to believe that their illegal and improper actions would not be properly investigated and corrected, with the foreseeable result that officers are most likely to act improperly and to arrest people for constitutionally invalidated offenses.

143.    As a direct and proximate result of the aforesaid acts, omissions, systematic flaws, policies, and customs of defendant City, plaintiff Eddie Wise and members of the Class suffered and continue to suffer serious actual injuries, including without limitation, emotional and mental distress, degradation and humiliation.

## FIFTH CAUSE OF ACTION
42 U.S.C. § 1983 - Municipal Liability/DA
(Against defendant City)

144.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as though fully set forth herein.

-34-

145.   Since at least 2002, the City acting through the Bronx DAO has permitted, tolerated and been deliberately indifferent to a pattern and practice of illegal behavior by assistant district attorneys employed in the Bronx DAO.

146.   The Bronx DAO had knowledge to a moral certainty that assistant district attorneys were prosecuting Mr. Wise and other individuals for the constitutionally invalid charge of loitering in violation of P.L. § 240.35(1), in violation of plaintiff's First, Fourth, Fifth, and Fourteenth Amendment rights.

147.   Permitting such outrageous behavior has resulted in violations of the federal and state constitutional rights of plaintiff and members of the Class.

148.   The Bronx DAO failed to train assistant district attorneys that prosecutions under P.L. § 240.35(1) were invalid because the statute was unconstitutional.

149.   The Bronx DAO's failure to train assistant district attorneys that prosecutions under P.L. § 240.35(1) were unconstitutional constituted deliberate indifference to plaintiff's federally protected rights.

150.   The Bronx DAO failed to supervise, investigate, and discipline the assistant district attorneys who engaged in the behavior of unconstitutionally prosecuting citizens.  As a result, plaintiff and members of the Class were exposed to illegal acts that led to serious injury.

151.   As a direct and proximate result of the aforesaid acts, omissions, systematic flaws, policies, and customs of the Bronx DAO, plaintiff and members of the Class suffered and continue to suffer serious actual injuries, including without limitation, emotional and mental distress, degradation, humiliation, and other damages.

## SIXTH CAUSE OF ACTION
42 U.S.C. § 1983
(Against Defendants Kaye, Lippman and Parker)

152.    Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

153.    The Court Administrator Defendants and defendant Parker failed to train, supervise or discipline court or DCJS employees that arrests, summonses, prosecutions, warrants, sentences and other court actions made under P.L. § 240.35(1) are invalid because the statute had been declared unconstitutional.

154.    The Court Administrator Defendants and defendant Parker failed to establish and enforce procedures for employees in the Unified Court System and DCJS sufficient to insure that citizens charged with violations of P.L.§ 240.35(1) are not processed through the criminal justice system.

155.    The Court Administrator Defendants and defendant Parker's failure to train court employees that arrests, summonses, prosecutions, warrants, sentences and other court actions made under P.L. § 240.35(1) were invalid, and to establish and enforce procedures in the Unified Court System and DCJS sufficient to insure that such enforcements were not processed, constituted deliberate indifference to the federally protected rights of plaintiff and the Class, gross negligence and/or intentional misconduct.

156.    As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff and members of the Class sustained the damages herein before alleged.

WHEREFORE, plaintiff and members of the Class requests the following relief jointly and severally as against all of defendants:

-36-

1.  A judgment declaring that defendants have committed the violations of law alleged in this action;

2.  An order preliminarily and permanently enjoining and directing defendants to cease enforcement of New York Penal Law § 240.35(1); and to take all appropriate ameliorative measures to ensure that no one is arrested, summonsed or prosecuted for violations of New York Penal Law § 240.35(1), including without limitation:

    A.  Directing defendants to immediately communicate to all members of the NYPD and the assistant district attorneys within the City of New York that P.L. § 240.35(1) is void and unenforceable;

    B.  Directing defendants to immediately communicate to all court personnel within the City of New York, including judges and clerks, and to all DCJS personnel, that P.L. § 240.35(1) is void and unenforceable;

    C.  Directing that immediate remedial training concerning P.L. § 240.35(1) be provided to all current members of the NYPD, all future members of the NYPD (via training at the police academy), and all supervisory members of the NYPD through a dedicated mandatory training;

    D   Directing that immediate remedial training concerning P.L. § 240.35(1) be provided to all current assistant district attorneys

-37-

and all future assistant district attorneys (via new hire training),
including any specific training for supervisors deemed necessary;

E.    Directing that immediate remedial training concerning P.L.
§ 240.35(1) be provided to all to all court personnel within the City
of New York, including judges and clerks, and to all DCJS
personnel and to all future court personnel within the City of New
York, including judges and clerks, and to all future DCJS
personnel (via new hire training), including any specific training
for supervisors deemed necessary;

F.    Directing defendants to put in place a system for tracking all arrests
or charges for P.L. § 240.35(1) in a contemporaneous manner so
that any arrest or charge can be immediately terminated;

G.    Directing defendants to program any and all databases including
but not limited the NYPD computerized arrest and complaint
system, the OCA Criminal Records Information Management
System ("CRIMS") and summonses databases, and the DCJS
fingerprint inquiry and criminal history databases, to reject P.L.
§ 240.35(1) as a valid charge and generate an error report; and

H.    Directing defendants to issue policies and procedures to ensure that
P.L. § 240.35(1) is not enforced, including but limited to NYPD
Patrol Guide procedures, training manuals, Unified Court System

-38-

procedures and policies; Administrative Judge orders; and DCJS policies and procedures.

3.      An order preliminarily and permanently enjoining defendants to take any and all remedial measures necessary to completely remove all records of any arrest, charge, prosecution or conviction of P.L. § 240.35(1) that occurred after October 7, 1992, including without limitation:

      A.      directing defendants to destroy all mug shots (or other photographs), fingerprints, and all paper and electronic data or files making any reference to a P.L. § 240.35(1) arrest, charge, prosecution or conviction;

      B.      directing that any convictions and/or warrants contained in any criminal records concerning violations of P.L. § 240.35(1) be immediately expunged;

      C.      directing that all outstanding warrants concerning violations of P.L. § 240.35(1) be immediately vacated and expunged;

4.      Compensatory damages against all defendants, except Kaye, Lippman and Parker, in an amount to be proven at trial;

5.      Punitive damages against all defendants, except the City, Kaye, Lippman and Parker, in an amount to be proven at trial;

6.      An order awarding disbursements, costs, and attorneys' fees pursuant to 42 U.S.C. § 1988; and

7.      Such other and further relief that may be just and proper.

Dated: June 8, 2005
       New York, New York

EMERY CELLI BRINCKERHOFF
& ABADY LLP

By: _____
       Matthew D. Brinckerhoff (3552)
       Katherine Rosenfeld (8525)
545 Madison Avenue
New York, New York 10022
(212) 763-5000

THE BRONX DEFENDERS

By _____
       J. McGregor Smyth, Jr. (JS 9995)
860 Courtlandt Avenue
Bronx, New York 10451
(718)838-7878

*Attorneys for Plaintiff and the Putative Class*

-40-