# EXHIBIT



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

EDDIE WISE, on Behalf of Himself and Others
Similarly Situated,

**05 CV 5442**

                              Plaintiffs,

**CLASS ACTION
COMPLAINT AND
JURY DEMAND**

        – against –

RAYMOND W. KELLY, Commissioner of the
New York City Police Department (NYPD); BARRY
M. BUZZETTI, Captain and Commanding Officer,
NYPD 48th Precinct; JOHN/JANE DOES 1-50
(NYPD Supervisory, Training and Policy Personnel);
CITY OF NEW YORK; Police Officers MICHAEL
CURLEY, COREY HARRIS, MIGUEL MUSSE,
KEVIN LYNCH, JOHN BRENNAN, JOHN/JANE
DOES 51-100 (police officers); ROBERT JOHNSON,
District Attorney of Bronx County; and JOHN/JANE
DOES 101-125 (Supervisory, Training and Policy
Personnel within the district attorneys offices);
JUDITH KAYE, in her capacity as Chief Judge of the
State of New York and Chief Judicial Officer of the
Unified Court System; JONATHAN LIPPMAN, in his
capacity as Chief Administrative Judge of the Unified
Court System; and CHAUNCEY G. PARKER, in his
capacity as Director of Criminal Justice and Commissioner
of the New York State Division of Criminal Justice
Services ("DCJS"),

                              Defendants.

-------------------------------------------------------------------x



RECEIVED
JUN – 9 2005
U.S.D.C. S.D. N.Y.
CASHIERS

        Plaintiff Eddie Wise ("Plaintiff"), on behalf of himself and others similarly

situated, for his Complaint, alleges as follows:

## INTRODUCTION

1. More than a decade ago, the United States Court of Appeals for the Second Circuit declared unconstitutional, on First Amendment grounds, New York Penal Law § 240.35(1), which provided that a person is guilty of "loitering" when he "loiters, remains or wanders about in a public place for the purpose of begging," and affirmed U.S.D.J. Robert W. Sweet's 1992 injunction permanently barring the NYPD's, and then Police Commissioner Lee Brown's, future enforcement of P.L. § 240.35(1). See Loper v. New York City Police Department, 999 F.2d 699 (2d Cir. 1993).

2. Notwithstanding the clear command of Loper, the New York City Police Department ("NYPD") and the Bronx District Attorney's Office continue to arrest, summons, and prosecute individuals such as plaintiff Eddie Wise for violations of P.L. § 240.35(1), and judges, clerks and other court and Division of Criminal Justice Services ("DCJS") employees continue to process these charges through the judicial system. This is inexcusable. It is stunningly inept. It must be stopped.

3. On multiple occasions from 2002 to date, while plaintiff Eddie Wise was peacefully begging on the streets of the Bronx, an activity fully protected by the First Amend-ment, he was wrongfully arrested by uniformed officers employed by the NYPD, charged with loitering in violation of P.L. § 240.35(1), and subjected to prosecution by the Bronx District Attorney's Office for this charge.

4. This action seeks to end – finally, for all time – this pattern and practice of unconstitutional conduct by police officers in the NYPD, and prosecutors in the Bronx District Attorney's Office (the "Arrest & Prosecution Policy"). This action also seeks to end the pattern

and practice of unconstitutional conduct by judges, clerks, other court employees and DCJS personnel whereby individuals charged with violations of P.L. § 240.35(1) are routinely processed through the court system. It defies belief that defendants continue to arrest, summons, and prosecute citizens, many of them homeless, who, in a lawful exercise of their First Amendment rights, peacefully beg on the public streets of New York City.

5.    Plaintiff Eddie Wise brings this action for injunctive and declaratory relief, and for money damages, on behalf of himself and other individuals similarly situated who have been wrongfully arrested, summonsed, and/or prosecuted for violations of a nullified criminal statute, P.L. § 240.35(1), and to redress defendants' violations of his rights under the First, Fourth, Fifth, and Fourteenth Amendments of the United States. Plaintiff seeks an appropriate remedial order to ensure an end to the utterly lawless enforcement of a criminal statute that was adjudicated unconstitutional in 1992.

## JURISDICTION AND VENUE

6.    This action arises under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

7.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, and 1343(a).

8.    The acts complained of occurred in the Southern District of New York and venue is lodged in this Court pursuant to 28 U.S.C. § 1391(b).

## JURY DEMAND

9.    Plaintiff demands trial by jury in this action.

-3-

## THE PARTIES

10. Plaintiff EDDIE WISE is a citizen of the United States and was a resident of Bronx County at the time of the incidents alleged in this action.

11. Defendant CITY OF NEW YORK ("City") is a municipality organized and existing under the laws of the State of New York. At all times relevant hereto, defendant City, acting through the New York City Police Department ("NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel, including the defendants referenced herein. In addition, at all relevant times, defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obey the laws of the United States and of the State of New York.

12. At all times relevant hereto, defendant City, acting through the Bronx District Attorney's Office ("Bronx DAO"), was responsible for the administration, policy, practice, supervision, implementation, and conduct of all Bronx DAO matters and was responsible for the appointment, training, supervision, and conduct of all Bronx DAO personnel. In addition, at all relevant times, defendant City was responsible for enforcing the rules of the Bronx DAO Office, and for ensuring that Bronx DAO personnel obey the laws of the United States and of the State of New York.

13. In addition to the facts alleged in the following subparagraphs, the following defendants all acted within the scope of their employment and under color of law, including the statutes, ordinances, regulations, policies, customs and usages of the City of New York, State of New York, and/or Bronx County. With the exception of defendants Kaye,

-4-

Lippman and Parker, who are sued in their official capacities only, the following defendants are all sued in their individual and official capacities.

14. At all relevant times defendant RAYMOND W. KELLY was the Police Commissioner of the City of New York and, as such, made and enforced policy of the NYPD, including without limitation the 48th Precinct in the County of Bronx, New York, and acted in his capacity as agent, servant, and employee of defendant City, within the scope of his employment as such, and under color of state law.

15. At all relevant times defendant BARRY M. BUZZETTI was a Captain and Commanding Officer of the 48th Precinct in the County of Bronx, New York, acting in the capacity of agent, servant, and employee of defendant City, within the scope of his employment as such, and acting under color of state law. As Captain and Commanding Officer, he is the highest ranking uniformed member of the 48th Precinct, and is responsible for setting policy, and for the supervision, oversight, and discipline of the uniformed police officers in his precinct. As Captain and Commanding Officer, Buzzetti is provided on a daily basis with reports of arrests and summonses in his Precinct.

16. At all relevant times, defendants "Jane/John Does 1-50" were training, supervisory and policy making personnel within the NYPD who implemented, enforced, perpetuated and/or allowed the unconscionable Arrest & Prosecution Policy that is the subject of this action, acting in the capacity of agents, servants and employees of defendant City and within the scope of their employment as such. Plaintiff is unable to determine the names of these NYPD Supervisory defendants at this time and thus sues them under a fictitious designation.

