# EXHIBIT F



# STATE OF NEW YORK
## OFFICE OF THE ATTORNEY GENERAL

ELIOT SPITZER
Attorney General

RICHARD RIFKIN
Deputy Attorney General
State Counsel Division

JAMES B. HENLY
Assistant Attorney General in Charge
Litigation Bureau

Writer's Direct Dial
(212) 416-8965

June 29, 2005

*Via Facsimile Transmission*

Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: **Eddie Wise v. Raymond W. Kelly, et al.**
S.D.N.Y. Case No. 05 CV 5442 (SAS)

Dear Judge Scheindlin:

Pursuant to leave granted by the Court, the State defendants write in further opposition to plaintiff's request for emergency injunctive relief.[1] Plaintiff's June 24, 2005 letters to the Court fail to establish that he is entitled to preliminary injunctive relief against the Chief Judge of the New York State Court of Appeals and the Chief Administrative Judge of the New York State Unified Court System. Plaintiff has conceded that Judges Kaye and Lippman, as administrative judges, may not direct other judges how to find in cases properly before them. Plaintiff has also apparently conceded that the Loper decisions, while persuasive, are not binding on the State courts. In view of this, plaintiff has abandoned his prior proposed order which would have required State defendants to order all state court judges to refuse to hear cases alleging violations of Penal Law § 240.35(1) ("the Statute"), and instead asks the Court to direct Judges Kaye and Lippman to issue an "informational notice" on OCA letterhead to judges and court personnel in the Criminal Courts of the City of New York, advising them of the Loper decision and offering to answer their questions about it. Such an order should not issue because plaintiff has failed to show that he will suffer irreparable harm absent the

---

[1] State defendants originally opposed plaintiff's request for a preliminary injunction in our June 20, 2005 letter to the Court. As the Court recognized, that letter, although addressed to the issue of the interim relief, established numerous bases for dismissal of the State defendants. It is our position that State defendants are entitled to immediate dismissal from this action, even before formal motions to dismiss have been filed, for the reasons set forth in the June 20th letter. We therefore submit this reply to address the issue of why, particularly in light of recent events in the case, plaintiff's request for a preliminary injunction must be denied.

injunctive relief he seeks and cannot even demonstrate that his claims against the State defendants present a fair ground for litigation.

I.  **Plaintiff Cannot Establish That He Will Suffer Irreparable Harm if His Proposed Informational Notice is Not Issued**

In order to be entitled to preliminary injunctive relief, plaintiff must show that he will suffer irreparable harm if the requested relief is not granted. Latino Officers Assoc. v. Safir, 170 F.3d 167, 171 (2d Cir. 1999). Plaintiff has failed to show that his proposed "informational notice" is necessary to prevent him from suffering imminent irreparable injury or that the circumstances of this case require the Court to put aside principles of comity, federalism and equity and enjoin state judicial officials with respect to the operation of the state judicial system.

Plaintiff has failed to demonstrate that the dissemination of the notice to the state court judges and personnel would have any material impact upon his stated First Amendment right to peacefully beg, or future injury thereto. That right is injured by plaintiff's future arrest and prosecution for violation of the Statute. Since this action was commenced, there has been a stipulation, "so ordered" by the Court and binding against the NYPD and the City, which prevents the enforcement of the Statute. Notice has been sent to all NYPD officers and to City prosecutors directing them to cease enforcement of the Statute. The NYPD is thus legally barred from arresting plaintiff. The District Attorney is barred from prosecuting plaintiff for violations of the Statute. Each has indicated before the Court that these events will not occur. Plaintiff's speculation that, even with these protections in place, he might be subject to arrest and, then, might be subject to prosecution, and then, might appear before a state court which would refuse to dismiss the charges is too speculative a basis to support an award of preliminary injunctive relief directed to the State courts. Latino Officers Assoc., 170 F.3d at 171.

