# EXHIBIT H

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

EDDIE WISE, on Behalf of Himself and Others Similarly
Situated,

                                Plaintiffs,

-against-

RAYMOND W. KELLY, Commissioner of the New York
City Police Department (NYPD); BARRY M. BUZZETTI,
Captain and Commanding Officers, NYPD 48th Precinct;
JOHN/JANE DOES 1-50 (NYPD Supervisory, Training,
and Police Personnel); CITY OF NEW YORK; Police
Officers MICHAEL CURLEY, COREY HARRIS,
MIGUEL MUSSE, KEVIN LYNCH, JOHN BRENNAN,
JOHN/JANE DOES 51-100 (police officers); ROBERT
JOHNSON, District Attorney of Bronx County; and
JOHN/JANE DOES 101-125 (Supervisory, Training, and
Policy Personnel within the district attorney's offices);
JUDITH KAYE, in her capacity as Chief Judge of the State
of New York and Chief Judicial Officer of the Unified
Court System; JONATHAN LIPPMAN, in his official
capacity as Director of Criminal Justice and Commissioner
of the New York State Division of Criminal Justice
Services ("DCJS"),

                                Defendants.

------------------------------------------------------------------ x



**STIPULATION AND ORDER**

05 Civ 5442 (SAS)

IT IS HEREBY STIPULATED AND AGREED, upon the district court's full and complete review of the terms of the Stipulation, by and between the defendants Raymond W. Kelly, Commissioner of the New York City Police Department; City of New York; and Robert Johnson, District Attorney of Bronx County, (hereinafter "City Defendants"), and Plaintiff Eddie Wise, and without prejudice to plaintiff's right to seek further injunctive relief:

    1.      The City of New York, Robert Johnson, and their respective employees shall cease enforcement of New York Penal Law § 240.35(1).

2.      On June 9, 2005, City Defendants sent immediate notices to all NYPD precincts and commands and to their respective employees that New York Penal Law § 240.35(1) is void and unenforceable.

3.      Additionally, on June 10, 2005, a FINEST message was sent to all NYPD precincts reminding them that New York Penal Law § 240.35 (1) is unconstitutional and directing members of the service not to enforce it. A copy of the June 10, 2005 FINEST message is annexed hereto and made a part hereof as Exhibit "A."

4.      To insure that all members of the service were made aware of the FINEST message, the message was read at 10 consecutive roll calls which are conducted at the time officers report for duty at the start of their assigned tour.

5.      On June 9, 2005, notification was sent to the Chief of the Criminal Bureau and Deputy Chief of the Complaint Room of the Bronx District Attorney's Office.

6.      Notification in the form annexed hereto as Exhibit "B" will be sent to all Assistant District Attorneys in the Office of the District Attorney of Bronx County informing them that New York Penal Law § 240.35(1) is void and unenforceable.

7.      Notification in the form annexed hereto as Exhibit "C" was sent to the Offices of the District Attorneys of Queens, New York, Richmond, and King Counties informing them that New York Penal Law § 240.35(1) is void and unenforceable.

8.      Robert Johnson shall seek to dismiss any and all charges and summonses pending solely under Penal Law § 240.35(1) including conditional discharges and violations thereof related to prior charges and/or convictions solely under Penal Law § 240.35(1); City Defendants shall immediately release from custody anyone held solely on the charge of violating Penal Law § 240.35(1) or, on a charge of violating the terms of a conditional discharge relating solely to § 240.35(1); and City Defendants shall immediately seek to vacate all warrants relating to charges or summonses solely for Penal Law § 240.35(1).

9. The Court shall retain jurisdiction over the Stipulation and Order for enforcement purposes and to ensure compliance with its terms.