-5-

17.     At all relevant times, defendant NYPD Police Officers MICHAEL

CURLEY, Shield or Tax I.D. Number ("No.") 29121, COREY HARRIS, No. 1499, MIGUEL

MUSSE, No. 02497, KEVIN LYNCH, No. 26904, and JOHN BRENNAN, No. 25119 were

police officers acting in the capacity of agents, servants, and employees of defendant City, and

within the scope of their employment as such. On information or belief, all of these officers are

or were assigned to the 48th Precinct command in the County of Bronx, New York.

18.     At all relevant times, defendants "Jane/John Does 51-100" were NYPD

police officers who arrested and/or summonsed plaintiff and/or members of the plaintiff class

pursuant to the Arrest & Prosecution Policy and/or failed to prevent others from doing so, acting

in the capacity of agents, servants and employees of defendant City and within the scope of their

employment as such. Plaintiff is unable to determine the names of these NYPD police officers at

this time and thus sues them under a fictitious designation.

19.     Defendant ROBERT JOHNSON was at all relevant times District

Attorney of Bronx County, and, as such, made and enforced policy with respect to the Bronx

DAO. Defendant Johnson is sued in his individual capacity, and with respect to plaintiff's

claims for prospective injunctive relief, in his official capacity.

20.     At all relevant times, defendants "Jane/John Does 101-25" were training,

supervisory and policy making personnel within the offices of the district attorneys for the five

counties in the City of New York, including the Bronx DAO, who implemented, enforced,

perpetuated and/or allowed the unconscionable Arrest & Prosecution Policy that is the subject of

this action, acting in the capacity of agents, servants and employees of defendant City and within

the scope of their employment as such. Plaintiff is unable to determine the names of these DAO

-6-

Supervisory defendants at this time and thus sues them under a fictitious designation. The DAO supervisory defendants are sued in their individual capacities, and with respect to plaintiff's claims for prospective injunctive relief, in their official capacities.

21.   Defendant JUDITH KAYE is the Chief Judge of the New York State Court of Appeals, Chief Judicial Officer of the Unified Court System, and Chair of the Administrative Board of the New York Courts, with offices at 25 Beaver Street, New York, New York. Pursuant to Article VI, § 28 of the Constitution of the State of New York, and §§ 210 and 211 of the New York Judiciary Law, the Chief Judge is responsible for the establishment and enforcement of the administrative policies of the Unified Court System, including the Supreme Court of the State of New York and the New York City Criminal Court, and for these courts' compliance with law. Defendant KAYE is sued in her official capacity for prospective relief, and as an indispensable party, whose presence is necessary to provide full and complete relief to plaintiffs for the City defendants' violation of plaintiffs' rights.

22.   Defendant JONATHAN LIPPMAN is the Chief Administrator and Chief Administrative Judge of the Unified Court System of the State of New York with offices at 25 Beaver Street, New York, New York. Pursuant to Article VI, §§ 28 and 30 of the Constitution of the State of New York, and §§ 212 of the New York Judiciary Law, the Chief Administrator is responsible, on behalf of the Chief Judge, for supervising the administration and operation of the Unified Court System, and for promulgating rules of conduct for judges. Defendant LIPPMAN is sued in his official capacity for prospective relief, and as an indispensable party, whose presence is necessary to provide full and complete relief to plaintiffs for the City defendants' violation of plaintiffs' rights.

-7-

23.     Defendants KAYE and LIPPMAN are designated hereinafter as the "Court
Administrator Defendants."

24.     Defendant CHAUNCEY G. PARKER is the Director of Criminal Justice
and Commissioner of the New York State Division of Criminal Justice Services ("DCJS") with
offices at 4 Tower Place, Albany, New York. The Director of Criminal Justice oversees New
York State's criminal justice agencies. Pursuant to Article 35 of the New York State Executive
Law, the Commissioner of DCJS is responsible for maintaining the state's criminal history
fingerprint files, training of prosecutors and law enforcement, and collecting statewide crime
data. Defendant PARKER is sued in his official capacity for prospective relief, and as an
indispensable party, whose presence is necessary to provide full and complete relief to plaintiffs
for the City defendants' violation of plaintiffs' rights.

25.     During all times mentioned in this complaint, the defendants and each of
them, separately and in concert, engaged in acts and/or omissions which constituted deprivations
of plaintiff's constitutional rights, and the privileges and immunities of the plaintiff, and while
these acts were carried out under color of law, they had no justification or excuse, and were
instead gratuitous, illegal, improper and unrelated to any activity in which law enforcement
officers may appropriately and legally engage in the course of protecting persons and property
and/or ensuring civil order.

## CLASS ACTION ALLEGATIONS

26.     Plaintiff Eddie Wise brings this action as a class action under Fed. R. Civ.
P. 23(b)(2) for violations of his constitutional and common law rights. The Rule (b)(2) Class is
comprised of all persons who beg on the public streets of New York City, and intend to engage in

-8-

this activity in the future, and accordingly, who are threatened with future unlawful enforcement of P.L. § 240.35(1).

27. Defendants have acted, or failed to act, on grounds generally applicable to the Rule (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Rule (b)(2) Class as a whole.

28. On information and belief, the Rule (b)(2) class includes hundreds of members. They are so numerous that joinder of all Class members is impracticable.

29. Plaintiff Eddie Wise also brings this action as a class action under Fed. R. Civ. P. 23(b)(3), on behalf of himself and other individuals similarly situated who have been subjected to enforcement of P.L. § 240.35(1), for violations of his constitutional and common law rights. The Rule (b)(3) Class is comprised of all persons subjected to enforcement of P.L. § 240.35(1) during the fullest period permitted by the applicable statute of limitations, including but not limited to all persons detained, arrested, charged, or to whom summons were issued, for violations of P.L. § 240.35(1).

30. All of the members of the Rule (b)(3) class were injured as a result of defendants' conduct.

31. On information and belief, the Rule (b)(3) class includes hundreds of individuals, many of whom are homeless and accordingly, difficult to locate. They are so numerous that joinder of all Class members is impracticable.

32. The questions of law and fact presented by plaintiff Eddie Wise are common to other members of the class. Among others, the questions of law and fact common to the Class are: (i) whether (and which) defendants enforced or failed to prevent the enforcement

-9-

of P.L. § 240.35(1), including without limitation wrongfully arresting, detaining, charging, summonsing, imprisoning and/or prosecuting class members for violations of P.L. § 240.35(1), after the statute had already been declared unconstitutional and its enforcement enjoined; (ii) the existence of a pattern and practice of enforcement of P.L. § 240.35(1) or failure to prevent its enforcement, including but not limited to wrongful arrests, summonses, and prosecutions of violations of P.L. § 240.35(1); (iii) the acquiescence of supervisory personnel in the NYPD, Bronx DAO, Unified Court System and DCJS in the known unlawful acts of subordinates; and the failure of supervisory defendants to train, supervise, and discipline police officers, assistant district attorneys, court and DCJS personnel in their respective institutions; and (iv) the appropriate injunctive remedies that will be needed to ensure (a) that the Arrest & Prosecution Policy is terminated in every respect and (b) that its harmful effects are nullified.