Moreover, the revised order that plaintiff seeks fails to resolve the serious equitable, federalism and comity problems presented by a federal court's issuance of an injunction against the state judicial system, no matter how masked. Plaintiff seeks to avoid the import of the fundamental federalism concerns by downplaying the relief sought from the Court, claiming that it does not require the federal court to interject itself into the functioning of the state court system or to in any way impact the adjudicatory functions of the state court. But it does. Plaintiff asks this Court to effectuate the Loper decisions by directing Judges Kaye and Lippman to issue a particular notice, on official letterhead, to state courts informing them of Loper. It thus directs them to tell state judges about a federal decision, a very unusual action that carries with it the implicit direction that the judges must follow the ruling of the federal court. This is the role of lawyers, not of administrative judges. Indeed, if the notice is to have any effect to alleviate the harm allegedly caused to plaintiff, it must work to force dismissal of

Hon. Shira A. Scheindlin						Page 3
June 29, 2005

all claims against him, and must be subject to enforcement. As set out in State defendants' June 20, 2005 letter, such relief violates federalism and comity concerns and is impermissible under § 1983. Such relief is particularly uncalled for here, where (1) the possibility of a state judge hearing cases involving the statute is remote and speculative; and (2) such an order would be in the absence of any record showing that state court judges have failed to consider arguments challenging the constitutionality of the law in question.[2] Given the especially weak and speculative showing by plaintiff of irreparable injury absent relief, no injunction should issue against Judges Kaye and Lippman.

II. **Plaintiff Has Not Demonstrated a Fair Ground for Litigation or a Likelihood of Success on the Merits**

Plaintiff attempts to give his claims against the State judicial defendants merit by conclusorily stating that he is suing Judges Kaye and Lippman in their administrative roles only and not as jurists. Plaintiff alleges that it was wrongful for Judges Kaye and Lippman to allow the state courts, and their personnel, to accept the filing of charges for violations of the Statute, issue warrants based upon the Statute, maintain and disseminate court records relating to violations and the statute and to fail to "train court employees that arrests, summonses, prosecutions, warrants, sentences and other court actions taken pursuant to [the Statute] are invalid because the statute was declared unconstitutional." See Complaint at ¶¶ 21, 22, 107-112, 152-156.

---

[2] Plaintiff relies upon one anecdotal instance where a state court judge was presented with an argument regarding the unconstitutionality of the statute and, even in that instance, cannot show that the judge acted improperly. See Plaintiff's Motion for a Temporary Restraining Order, Exhibit B to the Declaration of Josh Bowers. In that instance, the accused was arraigned at 12:45 a.m. Defense counsel argued that the prosecution was barred by a federal court decision. The judge indicated that due to the hour and the proceedings he could not take a break to read the case and to find out "what New York courts have said about it" but he would release the accused on his own recognizance and allow defense counsel to move for dismissal. The action was ultimately dismissed. It is respectfully submitted that this is insufficient to support a finding that the State defendants have violated any constitutional right of the plaintiff sufficient to support the granting of equitable relief against them. Furthermore, there is no reason to believe that the dissemination of the notice now proposed by plaintiff would lead to any different result: judges would still have to adjudicate claims before them. This case is readily distinguishable from Lake v. Speziale, 580 F.Supp. 1318 (D.Conn. 1984), a District Court of Connecticut case upon which plaintiff greatly relies. In Lake, the Connecticut judges conceded that they had a pattern and practice of the alleged constitutional violation: they stipulated that they did not inform persons facing incarceration for contempt of court that they had a right to counsel or to have counsel appointed to them. Furthermore, the relief there, a notice by the judges to contemnors of the right to counsel, would remedy this constitutional violation. Here, there has been no showing of a constitutional violation by the State court judges and the proposed notice does not remedy the plaintiff's complaint.