Dated:  New York, New York
        June 22, 2005

>                           EMERY CELLI BRINCKERHOFF & ABADY LLP
>                           *Attorneys for Plaintiff*
>                           545 Madison Avenue
>                           New York, New York 10022
>
>                           By: *[signature]*
>                           Katherine Rosenfeld (8525)
>                           Matthew D. Brinckerhoff (3552)

Dated:  New York, New York
        June 22, 2005

>                           BRONX DEFENDERS
>                           J. McGregor Smyth (9995)

Dated:  New York, New York
        June 22, 2005

>                           MICHAEL A. CARDOZO
>                           Corporation Counsel of the
>                           City of New York
>                           *Attorney for City Defendants*
>                           100 Church Street, Room 3-226
>                           New York, New York 10007
>
>                           By: *[signature]*
>                           Rachel A. Seligman (RS 6674)
>                           Leticia Santiago (LS 1573)

SO ORDERED:

*[signature]*

Hon. Shira A. Scheindlin
Dated: June 23, 2005

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

EDDIE WISE, on Behalf of Himself and Others Similarly Situated,

                                Plaintiffs,

                 -against-

RAYMOND W. KELLY, Commissioner of the New York City Police Department (NYPD); BARRY M. BUZZETTI, Captain and Commanding Officers, NYPD 48th Precinct; JOHN/JANE DOES 1-50 (NYPD Supervisory, Training, and Police Personnel); CITY OF NEW YORK; Police Officers MICHAEL CURLEY, COREY HARRIS, MIGUEL MUSSE, KEVIN LYNCH, JOHN BRENNAN, JOHN/JANE DOES 51-100 (police officers); ROBERT JOHNSON, District Attorney of Bronx County; and JOHN/JANE DOES 101-125 (Supervisory, Training, and Policy Personnel within the district attorney's offices); JUDITH KAYE, in her capacity as Chief Judge of the State of New York and Chief Judicial Officer of the Unified Court System; JONATHAN LIPPMAN, in his official capacity as Director of Criminal Justice and Commissioner of the New York State Division of Criminal Justice Services ("DCJS"),

                                Defendants.

------------------------------------------------------------------ x

STIPULATION AND ORDER

05 Civ 5442 (SAS)

IT IS HEREBY STIPULATED AND AGREED, upon the district court's full and complete review of the terms of the Stipulation, by and between the defendants Raymond W. Kelly, Commissioner of the New York City Police Department; City of New York; and Robert Johnson, District Attorney of Bronx County, (hereinafter "City Defendants"), and Plaintiff Eddie Wise, and without prejudice to plaintiff's right to seek further injunctive relief:

    1.     The City of New York, Robert Johnson, and their respective employees shall cease enforcement of New York Penal Law § 240.35(1).

2. On June 9, 2005, City Defendants sent immediate notices to all NYPD precincts and commands and to their respective employees that New York Penal Law § 240.35(1) is void and unenforceable.

3. Additionally, on June 10, 2005, a FINEST message was sent to all NYPD precincts reminding them that New York Penal Law § 240.35 (1) is unconstitutional and directing members of the service not to enforce it. A copy of the June 10, 2005 FINEST message is annexed hereto and made a part hereof as Exhibit "A."

4. To insure that all members of the service were made aware of the FINEST message, the message was read at 10 consecutive roll calls which are conducted at the time officers report for duty at the start of their assigned tour.

5. On June 9, 2005, notification was sent to the Chief of the Criminal Bureau and Deputy Chief of the Complaint Room of the Bronx District Attorney's Office.

6. Notification in the form annexed hereto as Exhibit "B" will be sent to all Assistant District Attorneys in the Office of the District Attorney of Bronx County informing them that New York Penal Law § 240.35(1) is void and unenforceable.

7. Notification in the form annexed hereto as Exhibit "C" was sent to the Offices of the District Attorneys of Queens, New York, Richmond, and King Counties informing them that New York Penal Law § 240.35(1) is void and unenforceable.

8. Robert Johnson shall seek to dismiss any and all charges and summonses pending solely under Penal Law § 240.35(1) including conditional discharges and violations thereof related to prior charges and/or convictions solely under Penal Law § 240.35(1); City Defendants shall immediately release from custody anyone held solely on the charge of violating Penal Law § 240.35(1) or, on a charge of violating the terms of a conditional discharge relating solely to § 240.35(1); and City Defendants shall immediately seek to vacate all warrants relating to charges or summonses solely for Penal Law § 240.35(1).

9. The Court shall retain jurisdiction over the Stipulation and Order for enforcement purposes and to ensure compliance with its terms.