33. Common issues of law and fact such as those set forth above (and many others) predominate over any individual issues.

34. The Arrest & Prosecution Policy has resulted in the wrongful detention, summonsing, charging, arrest, confinement and prosecution of citizens engaged in lawful First Amendment activity, and the infliction of physical and psychological injuries on those individuals. The claims and practices alleged in this complaint are common to all members of the class.

35. The violations suffered by plaintiff Eddie Wise are typical of those suffered by the class. The entire class will benefit from the remedial and monetary relief sought.

36. Plaintiff Eddie Wise has no conflict of interest with any Class members, and will fairly and adequately protect the interests of the class. Counsel competent and

-10-

experienced in federal class action and federal civil rights litigation has been retained to represent the class. Emery Celli Brinckerhoff & Abady LLP is a law firm with offices in New York City with extensive experience in civil rights litigation and class action lawsuits against state and local governments and the NYPD. The Bronx Defenders is a not-for-profit law firm specializing in criminal defense practice with extensive experience in police and prosecutorial practices, and experience in civil rights litigation.

37.    This action is superior to any other method for the fair and efficient adjudication of this legal dispute, as joinder of all members is not only impracticable, but impossible given the often peripatetic nature of the members of the Class. The damages suffered by certain members of the Class, although substantial, are small in relation to the extraordinary expense and burden of individual litigation and therefore it is highly impractical for such Class members to attempt redress for damages incurred due to their wrongful arrest and confinement.

38.    There will be no extraordinary difficulty in the management of the Class action.

## FACTS

39.    Plaintiff Eddie Wise is 44 year-old homeless man. In order to obtain money for food, shelter, clothing, transportation, medicine, and other necessities of life, Mr. Wise peacefully begs for money on the streets of New York City. Mr. Wise often conducts this peaceful begging activity in the County of Bronx, on or around different locations on Fordham Road.

-11-

40.    Before its nullification, P.L. § 240.35(1) provided, in relevant part, that a person is guilty of "loitering" when he "loiters, remains or wanders about in a public place for the purpose of begging."

41.    On October 7, 1992, United States District Judge Robert W. Sweet entered a declaratory judgment in the United States District Court for the Southern District of New York, and an injunction that permanently barred the New York City Police Department, and the Commissioner of the New York City Police Department, from enforcing P.L. § 240.35(1).

42.    In 1993, the United States Court of Appeals for the Second Circuit affirmed Judge Sweet's ruling and declared, on First Amendment grounds, that subdivision one of P.L. § 240.35, loitering in a public place for the purpose of begging, was unconstitutional. *See* Loper v. New York City Police Department, 999 F.2d 699 (2d Cir. 1993).

43.    Peaceful begging is an activity entitled to the full protection of the First Amendment.

44.    Since at least 1992, loitering for the purpose of begging has not been a crime, offense, or violation in New York State.

45.    On multiple occasions since September 2002, uniformed members of the NYPD have arrested, detained, or summonsed Mr. Wise on the charge of loitering in violation of P.L. § 240.35(1).

46.    On multiple occasions since September 2002, the Bronx DAO has prosecuted Mr. Wise on the charge of loitering in violation of P.L. § 240.35(1).

47.    On multiple occasions since September 2002, DCJS has processed fingerprint inquiries for Mr. Wise on the charge of loitering in violation of P.L. § 240.35(1).

48. On multiple occasions since September 2002, court personnel have processed charges, entered convictions and sentences, and set bail, fines and surcharges for Mr. Wise on the charge of loitering in violation of P.L. § 240.35(1).

49. On multiple occasions since September 2002, Mr. Wise has been subjected to criminal sanctions pursuant to his convictions for violations of P.L. § 240.35(1), including but not limited to fines and periods of incarceration.

50. Plaintiff intends to engage in the activity of peaceful begging on the streets of New York City in the future.

## *The Unconstitutional Arrests of Mr. Wise*

### *The September 12, 2002 Arrest*

51. On September 12, 2002, Mr. Wise was peacefully begging at or about 400 E. Fordham Road, Bronx, New York, when defendant police officer Corey Harris arrested and charged Mr. Wise with loitering in violation of P.L. § 240.35(1). Mr. Wise was taken to the 48th Precinct and held there pending arraignment. The Bronx DAO charged Mr. Wise with a violation of P.L. § 240.35(1). At arraignment on September 13, 2002, Mr. Wise plead guilty to the charge and he was sentenced to a term of imprisonment of time served and fines and surcharges of at least $95 were imposed.

### *The February 7, 2003 Arrest*

52. On February 7, 2003, Mr. Wise was peacefully begging at or about the intersection of Fordham Road and Arthur Avenue, Bronx, New York, when defendant police officer Michael Curley arrested and charged Mr. Wise with loitering in violation of P.L. § 240.35(1). Mr. Wise was taken to the 48th Precinct and held there pending arraignment. The

-13-

Bronx DAO charged Mr. Wise with a violation of P.L. § 240.35(1). At arraignment on February 8, 2003, Mr. Wise plead guilty to the charge and he was sentenced to a term of imprisonment of five days, and fines and surcharges of at least $95 were imposed.

## The July 6, 2003 Arrest

53.     On July 6, 2003, Mr. Wise was peacefully begging in front of the White Castle, 550 East Fordham Road, Bronx, New York, when defendant police officer Miguel Musse, arrested and charged Mr. Wise with loitering in violation of P.L. § 240.35(1). Mr. Wise was taken to the 48th Precinct and held there pending arraignment. The Bronx DAO charged Mr. Wise with a violation of P.L. § 240.35(1). At arraignment on February 8, 2003, Mr. Wise plead guilty to loitering.

## The January 4, 2004 Arrest

54.     On January 4, 2004, Mr. Wise was peacefully begging in front of 550 East Fordham Road, Bronx, New York, when defendant police officer Kevin Lynch arrested and charged Mr. Wise with loitering in violation of P.L. § 240.35(1).   Mr. Wise was taken to the 48th Precinct and held there pending arraignment. The Bronx DAO charged Mr. Wise with a violation of P.L. § 240.35(1). At arraignment on January 4, 2004, Mr. Wise plead guilty to the charge and was sentenced to time served and fines and surcharges of at least $95 were imposed.

## The January 25, 2004 Arrest

55.     On January 25, 2004, Mr. Wise was peacefully begging at or about 574 Fordham Road, Bronx, New York, when defendant Curley, the officer responsible for Mr. Wise's unlawful arrest on February 7, 2003, arrested and charged Mr. Wise with loitering in violation of

-14-

P.L. § 240.35(1). Mr. Wise was taken to the 48th Precinct and he was then transferred to Central Booking in the Bronx for processing.

56.     At arraignment on January 26, 2004, the Bronx DAO charged Mr. Wise with a violation of P.L. § 240.35(1) and he was released on his own recognizance.