Hon. Shira A. Scheindlin                                              Page 4
June 29, 2005

All of these asserted bases of wrongdoing invoke or rely upon the adjudicatory or judicial function of the state courts. See Mendez v. Heller, 530 F.2d 457, 460 (2d Cir. 1976)(Second Circuit rejected plaintiff's artificial attempt to sue judge and clerks for their "administrative" actions where plaintiff's complaint really arose out of court's judicial functions). Dismissing charges as unconstitutional, issuing warrants, imposing sentences and fines are all quintessentially judicial functions. They are the duties of state court judges, not administrators or clerks. Administrative and clerical personnel cannot independently overrule judicial determinations and cannot, for example, simply decide that they will not record sentences imposed by judges. Additionally, plaintiff has conceded that Judges Kaye and Lippman do not have the authority to direct state court judges to determine matters before them in a particular way. Plaintiff's request for injunctive relief from this Court, both his immediate request for a preliminary injunction and the ultimate relief he seeks, requires the Court to enjoin Judges Kaye and Lippman to determine that the Statute is unconstitutional and to force state courts judges to make similar determinations and immediately dismiss any such prosecutions. See Complaint at ¶¶ 21, 22, 107, 108, 152-156. As set out in State defendants' June 20, 2005 submission, such claims are clearly foreclosed because the plaintiff lacks standing to sue Judges Kaye and Lippman, federal law bars the imposition of such equitable relief against the State defendants, and the explicit language of § 1983 bars such suits against state court judges.

Plaintiff also fails to set forth a fair ground for litigation with regard to his claims against Commissioner Parker in regard to the Division of Criminal Justice Services("DCJS"). DCJS is a recording agency and is statutorily required to keep records of arrests, the offenses upon which arrests are based and the disposition of such arrests. See Executive Law § 837(4)(c). DCJS maintains criminal history information pursuant to statute. See Executive Law § 837(6). DCJS is also statutorily required to receive, process and file fingerprints for the purpose of establishing identity and previous criminal records. See Executive Law § 837(7); CPL § 160.30.[3] DCJS does not make any legal decisions with regard to the constitutionality of arrests or prosecutions. In the event that a person contests the accuracy or fairness of a criminal record, DCJS maintains a Record Review Program in which persons can seek ministerial corrections of

---

[3] The offense set out in Penal Law § 240.35(1) is defined as a violation. This means that law enforcement agencies are not required to, but may, submit fingerprints of someone arrested for this offense for the purposes of identification. See Penal Law § 10.00(3); CPL §§ 160.10 and 160.20. DCJS is required by law to process such prints but, where fingerprints are submitted only in regard to charges under the Statute or other violation, they are not kept by DCJS, nor is a record of the arrest maintained. Only a disposition relating to an alleged violation of the Statute would be recorded by DCJS and, in that instance, if the prosecution is terminated favorably to an accused (with a favorable termination including a guilty plea or conviction of only a violation), their record is sealed pursuant to CPL § 160.50.

Hon. Shira A. Scheindlin                                              Page 5
June 29, 2005

alleged inaccuracies in their criminal records. Rodriguez v. Johnson, 4 A.D.3d 216, 772 N.Y.S.2d 264 (2d Dep't 2004). Upon information and belief, plaintiff has never challenged his criminal history as maintained by DCJS nor has he requested the return of his fingerprint cards. To the extent that Commissioner Parker is named herein only because DCJS maintains records reflecting petitioner's arrests and disposition of charges under the Statute, plaintiff's claims are without merit. DCJS is legally required to accurately record arrests and criminal dispositions. Commissioner Parker thus lacks any interest adversarial to plaintiff and the claims against him are subject to dismissal for, inter alia, plaintiff's lack of standing and because Commissioner Parker is not a proper defendant herein under § 1983. See Mendez v. Heller, 530 F.2d at 460; Gras v. Stevens, 415 F.Supp. 1148, 1151-52 (S.D.N.Y. 1976). See also Ex parte Young, 209 U.S. 123, 155-156 (1908) (State official must have some connection with the enforcement of the act or action does not lie).

## Conclusion

For the reasons set forth herein and in State defendants' June 20, 2005 letter, plaintiff is not entitled to a preliminary injunction against the State defendants and plaintiff's claims for injunctive relief against the State defendants are without merit.

Respectfully submitted,

Monica Connell (MC 9841)
*Assistant Attorney General*
Michael Colodner, Counsel
*Office of Court Administration*

MC/
cc:   Katherine Rosenfeld *(Via Fax)*
      Matthew D. Brinckerhoff
      J. McGregor Smyth, Jr.
      Attorneys for Plaintiff

      Rachel Seligman *(Via Fax)*
      Attorney for City Defendants