Dated:     New York, New York
           June 22, 2005

>                                    EMERY CELLI BRINCKERHOFF & ABADY LLP
>                                    *Attorneys for Plaintiff*
>                                    545 Madison Avenue
>                                    New York, New York 10022
>
>                                    By: *[signature]*
>                                    Katherine Rosenfeld (8525)
>                                    Matthew D. Brinckerhoff (3552)

Dated:     New York, New York
           June 22, 2005        BRONX DEFENDERS
                                J. McGregor Smyth (9995)

Dated:     New York, New York
           June 22, 2005

>                                    MICHAEL A. CARDOZO
>                                    Corporation Counsel of the
>                                    City of New York
>                                    *Attorney for City Defendants*
>                                    100 Church Street, Room 3-226
>                                    New York, New York 10007
>
>                                    By: *[signature]*
>                                    Rachel A. Seligman (RS 6674)
>                                    Leticia Santiago (LS 1573)

SO ORDERED:

*[signature]*

Hon. Shira A. Scheindlin
Dated: June 23, 2005

- 3 -

EMERY CELLI BRINCKERHOFF & ABADY P
Attorneys at Law
545 Madison Avenue, 3rd Floor
New York, New York 10022
Tel: (212) 763-5000
Fax: (212) 763-5001

DATE: June 22, 2005

FROM: Katie Rosenfeld

TO: Rachel Seligman
Monica Connell

FACSIMILE #: (212) 788-9776
(212) 416-6075

RE: *Eddie Wise v. Raymond W. Kelly, et al., 05 Civ. 5442 (SAS)*

TOTAL NUMBER OF PAGES INCLUDING COVER SHEET: 2 / 13

MESSAGE:

The pages accompanying this facsimile transmission contain information from the law firm of Emery Celli Cuti Brinckerhoff & Abady PC which is confidential or privileged. The information is intended to be for the use of the individual or entity named on this cover letter. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this facsimile in error please notify us by telephone immediately so that we can arrange for the retrieval of the original documents at no cost to you.

IF THERE IS ANY PROBLEM WITH THIS TRANSMISSION,
PLEASE CALL AS SOON AS POSSIBLE
(212) 763-5000

FOR INTERNAL OFFICE USE ONLY

Client Number:    1393.1         Job Number:

W:\1393\1\AF0107.WPD

RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
ILANN M. MAAZEL
ERIC HECKER
SARAH NETBURN
MARIANN MEIER WANG
KRISTIN COLLINS
KATHERINE ROSENFELD
O. ANDREW F. WILSON

# EMERY CELLI BRINCKERHOFF & ABADY LLP

ATTORNEYS AT LAW
545 MADISON AVENUE
NEW YORK, NEW YORK 10022

TELEPHONE
(212) 763-5000
TELECOPIER
(212) 763-5001
E-MAIL
mail@ecbalaw.com

June 22, 2005

*By hand*

Hon. Shira A. Scheindlin
U.S. District Court for the Southern
District of New York
500 Pearl Street
New York, NY 10007

    Re:    *Eddie Wise v. Raymond W. Kelly, et al.*, 05 Civ. 5442 (SAS)

Dear Judge Scheindlin,

    We represent plaintiff Eddie Wise in the above-captioned case. Enclosed for the Court's review is a copy of the Stipulation and Order, and supporting Exhibits A-C as referenced therein, as executed by counsel for plaintiff Eddie Wise and counsel for defendants the City of New York, Raymond W. Kelly and District Attorney Robert Johnson. If it is acceptable to the Court, it is respectfully requested that the Court "so order" the Stipulation and Order.

Very truly yours,

*Katherine Rosenfeld*

Katherine Rosenfeld (KR 8525)

Enc.

cc:
Rachel A. Seligman, Assistant Corporation Counsel (by facsimile, w/o enclosure)
Monica Connell, Assistant Attorney General (by facsimile, w/ enclosure)

W:\1395\1\KRR0435.WPD



MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

RACHEL A. SELIGMAN
*Assistant Corporation Counsel*
rseligma@law.nyc.gov
(212) 788-0784
(212) 788-9776 (fax)

June 22, 2005

**BY HAND DELIVERY**
Katie Rosenfeld, Esq.
Emery Celli Brinckerhoff & Abady
545 Madison Avenue
New York, New York 10022

Re: Eddie Wise, et al., v. Raymond Kelly, et al., et al.
05 CV 5422 (SAS)

Dear Ms. Rosenfeld:

As we discussed yesterday, enclosed please find three (3) signed copies of the Stipulation and Order for the above-matter. After you have signed the Stipulation, please forward a signed original copy to my attention.