57.     On February 13, 2004, counsel for Mr. Wise filed a motion to dismiss defendant Curley's January 25, 2004 complaint in Criminal Court of the State of New York, County of the Bronx, for failure to charge him with a crime or with conduct that is proscribed under the New York State Penal Law.

58.     By a superceding complaint filed by defendant Curley on March 1, 2004, and received by Mr. Wise's defense counsel on March 15, 2004, Mr. Wise was charged with disorderly conduct in violation of P.L. § 240.20(5).

59.     On March 15, 2004, counsel for Mr. Wise filed a motion to dismiss the superceding complaint on the ground that the added count of disorderly conduct, P.L. § 240.20(5) was facially insufficient.

60.     On March 17, 2004, the Bronx DAO submitted an affidavit in opposition to Mr. Wise's motion to dismiss, by Assistant District Attorney Dimitri Maisonet, arguing that "[i]t is the People's position that Loper v. N.Y. City Police Dep't., 999 F.2d 669 (2d Cir. 1993) does not control in that (1) said case was a civil case and not a criminal case and (2) that § 240.35(1) remains included in the Penal Law of New York."

61.     On information and belief, at the oral argument of Mr. Wise's motion to dismiss, held before Judge Joseph J. Dawson of the Bronx County Criminal Court on or about

-15-

March 18, 2004, a supervising attorney from the Bronx District Attorney's Office was in
attendance in court to assist Assistant District Attorney Maisonet.

62.    On information and belief, during the course of the hearing before Judge
Dawson, the supervisor from the Bronx DAO also defended the propriety of the prosecution of
Mr. Wise for a violation of P.L. § 240.35(1).

63.    In a Decision and Order dated May 5, 2004, Judge Dawson granted Mr.
Wise's motion to dismiss the P.L. § 240.35(1) loitering charge.  Subsequently, Judge Dawson
also dismissed the remaining charge of disorderly conduct.

*The March 9, 2004 Arrest*

64.    On March 9, 2004, Mr. Wise was standing at or about 595 East Fordham
Road, Bronx, New York when defendant police officer John Brennan arrived in a patrol car with
defendant Curley.  Defendant Brennan arrested and charged Mr. Wise with loitering in violation
of P.L. § 240.35(1). After his arrest, Mr. Wise was taken to the 48th Precinct and held there
pending arraignment.  He was then held at another precinct before being transferred to Central
Booking for processing.

65.    The Bronx DAO declined to prosecute because there was "insufficient
evidence to sustain a charge of P.L. § 240.35(1)."

*The March 31, 2004 Arrest*

66.    On March 31, 2004, Mr. Wise was peacefully begging at the corner of East
189th Street and Webster Avenue in the Bronx, New York, when defendants Curley and Brennan
arrived in their patrol car.  Defendant Curley arrested and charged Mr. Wise with loitering in

-16-

violation of P.L. § 240.35(1). Mr. Wise was taken to the 48th Precinct and then to Central Booking for processing.

67.     The Bronx DAO charged Mr. Wise with a violation of P.L. § 240.35(1), and a Bronx County criminal court judge even set bail for Mr. Wise based on this unconstitutional charge.

68.     Mr. Wise was detained at a New York City detention center in the vicinity of Hunts Point in the Bronx until his release on April 5, 2004.

69.     After the March 31, 2004 arrest, counsel for Mr. Wise moved to the dismiss the complaint on the ground that the enforcement of P.L. § 240.35(1) was unconstitutional. Nonetheless, the Bronx DAO continued to prosecute the loitering charge. The complaint was not dismissed until a May 5, 2004 Decision and Order of Judge Joseph J. Dawson of the Bronx County Criminal Court.

70.     On multiple other occasions in addition to the particular incidents recounted above, Mr. Wise has been arrested and charged with loitering in violation of P.L. § 240.25(1). On information and belief, these arrests occurred on the following dates: June 14, August 5, September 24, and November 15 of 2002; January 30, February 14, March 2, March 29, April 24, October 18, November 6, December 27 of 2003; and March 27, 2004.

71.     Mr. Wise was detained, arrested, summonsed, and/or charged with violations of P.L. § 240.35(1) on at least twenty occasions since June 2002, by different members of the NYPD and the Bronx DAO. Thus, the NYPD's and Bronx DAO's enforcement of this statute is part of a widespread and lawless pattern of enforcement of P.L. § 240.35(1).

-17-

72. As a result of the aforesaid wrongful arrests, summons, and prosecutions for loitering in violation of P.L. § 240.35(1), Mr. Wise was incarcerated for many days on multiple occasions. Mr. Wise was required to make many court appearances in order to defend himself against prosecution for constitutionally defective charges. Mr. Wise was required to pay court fines and surcharges. In addition, on certain occasions, Mr. Wise felt compelled to plead guilty to violations of P.L. § 240.35(1), and this now appears on his criminal history and is in the public record.

73. As a result of defendants' repeated unlawful and unconstitutional conduct described herein, plaintiff and members of the plaintiff class suffered physical injuries, emotional distress, mental anguish, and psychological trauma.

74. The above-described wrongful, unjustifiable, and unlawful arrests, summonses, imprisonments, and prosecutions of plaintiff Mr. Wise were carried out without valid warrants, without plaintiff's consent, and without probable cause.

75. In arresting, confining and prosecuting Eddie Wise for loitering in violation of P.L. § 240.35(1), or failing to prevent these occurances, all defendants acted with malice, in that they knew or should have known that P.L. § 240.35(1) was long ago declared unconstitutional.

76. The Court Administrator Defendants and defendant Parker actively maintain court files and computer databases – including for arrests, summonses, charges, convictions, sentences, fines, bail and surcharge – concerning Eddie Wise that are available to the public and report more than seventeen unconstitutional convictions for P.L. § 240.35(1).

-18-

## *Unconstitutional Policy and Practice in the NYPD*

77.     At all relevant times, the City, acting through the NYPD, maintained a de facto policy, custom and practice of enforcement of P.L. § 240.35(1), and of failing to train, supervise, or discipline police officers regarding their obligation to cease any enforcement of P.L. § 240.35(1).

78.     On information and belief, in 2003 and 2004 alone, according to records maintained by the New York State Office of Court Administration, there were a minimum of 150 arrests in New York City for violations of P.L. § 240.35(1) that resulted in criminal charges in court.

79.     On information and belief, countless more unlawful arrests and summonses occurred for violations of P.L. § 240.35(1) but no longer appear in the record due to the decisions of the NYPD to void the arrest, the decisions of the District Attorney's Offices not to prosecute, or due to various other dispositions.

80.     On information and belief, officers in the NYPD rely upon P.L. § 240.35(1) as a basis for issuing "move-on" orders to individuals who are peacefully begging on the streets of New York City.

81.     In 2003 and 2004, multiple arrests and summonses for violations of P.L. § 240.35(1) were made in police precincts all over New York City, including without limitation the following precincts: the 14th, the 23rd, the 40th, the 41st, the 44th, the 46th, the 47th, the 48th, the 49th, the 52nd, the 83rd, the 94th, the 100th, the 103rd, the 106th, the 113th and the 115th.