Please feel free to contact me if you have any questions.

Very truly yours,

Rachel A. Seligman
Assistant Corporation Counsel

Encl.

2. On June 9, 2005, City Defendants sent immediate notices to all NYPD precincts and commands and to their respective employees that New York Penal Law § 240.35(1) is void and unenforceable.

3. Additionally, on June 10, 2005, a FINEST message was sent to all NYPD precincts reminding them that New York Penal Law § 240.35 (1) is unconstitutional and directing members of the service not to enforce it. A copy of the June 10, 2005 FINEST message is annexed hereto and made a part hereof as Exhibit "A."

4. To insure that all members of the service were made aware of the FINEST message, the message was read at 10 consecutive roll calls which are conducted at the time officers report for duty at the start of their assigned tour.

5. On June 9, 2005, notification was sent to the Chief of the Criminal Bureau and Deputy Chief of the Complaint Room of the Bronx District Attorney's Office.

6. Notification in the form annexed hereto as Exhibit "B" will be sent to all Assistant District Attorneys in the Office of the District Attorney of Bronx County informing them that New York Penal Law § 240.35(1) is void and unenforceable.

7. Notification in the form annexed hereto as Exhibit "C" was sent to the Offices of the District Attorneys of Queens, New York, Richmond, and King Counties informing them that New York Penal Law § 240.35(1) is void and unenforceable.

8. Robert Johnson shall seek to dismiss any and all charges and summonses pending solely under Penal Law § 240.35(1) including conditional discharges and violations thereof related to prior charges and/or convictions solely under Penal Law § 240.35(1); City Defendants shall immediately release from custody anyone held solely on the charge of violating Penal Law § 240.35(1) or, on a charge of violating the terms of a conditional discharge relating solely to § 240.35(1); and City Defendants shall immediately seek to vacate all warrants relating to charges or summonses solely for Penal Law § 240.35(1).

9. The Court shall retain jurisdiction over the Stipulation and Order for enforcement purposes and to ensure compliance with its terms.

Dated: New York, New York
June 22, 2005

                                            EMERY CELLI BRINCKERHOFF & ABADY LLP
*Attorneys for Plaintiff*
545 Madison Avenue
New York, New York 10022

By: _____
      Katherine Rosenfeld (8525)
      Matthew D. Brinckerhoff (3552)

Dated: New York, New York
June 22, 2005

BRONX DEFENDERS
J. McGregor Smyth (9995)

Dated: New York, New York
June 22, 2005

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
*Attorney for City Defendants*
100 Church Street, Room 3-226
New York, New York 10007

By: _____
      Rachel A. Seligman (RS 6674)
      Leticia Santiago (LS 1573)

SO ORDERED:

_____
Hon. Shira A. Scheindlin
Dated: June _____ 2005

- 3 -

# EXHIBIT A

```
SCRN: ADMN              FINEST MESSAGE SWITCHING SYSTEM           DATE: 06/10/05
TERM: HL21              GENERAL ADMINISTRATIVE INFORMATION        TIME: 11:47.29
                     SENT  6/10/05 - 11:42.49 SER# 010295 FROM: HL21
```

MESSAGE:
TO:

SUBJECT:  CORRECTION TO FINEST MESSAGE SENT ON THURSDAY, 06/09/05
          SERIAL # 023612 AT 18:28 HOURS.
          SUBJECT:  RE-ISSUANCE OF DIRECTIVE REGARDING FEDERAL COURT DECISION
               DEEMING PENAL LAW SECTION 240.35(1) UNCONSTITUTIONAL

       ALL MEMBERS OF THE SERVICE ARE REMINDED THAT ON JULY 29TH, 1993, IN
THE CASE OF LOPER V. BROWN., THE UNITED STATES COURT OF APPEALS FOR THE SECOND
CIRCUIT DEEMED PENAL LAW SECTION 240.35(1) UNCONSTITUTIONAL.  THE COURT HELD
THAT THE STATUTE THAT PROHIBITS LOITERING AND/OR REMAINING ABOUT A PUBLIC PLACE
FOR THE PURPOSE OF BEGGING VIOLATES THE FREE SPEECH PROTECTION OF THE FIRST
AMENDMENT.  THE COURT ISSUED A PERMANENT INJUNCTION BARRING THE POLICE
DEPARTMENT FROM ENFORCING PENAL LAW SECTIN 240.35(1).