82.     According to the New York State Division of Criminal Justice Services ("DCJS"), at least eleven individuals were convicted in Bronx County, between January and

-19-

March 2004 alone, for violations of P.L. § 240.35(1). These eleven convictions in three months in 2004 does not include anyone who was arrested for, summonsed, or charged with this violation but whose records have since been sealed pursuant to N.Y. Criminal Procedure Law Section 160.55. Nor does it account for most summonses or any arrest or charge disposed of with a favorable termination and sealed under N.Y. Criminal Procedure Law Section 160.50.

83. Thus, on information and belief, the number of individuals arrested for, summonsed or charged with violating of P.L. § 240.35(1) in the Bronx between January and March 2004 is far greater than eleven.

84. In light of the many hundreds of arrests and summonses throughout New York City for violations of P.L. § 240.35(1), defendants knew, or should have known, that many police officers were engaging in the lawless and unconstitutional practice of arresting people for violations of a void and unenforceable statute; yet defendants have repeatedly failed to take any action to end this conduct.

85. Many of the unlawful arrests and summonses described above were effected by police officers assigned to the 48th Precinct, including Defendants Brennan, Curley, Harris, Lynch, Musse and Torres. Some of the unlawful arrests and summonses described above were effected by police officers assigned to the other NYPD Police Precincts. The pattern of unconstitutional arrests and summonses by police officers assigned to the 48th Precinct and other NYPD Police Precincts has been condoned by supervisors in the 48th Precinct and supervisors in other NYPD Police Precincts, and by defendants City of New York, Buzzetti and Kelly.

86. On information and belief, supervisors in the 48th Precinct and all NYPD police precincts receive or received daily a compilation of reports documenting the bases for

-20-

arrests and summonses effected in the previous day. These reports have for years documented, and continue to document, the arrests and summonses complained of here. Accordingly, defendants City, Buzzetti, Kelly, and other Jane/John Doe supervisory members of the NYPD (the "NYPD Supervisory Defendants") have been aware of the arrests and summons for violations of P.L. § 240.35(1) and the continuing violation of rights attendant to these acts; yet, have failed to take any action to end this conduct.

87. In light of the history of arrests and summonses in the 48th Precinct and throughout New York City for violations of P.L. § 240.35(1), the NYPD Supervisory Defendants knew to a moral certainty that police officers under their supervision, including Defendants Brennan, Curley, Harris, Lynch, Musse and Torres, would confront the situation wherein they would need to exercise discretion regarding whether or not to arrest individuals or issue summonses for violation of P.L. § 240.35(1), and that there was a history of police officers . mishandling this situation. Yet, on information and belief, the NYPD Supervisory Defendants did not take any action to require or provide proper training or re-training on how police officers should exercise their discretion in the above-described situation.

88. The NYPD Supervisory Defendants' failure to train, discipline or supervise police officers regarding their obligation not to arrest individuals or issue summonses for violations of P.L. § 240.35(1), and their obligation not to enforce this statute, exhibited gross and wanton deliberate indifference to the constitutional rights of plaintiff and members of the Class.

89. On information and belief, the arrest of citizens and issuance of summonses for violations of a void statute was and is well known throughout the NYPD.

-21-

Nevertheless, the NYPD Supervisory Defendants continue to allow police officers to continue the practice, and tolerated these unconstitutional practices. The failure to take measures to curb this unconstitutional conduct constitutes an acquiescence in the known unlawful behavior of their subordinates. The prevalence of these arrests and summonses and general knowledge of their existence, and the failure of the supervisory defendants to take remedial action, constitute deliberate indifference to the rights of plaintiff and the Class.

90.     The NYPD Supervisory Defendants conduct has, moreover, been a substantial factor in the continuance of such arrests and summonses and a proximate cause of the constitutional violations alleged in this complaint.

91.     Because the pattern or practice of arresting individuals and issuing summonses for violations of P.L. § 240.35(1) has existed for many years in the 48th and other NYPD Precincts, the NYPD Supervisory Defendants knew, or should have known, that police officers were engaging in the lawless and unconstitutional practice of arresting people and issuing summonses for violations of a void statute, yet defendants repeatedly failed to take any action to end this conduct by the police officers.

92.     Because, upon information and belief, a pattern or practice existed of arresting individuals and issuing summonses for violations of P.L. § 240.35(1), the NYPD Supervisory Defendants knew or should have known that police officers assigned to these precincts required training, supervision, and discipline regarding their obligations not to enforce this void statute.

-22-

*Unconstitutional Policy and Practice in the District Attorney's Office*

93.    At all relevant times, defendant City, acting through the Bronx DAO and the DA Supervisory Defendants, who include defendant Robert Johnson and supervisors employed by the Bronx DAO and/or other City DAOs who are sued as Jane/John Does 101-125 (the "DA Supervisory Defendants"), maintained a policy, custom and practice whereby they prosecuted individuals for violations of the Statute and failed to train, supervise or discipline assistant district attorneys regarding their obligation not to prosecute individuals for violations of New York Penal Code 240.35(1).

94.    At all relevant times, the DA Supervisory Defendants maintained a policy, custom and practice whereby they prosecuted individuals for violations of the Statute, and failed to train, supervise or discipline assistant district attorneys regarding their obligation not to prosecute individuals for violations of New York Penal Code 240.35(1).

95.    At all relevant times, defendant Johnson was responsible for the management and administration of the Bronx DAO, including decisions regarding supervision, training, and discipline of assistant district attorneys employed therein. As the Bronx District Attorney, defendant Johnson knew or should have known that an arrest, summons, or prosecution of a citizen for violation of P.L. § 240.35(1) would cause the deprivation of that citizen's constitutional rights.

96.    The DA Supervisory Defendants and Defendant Johnson's failure to train or supervise assistant district attorneys in the Bronx DAO regarding their obligation not to prosecute individuals for violations of P.L. § 240.35(1) exhibited gross and wanton deliberate

-23-

indifference to the constitutional and common law rights of plaintiff Wise and members of the Class.

97. Because, on information and belief, the pattern or practice that existed in the Bronx DAO of prosecuting individuals for violations of P.L. § 240.35(1) commenced as early as 2002, and since 2002, there have been multiple prosecutions for violations of P.L. § 240.35(1), defendant Johnson and the DA Supervisory Defendants knew, or should have known, that assistant district attorneys were engaging in the unlawful practice of prosecuting people for violations of a void and unconstitutional statute, yet defendant Johnson failed to take any action to end it.

98. Defendant Johnson and the DA Supervisory Defendants knew or should have known that assistant district attorneys assigned to his office required training, supervision, and discipline regarding their obligations to refuse to prosecute individuals for violations of a void statute.

99. In light of the history of unjustified prosecutions, defendant Johnson and the DA Supervisory Defendants knew to a moral certainty that assistant district attorneys would confront the situation wherein they would need to exercise discretion regarding whether or not to prosecute individuals for violation of P.L. § 240.35(1).