ACCORDINGLY, MEMBERS OF THE SERVICE ARE REMINDED THAT THEY ARE NOT TO ENFORCE
PENAL LAW SECTION 240.35(1).


*******   TO BE READ AT TEN (10) CONSECUTIVE ROLL CALLS       **********


AUTHORITY:  DEPUTY COMMISSIONER OF LEGAL MATTERS

OPERATOR:  FRAA PARDO          11:40 HOURS




PRIORITY: 1  ROUTING: APRT HIGH Q30F DOM1  ____ ____ ____ ____ ____ ____ ____

```
SCRN: ADMM          FINEST MESSAGE SWITCHING SYSTEM          DATE: 06/10
TERM: COOC          GENERAL ADMINISTRATIVE INFORMATION       TIME: 23:13
                    SENT 6/10/05 - 23:09.26 SER# 023844      FROM: COOC
```

MESSAGE

TO: ALL COMMANDS

SUBJECT: PROHIBITION AGAINST AGGRESSIVE SOLICITATION - ADMINISTRATIVE CODE 10-136

WHILE PENAL LAW 240.35(1) HAS BEEN UNCONSTITUTIONAL CERTAIN FORMS OF AGGRESS SOLICITATION, PANHANDLING OR BEGGING ARE PROHIBITED UNDER ADMINISTRATIVE CODE 10-136. THIS PROVISION OF THE LAW PROHIBITS THE FOLLOWIN CONDUCT:

(A) APPROACHING OR SPEAKING TO A PERSON, OR FOLLOWING A PERSON BEFORE, DURING OR AFTER SOLICITING, ASKING OR BEGGING, IF THAT CONDUCT IS INTENDED OR IS LIKE TO CAUSE A REASONABLE PERSON TO
(I) FEAR BODILY HARM TO ONESELF OR TO ANOTHER, DAMAGE TO OR LOSS OF PROPERTY OR THE COMMISSION OF ANY OFFENSE OR ANOTHER, OR
(II) OTHERWISE BE INTIMIDATED INTO GIVING MONEY OR OTHER THINGS OF VALUE, OR
(III) SUFFER UNREASONABLE INCONVENIENCE, ANNOYANCE OR ALARM.
(B) INTENTIONALLY TOUCHING OR CAUSING PHYSICAL CONTACT WITH ANOTHER PERSON IN AN OCCUPIED VEHICLE WITHOUT THT PERSON'S CONSENT IN THE COURSE OF SOLICITING ASKING OR BEGGING

(C) INTENTIONALLY BLOCKING OR INTERFERING WITH THE SAFE OR FREE PASSAGE OF A PEDESTRIAN OR VEHICLE BY ANY MEANS, INCLUDING UNREASONABLY CAUSING A PEDESTRI OR VEHICLE OPERATOR TO TAKE EVASIVE ACTION TO AVOID PHYSICAL CONTACT; OR

(D) USING VIOLENT OR THREATENING GESTURES TOWARD A PERSON SOLICITED.

IN ADDITION, ADMINISTRATIVE CODE 10-136 PROHIBITS SOLICITING, ASKING OR BEGGI WITHIN TEN FEET OF ANY ENTRANCE OR EXIT OF ANY BANK OR CHECK CASHING BUSINESS DURING IT'S BUSINESS HOURS OR WITHING TEN FEET OF ANY AUTOMATED TELLER MACHIN DURING THE TIME IT IS FOR CUSTOMER'S USE.

THIS PROVISION OF LAW ALSO PROHIBITS A PERSON FROM APPROACHING AN OPERATOR OR OTHER OCCUPANT OF A MOTOR VEHICLE WHILE SUCH VEHICLE IS LOCATED ON ANY STREET FOR THE PURPOSE OF EITHER PERFORMING OR OFFERING TO PERFORM A SERVICE IN CONNECTION WITH SUCH VEHICLE OR OTHERWISE SOLICITING THE SALE OF GOODS OR SERVICES, IF SUCH APPROACHING, PERFORMING, OFFERING OR SOLICITING IS DONE IN AGGRESSIVE MANNER.