100. Defendant Johnson and the DA Supervisory Defendants' failure to train and supervise assistant district attorneys in the Bronx DAO concerning their obligation not to prosecute individuals for violations of P.L. § 240.35(1) exhibited gross and wanton deliberate indifference to plaintiffs' constitutional and common law rights. The failure of the DA Supervisory Defendants to train and supervise assistant district attorneys has, moreover, been a

-24-

substantial factor in the continuance of such prosecutions and a proximate cause of the constitutional violations alleged in this complaint.

101.    On information and belief, the failure of defendant Johnson and the DA Supervisory Defendants to take measures to curb this unconstitutional conduct constitutes an acquiescence in the known unlawful behavior of their subordinates. The prevalence of these arrests and summonses and general knowledge of their existence, and the failure of these supervisory defendants to take remedial action, constitutes deliberate indifference to the rights of these citizens. These defendants' conduct has been a substantial factor in the continuance of such arrests and a proximate cause of the constitutional violations alleged in this complaint.

## *Liability of the City of New York*

102.    Currently, as well as prior to and at the time of the arrests of Mr. Wise, there exists and existed in the NYPD and Bronx DAO a pattern and practice of arrest, issuance of summonses, confinement, and prosecution for violations of P.L. § 240.35(1) by police officers, and assistant district attorneys.

103.    The pattern of unconstitutional arrests, summons, and prosecutions for violations of a void statute; the failure to train staff regarding the nullity of the statute; and the failure to supervise and/or discipline staff responsible for the unconstitutional arrests, summonses, and prosecutions, are so institutionalized as to represent a policy or custom of unconstitutional arrests and summonses for violations of P.L.§ 240.35(1), that caused the deprivation of plaintiff's rights and those of the Class.

104.    The NYPD and Bronx DAO, through its supervisory staff, police officers and prosecuting attorneys, has failed or refused to hold accountable high-ranking supervisors -

-25-

commanding officers, supervising attorneys - in the face of frequent misconduct, over a period of years, by these supervisors and by the staff they supervise. This failure is a proximate cause of the injuries sustained by Mr. Wise and by other individuals arrested or summonsed for violations of P.L.§ 240.35(1). The continuing inaction of the NYPD Supervisory Defendants and the DA Supervisory Defendants (collectively the "Supervisory Defendants") exposes current and future citizens, including Mr. Wise and members of the Class who beg for money on the streets of the Bronx to a pervasive risk of arrest, summons, and prosecution for a void crime.

105.     The pattern of unconstitutional arrests and summonses by police officers, and resulting prosecutions by assistant district attorneys; the extent to which these unlawful practices have been adopted by significant numbers of staff; and the persistent failure of the NYPD and Bronx DAO to supervise these officers properly and to take action to curb the misconduct, demonstrate a policy of deliberate indifference which tacitly authorizes the unconstitutional arrests of citizens like Mr. Wise who are engaged in constitutionally protected First Amendment activity.

## *Unconstitutional Acts By Court Administrator Defendants and Parker*

106.     At all relevant times, the Chief Judge of the State of New York and the Chief Administrator were responsible for the administration and operation of the Unified Court System and the Office of Court Administration, among other duties relevant to this action.

107.     The Court Administrator Defendants establish and enforce the rules and practices for processing criminal cases and summonses in the Supreme Court of the State of New York and the Criminal Court of the City of New York. These rules and practices include the formal and informal rules and practices followed by the court clerks and other court employees

-26-

(including judges and justices) concerning all aspects of day-to-day operations of the Unified Court System, including, but not limited to: the procedure for filing criminal charges and summonses, determinations of bail amounts, collection of fines and surcharges, issuance of warrants, entry of pleas and convictions, judicial training and discipline, and issuance of sentences.

108.    As a result of the formal and informal procedures of the Court Administrators and their employees, citizens charged with violations of P.L.§ 240.35(1) are processed through the court system on the basis of unconstitutional and void charges, and denied their constitutional rights. This denial is the result of the combined effect of a number of rules and practices including but not limited to: the acceptance of papers charging individuals with violations of P.L.§ 240.35(1), the imposition of bail, fines and surcharges based on P.L.§ 240.35(1), the acceptance of pleas for P.L.§ 240.35(1), the entry of convictions for P.L.§ 240.35(1), the issuance of warrants based on P.L.§ 240.35(1), the maintenance and public dissemination of court records related to violations of P.L.§ 240.35(1), and the failure to train court employees that arrests, summonses, prosecutions, warrants, sentences and other court actions taken pursuant to a P.L. § 240.35(1) are invalid because the statute was declared unconstitutional.

109.    At all relevant times, defendant Parker was responsible for the management and administration of DCJS. As a result of the formal and informal procedures of the defendant Parker and his employees, citizens charged with violations of P.L.§ 240.35(1) are processed through the court system on the basis of unconstitutional and void charges, and denied their constitutional rights. This denial is the result of the combined effect of a number of rules

-27-

and practices including but not limited to, the acceptance and processing of fingerprinting inquiries for individuals charged with violations of P.L.§ 240.35(1), the maintenance and public dissemination of records related to prosecutions of P.L.§ 240.35(1), and the failure to train DCJS, law enforcement and prosecutorial personnel.

110.    On information and belief, the Court Administrator Defendants and defendant Parker receive regular reports documenting the charges and dispositions of all arrests, cases, and summonses processed by DCJS and adjudicated by the Unified Court System. These reports have for years documented the unconstitutional Arrest and Prosecution Policy. As Chief Judge and Chief Administrative Judge of the Unified Court System and Commissioner of DCJS, defendants knew or should have known that an arrest, prosecution or conviction of a citizen for violation of P.L.§ 240.35(1), or the setting of bail or fines, or the issuance of warrants based on such charges, was unconstitutional and would cause the deprivation of plaintiff's constitutional rights.

111.    In light of the history of prosecutions since at least 2002, the Court Administrator Defendants and Parker knew to a moral certainty that court and DCJS personnel would confront the situation wherein they would need to exercise discretion regarding whether or not to enforce P.L.§ 240.35(1), and that there was a history of mishandling the situation. Defendants' failure to train and supervise court and DCJS personnel regarding their obligation not to enforce P.L. § 240.35(1) exhibited gross and wanton deliberate indifference to plaintiff's constitutional and common law rights, and an acquiesence in the known unlawful behavior of their subordinates.

-28-

112.    The Court Administrator Defendants and defendant Parker's practices in

failing to establish and enforce procedures for court employees in the Unified Court System

sufficient to ensure that citizens charged with violations of P.L.§ 240.35(1) are not processed

through the criminal justice system on the basis of a void and unconstitutional statute violates the

constitutional rights of Eddie Wise and other members of the class. Moreover, this failure has

been a substantial factor in the continuance of such prosecutions and a proximate cause of the

constitutional violations alleged in this complaint.