SOLICITING, ASKING OR BEGGING UNDER THIS STATUE INCLUDES USING THE SPOKEN, WRITTEN, OR PRINTED WORD, OR BODILY GESTURE, SIGNS OR OTHER MEANS WITH THE PURPOSE OF OBTAINING AN IMMEDIATE DONATION OF MONEY OR OTHER THING OF VALUE O SOLICITING THE SALE OF GOODS OR SERVICES.

THIS STATUE IS ENFORCEABLE IN A PUBLIC PLACE AND INCLUDES ANY STREET, HIGHWAY PARKING LOT, PLAZA, TRANSPORTATION FACILITY, SCHOOL, PLACE OF AMUSEMENT, PARK PLAYGROUND, AND ANY HALLWAY, LOBBY AND OTHER PORTION OF AN APARTMENT HOUSE OR HOTEL.

ANY VIOLATION OF THE PROVISIONS OF THIS SECTION SHALL CONSTITUTE AN UNCLASSIFIED MISDEMEANOR.
ANY QUESTIONS REGARDING THE ENFORCEABILITY OF THIS PROVISION OF LAW SHOULD BE DIRECTED TO THE LEGAL BUREAU AT 646.610.8403.

TO BE READ AT (10) CONSECUTIVE ROLL CALLS.

AUTHORITY: DEPUTY COMMISSIONER OF LEGAL MATTERS

AUTHORITY: CHIEF OF DEPARTMENT                OPR: PO O'PHARROW    2300HOURS
AUTHORIZING TERMINAL COOC
OPS UNIT  BROADCAST MESSAGE NO. 06/10-014

PRIORITY: 1  ROUTING: APRT HIGH COOC

# EXHIBIT B



# OFFICE OF THE DISTRICT ATTORNEY, Bronx County

**ROBERT T. JOHNSON**
*District Attorney*

198 East 161st Street
Bronx, New York 10451

(718) 590-2000

## Memorandum

TO: All Assistant District Attorneys

FROM: Robert Johnson, District Attorney

RE: New York Penal Law § 240.35(1)

This memo shall serve as a reminder that you are not to charge the above-mentioned section of New York's Penal Law which prohibits loitering and/or remaining about a public place for the purpose of begging. This section was declared unconstitutional by the United States District Court for the Second Circuit in 1993 in the matter of Loper v. Brown, 999 F.2d 699 (2d Cir. 1993) at which time an injunction was issued prohibiting its continued enforcement.

As we are all concerned that prosecutions not proceed under this void statute, I ask that you take steps to insure that no new prosecutions are initiated under the statute, that any pending prosecutions based solely on the statute are dismissed, and that steps are immediately taken to vacate any and all warrants relating to charges or summonses issued solely for violation of New York Penal Law §240.35(1).

Thank you for your immediate attention to this matter.

# EXHIBIT C



MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007-2601

(212) 788-0800
Fax: (212) 227-5641
mcardozo@law.nyc.gov

June 16, 2005

**By Hand Delivery**

Robert M. Morgenthau, District Attorney, New York County
Charles J. Hynes, District Attorney, Kings County
Richard A. Brown, District Attorney, Queens County
Daniel M. Donovan, Jr., District Attorney, Richmond County

Re: New York Penal Law § 240.35(1)

Dear Sirs:

As a result of an action commenced in federal court entitled Eddie Wise v. Raymond Kelly, et al., 05 Civ. 4658 (SAS) (SDNY), we have learned that your office may have inadvertently prosecuted individuals under New York Penal Law § 240.35(1), which prohibits loitering and/or remaining about a public place for the purpose of begging after it was declared unconstitutional in 1993 by the United States Court of Appeals for the Second Circuit in Loper v. Brown, 999 F.2d 699 (2d Cir. 1993). At the time the statute was declared unconstitutional, an injunction was issued prohibiting its continued enforcement.

As we are all concerned that prosecutions not proceed under this void statute, we ask that you take steps to insure that no new prosecutions are initiated under the statute, that any pending prosecutions based solely on the statute are dismissed, and that steps are immediately taken to vacate any and all warrants relating to charges or summonses issued solely for violation of New York Penal Law §240.35(1). We also ask that you take immediate steps to insure that your staff is aware that the statute is unconstitutional and that enforcement of it is prohibited pursuant to a federal court order. Thank you for your assistance.

Sincerely,

Michael A. Cardozo

MAC/ay