## FIRST CAUSE OF ACTION
42 U.S.C. § 1983; First, Fourth,
and Fourteenth Amendments
(Against the Individual NYPD Defendants)

113.    Plaintiff repeats and reiterates each and every allegation contained in the

foregoing paragraphs of this complaint with the same force and effect as though set forth herein.

114.    By repeatedly falsely arresting, falsely imprisoning, and maliciously

prosecuting Mr. Wise and members of the class without probable cause or allowing such arrests

to occur, defendants Curley, Harris, Musse, Lynch, Brennan, and Jane/John Does 51-100 (the

"Individual NYPD Defendants") deprived plaintiff and the putative class of their rights,

remedies, privileges, and immunities guaranteed by the Fourth and Fourteenth Amendments to

the United States Constitution.

115.    By repeatedly harassing, stalking, falsely arresting, falsely imprisoning,

and/or maliciously prosecuting plaintiff and members of the plaintiff class and thus inhibiting

their free speech activities, the Individual NYPD Defendants deprived plaintiff and the putative

plaintiff class of their rights, remedies, privileges, and immunities guaranteed by the First and

Fourteenth Amendments to the United States Constitution.

-29-

116.    The Individual NYPD Defendants acted under pretense and color of state

law and in their individual and official capacities and within the scope of their employment.

117.    The Individual NYPD Defendants acted beyond the scope of their

jurisdiction, without authority of law, and abused their powers.

118.    The Individual NYPD Defendants acted willfully, knowingly, and with the

specific intent to deprive plaintiff and members of the Class of their constitutional rights.

119.    As a direct and proximate result of the misconduct and abuse of authority

detailed above, plaintiff and members of the Class sustained the damages hereinbefore alleged.

## SECOND CAUSE OF ACTION
42 U.S.C. § 1983 Supervisory Liability
(against the NYPD Supervisory Defendants)

120.    Plaintiff repeats, reiterates and realleges each and every allegation

contained in the foregoing paragraphs of this complaint with the same force and effect as though
fully set forth herein.

121.    The NYPD Supervisory Defendants were, at the relevant times,

supervisory personnel of the New York City Police Department, with oversight responsibility
over the Individual NYPD Defendants. They were responsible for the training, instruction,
supervision and discipline of the Individual NYPD Defendants, who falsely arrested and
imprisoned plaintiff and members of the Class, and violated their constitutional rights.

122.    On information and belief, the NYPD Supervisory Defendants were aware

and well-informed of the Individual NYPD Defendants' conduct of false arrest, false
imprisonment and malicious prosecution perpetrated against plaintiff and others.

-30-

123.    The NYPD Supervisory Defendants had actual or constructive knowledge that the Individual NYPD Defendants were engaged in conduct that posed a pervasive and unreasonable threat to the constitutional rights of Mr. Wise and others.

124.    The NYPD Supervisory Defendants failed to protect Mr. Wise and members of the Class despite their knowledge that the Individual NYPD Defendants violated their constitutional rights and posed a serious threat to their being allowed to freely exercise their constitutionally protected rights.

125.    The response of the NYPD Supervisory Defendants to their knowledge of this threat was so inadequate as to show deliberate indifference or tacit approval of the conduct of the Individual NYPD Defendants.

126.    The failure of the NYPD Supervisory Defendants to supervise and discipline the Individual NYPD Defendants amounted to gross negligence, deliberate indifference, and/or intentional misconduct.

127.    As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff and members of the class sustained the damages herein before alleged.

## THIRD CAUSE OF ACTION
42 U.S.C. § 1983 Supervisory Liability; First, Fourth,
and Fourteenth Amendments
(against the DA Supervisory Defendants including Defendant Johnson)

128.    Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as though fully set forth herein.

129.    The DA Supervisory Defendants at all relevant times had oversight responsibility over the assistant district attorneys employed in their office and were responsible

-31-

for their training, instruction, supervision and discipline, including for the assistant district attorneys who wrongfully prosecuted Mr. Wise and members of the Class.

130. The DA Supervisory Defendants had actual or constructive knowledge that assistant district attorneys had repeatedly violated the constitutional rights of Mr. Wise and members of the Class and were engaged in conduct that posed a pervasive and unreasonable threat to those rights.

131. The response of the DA Supervisory Defendants was so inadequate as to show deliberate indifference or tacit approval of the conduct of the assistant district attorneys who were wrongfully prosecuting plaintiff and/or members of the Class based on a constitutionally invalid statute.

132. The failure of the DA Supervisory Defendants to supervise and discipline the assistant district attorneys who prosecuted Mr. Wise and members of the Class for loitering under a constitutionally invalid statute amounted to gross negligence, deliberate indifference, and/or intentional misconduct.

133. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff and members of the Class sustained the damages herein before alleged.

### FOURTH CAUSE OF ACTION
42 U.S.C. § 1983 - Municipal Liability/NYPD
(Against defendant City)

134. Plaintiff repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as though fully set forth herein.

-32-

135.    Since at least 2002, defendant City has permitted, tolerated and been deliberately indifferent to a pattern and practice of illegal behavior by members of the NYPD.

136.    Defendant City had knowledge to a moral certainty that members of the NYPD named as defendants in this case had falsely arrested, summonsed, and imprisoned plaintiff for the constitutionally invalid charge of loitering in violation of P.L. § 240.35(1), in violation of plaintiff's First, Fourth, Fifth, and Fourteenth Amendment rights, and in retaliation for plaintiff's free speech activities. Although the behavior of police officers towards plaintiff and members of the Class was improper, outrageous, and shocking to the conscience, on information and belief, none of the police officers involved has been prosecuted, disciplined or subjected to retraining.

137.    Permitting such outrageous behavior has resulted in frequent violations of federal constitutional rights. The violations of these rights have been known to defendants, who have failed to maintain a proper system for investigation of all incidents of illegal actions by defendants.

138.    Defendant City has failed to train police officers that arrests and summonses made under P.L. § 240.35(1) are invalid because the statute had been declared unconstitutional.

139.    Defendant City's failure to train police officers that arrests and summonses made under P.L. § 240.35(1) were invalid constituted deliberate indifference to the federally protected rights of plaintiff and the Class.

-33-

140.     Defendant City failed to supervise, investigate and discipline the

individual police officer defendants. As a result, plaintiff and members of the Class were

exposed to their illegal acts, which led to serious injury.

141.     Defendant City maintained a de facto policy, custom and practice of

enforcement of P.L. § 240.35(1) that constituted deliberate indifference to the federally protected

rights of plaintiff and the Class. As a result, plaintiff and members of the Class were exposed to

their illegal acts, which led to serious injury.

142.     The foregoing acts, omissions, systematic flaws, policies and customs of

defendant City caused the members of the NYPD to believe that their illegal and improper

actions would not be properly investigated and corrected, with the foreseeable result that officers

are most likely to act improperly and to arrest people for constitutionally invalidated offenses.

143.     As a direct and proximate result of the aforesaid acts, omissions,

systematic flaws, policies, and customs of defendant City, plaintiff Eddie Wise and members of

the Class suffered and continue to suffer serious actual injuries, including without limitation,

emotional and mental distress, degradation and humiliation.

### FIFTH CAUSE OF ACTION
42 U.S.C. § 1983 - Municipal Liability/DA
(Against defendant City)

144.     Plaintiff repeats, reiterates and realleges each and every allegation

contained in the foregoing paragraphs of this complaint with the same force and effect as though

fully set forth herein.

-34-

145.    Since at least 2002, the City acting through the Bronx DAO has permitted, tolerated and been deliberately indifferent to a pattern and practice of illegal behavior by assistant district attorneys employed in the Bronx DAO.

146.    The Bronx DAO had knowledge to a moral certainty that assistant district attorneys were prosecuting Mr. Wise and other individuals for the constitutionally invalid charge of loitering in violation of P.L. § 240.35(1), in violation of plaintiff's First, Fourth, Fifth, and Fourteenth Amendment rights.

147.    Permitting such outrageous behavior has resulted in violations of the federal and state constitutional rights of plaintiff and members of the Class.

148.    The Bronx DAO failed to train assistant district attorneys that prosecutions under P.L. § 240.35(1) were invalid because the statute was unconstitutional.

149.    The Bronx DAO's failure to train assistant district attorneys that prosecutions under P.L. § 240.35(1) were unconstitutional constituted deliberate indifference to plaintiff's federally protected rights.

150.    The Bronx DAO failed to supervise, investigate, and discipline the assistant district attorneys who engaged in the behavior of unconstitutionally prosecuting citizens. As a result, plaintiff and members of the Class were exposed to illegal acts that led to serious injury.

151.    As a direct and proximate result of the aforesaid acts, omissions, systematic flaws, policies, and customs of the Bronx DAO, plaintiff and members of the Class suffered and continue to suffer serious actual injuries, including without limitation, emotional and mental distress, degradation, humiliation, and other damages.

-35-

## SIXTH CAUSE OF ACTION
### 42 U.S.C. § 1983
(Against Defendants Kaye, Lippman and Parker)

152. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

153. The Court Administrator Defendants and defendant Parker failed to train, supervise or discipline court or DCJS employees that arrests, summonses, prosecutions, warrants, sentences and other court actions made under P.L. § 240.35(1) are invalid because the statute had been declared unconstitutional.

154. The Court Administrator Defendants and defendant Parker failed to establish and enforce procedures for employees in the Unified Court System and DCJS sufficient to insure that citizens charged with violations of P.L.§ 240.35(1) are not processed through the criminal justice system.

155. The Court Administrator Defendants and defendant Parker's failure to train court employees that arrests, summonses, prosecutions, warrants, sentences and other court actions made under P.L. § 240.35(1) were invalid, and to establish and enforce procedures in the Unified Court System and DCJS sufficient to insure that such enforcements were not processed, constituted deliberate indifference to the federally protected rights of plaintiff and the Class, gross negligence and/or intentional misconduct.

156. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff and members of the Class sustained the damages herein before alleged.

WHEREFORE, plaintiff and members of the Class requests the following relief jointly and severally as against all of defendants:

-36-

1.  A judgment declaring that defendants have committed the violations of law
    alleged in this action;

2.  An order preliminarily and permanently enjoining and directing defendants to
    cease enforcement of New York Penal Law § 240.35(1); and to take all
    appropriate ameliorative measures to ensure that no one is arrested, summonsed or
    prosecuted for violations of New York Penal Law § 240.35(1), including without
    limitation:

    A.  Directing defendants to immediately communicate to all members
        of the NYPD and the assistant district attorneys within the City of
        New York that P.L. § 240.35(1) is void and unenforceable;

    B.  Directing defendants to immediately communicate to all court
        personnel within the City of New York, including judges and
        clerks, and to all DCJS personnel, that P.L. § 240.35(1) is void and
        unenforceable;

    C.  Directing that immediate remedial training concerning P.L.
        § 240.35(1) be provided to all current members of the NYPD, all
        future members of the NYPD (via training at the police academy),
        and all supervisory members of the NYPD through a dedicated
        mandatory training;

    D   Directing that immediate remedial training concerning P.L.
        § 240.35(1) be provided to all current assistant district attorneys

-37-

and all future assistant district attorneys (via new hire training),

including any specific training for supervisors deemed necessary;

E.   Directing that immediate remedial training concerning P.L.

§ 240.35(1) be provided to all to all court personnel within the City

of New York, including judges and clerks, and to all DCJS

personnel and to all future court personnel within the City of New

York, including judges and clerks, and to all future DCJS

personnel (via new hire training), including any specific training

for supervisors deemed necessary;

F.   Directing defendants to put in place a system for tracking all arrests

or charges for P.L. § 240.35(1) in a contemporaneous manner so

that any arrest or charge can be immediately terminated;

G.   Directing defendants to program any and all databases including

but not limited the NYPD computerized arrest and complaint

system, the OCA Criminal Records Information Management

System ("CRIMS") and summonses databases, and the DCJS

fingerprint inquiry and criminal history databases, to reject P.L.

§ 240.35(1) as a valid charge and generate an error report; and

H.   Directing defendants to issue policies and procedures to ensure that

P.L. § 240.35(1) is not enforced, including but limited to NYPD

Patrol Guide procedures, training manuals, Unified Court System

-38-

> procedures and policies; Administrative Judge orders; and DCJS
>
> policies and procedures.

3.     An order preliminarily and permanently enjoining defendants to take any and all

remedial measures necessary to completely remove all records of any arrest,

charge, prosecution or conviction of P.L. § 240.35(1) that occurred after October

7, 1992, including without limitation:

   A.     directing defendants to destroy all mug shots (or other

          photographs), fingerprints, and all paper and electronic data or files

          making any reference to a P.L. § 240.35(1) arrest, charge,

          prosecution or conviction;

   B.     directing that any convictions and/or warrants contained in any

          criminal records concerning violations of P.L. § 240.35(1) be

          immediately expunged;

   C.     directing that all outstanding warrants concerning violations of P.L.

          § 240.35(1) be immediately vacated and expunged;

4.     Compensatory damages against all defendants, except Kaye, Lippman and Parker,

in an amount to be proven at trial;

5.     Punitive damages against all defendants, except the City, Kaye, Lippman and

Parker, in an amount to be proven at trial;

6.     An order awarding disbursements, costs, and attorneys' fees pursuant to 42

U.S.C. § 1988; and

7.    Such other and further relief that may be just and proper.

Dated: June 8, 2005
New York, New York

EMERY CELLI BRINCKERHOFF
& ABADY LLP

By:

Matthew D. Brinckerhoff (3552)
Katherine Rosenfeld (8525)
545 Madison Avenue
New York, New York 10022
(212) 763-5000

THE BRONX DEFENDERS
By

J. McGregor Smyth, Jr. (JS 9995)
860 Courtlandt Avenue
Bronx, New York 10451
(718)838-7878

*Attorneys for Plaintiff and the Putative Class*