UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                            :
EDDIE WISE, on Behalf of Himself
and Others Similarly Situated,              :

                                                        **05-Civ.-5442 (SAS)**

                        Plaintiff,          :

        -against-                           :

RAYMOND W. KELLY, et al.,                   :

                        Defendants.         :
--------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## STATE DEFENDANTS' MOTION TO
## DISMISS THE COMPLAINT


                                    ELIOT SPITZER
                                    Attorney General of the
                                     State of New York
                                    Attorney for Defendants
                                    120 Broadway
                                    New York, New York 10271
                                    (212) 416-8965

MONICA CONNELL
Assistant Attorney General
of Counsel

## Table of Contents

**Page**

Table of Authorities .......................................................................................................................... ii

Preliminary Statement ...................................................................................................................... 1

Statement of Facts ........................................................................................................................... 2

The Loper Decision and Injunction Against the NYPD ................................................................. 2

The Enforcement of the Statute by the NYPD and the District Attorney ...................................... 3

Plaintiff's Allegations Regarding the State Defendants ................................................................. 3

Relief Plaintiff Seeks As Against the State Defendants ................................................................. 5

Procedural Background of the Instant Case .................................................................................... 6

ARGUMENT

    POINT I -   THIS COURT LACKS SUBJECT MATTER JURISDICTION
                BECAUSE THERE IS NO JUSTICIABLE CASE OR CONTROVERSY
                BETWEEN THE STATE DEFENDANTS AND THE PLAINTIFF ............. 7

    POINT II -   PRINCIPLES OF COMITY, FEDERALISM AND EQUITY MANDATE
                THE DISMISSAL OF THIS ACTION AS AGAINST THE STATE
                DEFENDANTS ............................................................................................ 13

    POINT III -  PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION
                AGAINST THE STATE DEFENDANTS UNDER 42 USC § 1983

        A. Plaintiff's § 1983 Claims Are Fatally Defective Because He Has
           Failed to Allege Any Personal Involvement By the State Defendants ........ 16

        B. Additionally, Suit Does Not Lie Under § 1983 As Against Judges
           In Their Adjudicative Roles ......................................................................... 17

        C. Section § 1983 Bars the Injunctive Relief Sought by Plaintiff ................... 18

    POINT IV -  THE RELIEF PLAINTIFF SEEKS IS EITHER LEGALLY BARRED
                OR WOULD NOT REMEDY THE HARMS HE ALLEGES .................... 19

CONCLUSION ............................................................................................................................... 23

## TABLE OF AUTHORITIES

**Case**                                                                 **Page**

ASARCO Inc. v. Kadish,
   490 U.S. 605 (1989) .................................................................................................. 12, 19

Alfaro Motors, Inc. v. Ward,
   814 F.2d 883 (2d Cir. 1987) ........................................................................................... 16

Allen v. Wright,
   468 U.S. 737 (1984) .................................................................................................. 12, 19

Balogh v. H.R.B. Caterers, Inc.,
   88 A.D.2d 136, 452 N.Y.S.2d 220 (1st Dep't 1982) ....................................................... 20

Bauer v. Texas,
   341 F.3d 352 (5th Cir. 2003) ......................................................................................... 17

Bedrosian v. Mintz,
   518 F.2d 396 (2d Cir. 1975) ..................................................................................... 13, 14

Brandon E. ex rel. Listenbee v. Reynolds,
   201 F.3d 194 (3d Cir. 2000) ........................................................................................... 17

Brewer v. Village of Old Field,
   311 F. Supp. 2d 390 (E.D.N.Y. 2004) ........................................................................... 16

D.C. Court of Appeals v. Feldman,
   460 U.S. 462 (1983) ...................................................................................................... 21

Ex parte Young,
   209 U.S. at 155-156 ....................................................................................................... 16

Golden v. Zwickler,
   394 U.S. 103 (1969) ......................................................................................................... 8

Grant v. Johnson,
   15 F.3d 146 (9th Cir. 1994) ............................................................................................ 17

Gras v. Stevens,
   415 F. Supp. 1148 (S.D.N.Y., 1976) ................................................................. 8, 9, 16, 17

Huffman v. Pursue, Ltd.,

420 U.S. 592 (1975) ....................................................................................................... 21

**Case**                                                                                           **Page**

In re Justices of Supreme Court,
   695 F.2d 17 (1st Cir. 1982) ................................................................................... 7, 8, 17

Knox v. Salinas,
   193 F.3d 123 (2d Cir. 1999) ........................................................................................ 21

Lang v. Pataki,
   176 Misc. 2d at 691-692, 674 N.Y.S.2d at 914-15 ......................................................... 20

Linardos v. Fortuna,
   157 F.3d 945 (2d Cir. 1998) ........................................................................................... 7

Loper v. the New York City Police Department,
   802 F. Supp. 1029 (S.D.N.Y. 1992) ................................................................... 2, 3, 11, 19

Loper v. the New York City Police Department,
   999 F.2d 699 (1993) ..................................................................................................... 2

Los Angeles v. Lyons,
   461 U.S. 95 (1983) ...................................................................................................... 10

Mackenzie v. Donovan,
   2005 U.S. Dist. LEXIS 13302 (S.D.N.Y. 2005) .............................................................. 21

Mendez v. Heller,
   530 F.2d 457 (2d Cir. 1976) ............................................................................... 8, 9, 18, 20

Miller v. Silbermann,
   951 F. Supp. 485 (S.D.N.Y. 1997) ..................................................................... 7, 8, 11, 14

N.Y.S. Motor Truck Association v. Pataki,
   2004 U.S. Dist. LEXIS 25519 (S.D.N.Y. 2004) .............................................................. 16

New York R.T. Corp. v. City of New York,
   275 N.Y. 258 (1937), aff'd, 303 U.S. 573 (1938) ........................................................... 20

Nollet v. Justices of Trial Court of Commonwealth of Mass.,
   83 F. Supp. 2d 204 (D.Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000) ...................... 17

Northeastern Fla. Chapter of the Associate General Cont. v. Jacksonville,
   508 U.S. 656 (1983) ..................................................................................................... 10

O'Shea v. Littleton,
   414 U.S. 488 (1974) ................................................................................... 7, 11, 13, 14, 19

Ohio v. Burnett,
755 N.E.2d 857 (2001) .................................................................................................... 20

**Case**                                                                                                      **Page**

Parker v. Turner, 626 F.2d 1 (6th Cir. 1980) ............................................................... 14

People ex rel Ray v. Martin,
294 N.Y. 61 (1945) ........................................................................................................ 20

People v. Kin Kan,
78 N.Y.2d 54, 571 N.Y.S.2d 436 (1991) ........................................................................ 20

Renne v. Geary,
501 U.S. 312 (1991) ................................................................................................. 12, 19

Romeu v. Cohen,
121 F. Supp. 2d 264 (S.D.N.Y. 2000), aff'd, 265 F.3d 118 (2d Cir. 2001) ..................... 16

Rooker v. Fidelity Trust Co.,
263 U.S. 413 (1923) ....................................................................................................... 21

Rosa R. v. Connelly,
889 F.2d 435 (2d Cir. 1989) ........................................................................................... 16

Sassower v. Mangano,
927 F. Supp. 113 (S.D.N.Y. 1996), aff'd, 122 F.3d 1057 (2d Cir. 1997), cert.
denied, 525 U.S. 872 (1998) ........................................................................................... 21

Shain v. Ellison,
356 F.3d 211 (2d Cir. 2004) ........................................................................................... 11

Simon v. Eastern Ky. Welfare Rights Organization,
426 U.S. 26 (1976) ................................................................................................... 12, 19

Spargo v. N.Y. State Commission on Judicial Conduct,
351 F.3d 65 (2d Cir. 2003) ............................................................................................. 13

Spielman Motor Sales Co. v. Dodge,
295 U.S. 89 (1935) ......................................................................................................... 13

St. Martin's Press, Inc. v. Carey,
605 F.2d 41 (2d Cir. 1979) ............................................................................................. 11

Sundwall v. Leuba,
2001 U.S. Dist. LEXIS 737 (D.Conn. 2001), aff'd,28 Fed. Appx. 11 (2002) ........... 19, 21

Tesmer v. Granholm,
333 F.3d 683 (6th Cir. 2003), rev'd on ............................................................................ 18

**Case**                                                                                                  **Page**

Tsabbar v. Booth,
293 F. Supp. 2d 328 (S.D.N.Y. 2003) ............................................................................. 21

U.S. ex rel. Lawrence v. Woods,
432 F.2d 1072 (7th Cir. 1970) ........................................................................................ 20

Wallace v. Kern,
499 F.2d 1345 (2d Cir. 1974) ......................................................................................... 21

Wang v. Pataki,
164 F. Supp. 2d 406 (S.D.N.Y. 2001) ............................................................................. 16

Warden v. Pataki,
35 F. Supp. 2d 354 (S.D.N.Y., 1999), aff'd, 201 F.3d 430 (2d Cir. 1999) ............... 16, 17

Weissbrod v. Housing Part of the Civil Court of the City of New York,
293 F. Supp. 2d 349 (S.D.N.Y. 2003) ............................................................................. 21

Wolfe v. Strankman,
392 F.3d 358 (9th Cir. 2004) ......................................................................................... 17

Younger v. Harris,
401 U.S. 37 (1971) .......................................................................................................... 13

**STATUTES**

Fed. R. Civ. P. Rule 12(b)(1) ............................................................................................. 8

42 U.S.C. § 1983 ...................................................................................................... passim
42 U.S.C. § 1988 ............................................................................................................... 6

New York Penal Law § 240.35(1) ................................................................................ 1,2, 20
New York Penal Law § 10.00(3) ....................................................................................... 11

CPL § 160.10 ................................................................................................................... 11
CPL § 160.20 ................................................................................................................... 11
CPL § 160.50 ................................................................................................................... 12

New York State Constitution art. VI § 28 ......................................................................... 20

Judiciary Law § 210-212 ................................................................................................. 20

22 NYCRR § 80 ............................................................................................................... 20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

EDDIE WISE, on Behalf of Himself                          05-Civ.-5442 (SAS)
and Others Similarly Situated,

                                        Plaintiff,

              -against-

RAYMOND W. KELLY, et al.,

                                        Defendants.

--------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF
## STATE DEFENDANTS' MOTION TO
## DISMISS THE COMPLAINT

### Preliminary Statement

Plaintiff Eddie Wise brings this action against, inter alia, Judge Judith Kaye, Chief

Judge of the New York State Court of Appeals, Justice Jonathan Lippman, Chief Administrative

Judge of the New York State Unified Court System, and Chauncey G. Parker, Commissioner of

the New York State Division of Criminal Justice Services (hereafter "DCJS") (collectively the

"State defendants"). As relevant to the State defendants, plaintiff asserts a claim under 42 U.S.C.

§ 1983 against the State defendants for "processing" violations of New York Penal Law §

240.35(1) ("the Statute") in the state courts in the City of New York and seeks to vacate his state

court convictions under the Statute, notwithstanding his failure to challenge such Statute in state

court, and for related injunctive and declaratory relief including relief aimed at preventing future

prosecutions under the Statute. Plaintiff brings this action as a putative class action although no

motion to certify a class has yet been made.

1

This memorandum of law is respectfully submitted in support of the motion by the State defendants to dismiss the Complaint as against them on the grounds that: (1) this Court lacks subject matter jurisdiction under Article III of the United States Constitution; (2) fundamental principles of equity, comity and federalism require the dismissal of plaintiff's claims; (3) plaintiff fails to state a claim for relief; and (4) the relief plaintiff seeks against the State defendants is barred by state law or would fail to redress his alleged injuries.

## Statement of Facts

The facts, as set out below, are taken from plaintiff's Complaint ("Compl."), a copy of which is annexed to the accompanying Declaration of Monica Connell ("Connell Decl.") as Exhibit A.

## The Loper Decision and Injunction Against the NYPD

This action principally targets the City of New York, the New York City Police Department ("NYPD") and its commissioner, various police officers, and the District Attorney of Bronx County, alleging that Mr. Wise has been harmed by these officials' enforcement of the Statute following the 1992 decision in Loper v. the New York City Police Department, 802 F.Supp. 1029 (S.D.N.Y. 1992) (Sweet, J.). Compl. at ¶¶ 1-5, 11-20, 39-50. The Statute, Penal Law § 240.35(1), bars loitering for the purposes of begging. In Loper, the district court found that the Statute was unconstitutional, certified a class and granted to that class an injunction against the New York City Police Department barring the enforcement of the Statute. The decision was affirmed by the Second Circuit. Loper v. the New York City Police Department, 999 F.2d 699 (1993). Compl. at ¶¶ 40-44.

2

## The Enforcement of the Statute by The NYPD and the District Atotrney

Plaintiff alleges that notwithstanding the Loper injunction, NYPD officers have been making arrests under the Statute and the Bronx District Attorney's Office has prosecuted such arrested individuals for violating the Statute. Compl. at ¶¶ 45-50, 77-105. Plaintiff has not set out what efforts, if any, have been made to enforce the 1992 injunction granted by this Court in Loper. No State defendant was a party to Loper.

Plaintiff is a homeless man who "peacefully begs for money" in New York City. Compl. at ¶ 39. He alleges that despite the Loper injunction, he has been arrested by the NYPD. Compl. at ¶¶ 45-71. Plaintiff claims that the Bronx District Attorney's Office has prosecuted him for such violations. Compl. at ¶¶ 45-71. He further claims that he pled guilty to some of these alleged violations of the Statute, resulting in his being criminally sanctioned for such violations. Compl. at ¶¶ 45-71. Plaintiff sues the State defendants for "failing to prevent" the charges against him. Compl. at ¶ 75. The Complaint alleges only two instances where plaintiff challenged the legality of his arrest and prosecution under the statute. Both instances were in early 2004 and both ended with the charges being dismissed by the May 5, 2004 decision of Judge Joseph J. Dawson, Criminal Court, Bronx Co. Compl. at ¶¶ 55-69. The Complaint contains no allegation that Mr. Wise has been arrested since March, 2004 and no allegation that, when presented with a challenge to the legality of charges under the Statute, a state court failed to dismiss such charges.

## Plaintiff's Allegations Regarding the State Defendants

In addition to suing the NYPD, and the Bronx District Attorney, for continuing to enforce the Statute after the Loper decisions, plaintiff takes the additional, novel step of suing

3

Judges Kaye and Lippman and Commissioner Parker. Plaintiff alleges that the "practice" of
"processing" persons charged with violating the Statute through "through the court system"
constitutes unconstitutional conduct on the part of state court judges, clerks, and DCJS
personnel. Compl. at ¶ 4.

Plaintiff sues Chief Judge Kaye in her official capacity, alleging that she is
"responsible for the establishment and enforcement of the administrative policies of the of the
Unified Court System . . . and for these courts' compliance with the law." Compl. at ¶ 21.
Plaintiff sues Judge Lippman in his official capacity and alleges that he is responsible "for
supervising the administration and operation of the Unified Court System, and for promulgating
rules of conduct for judges." Compl. at ¶¶ 22, 107. Plaintiff alleges that "as a result of the formal
and informal procedures" promulgated by Judges Kaye and Lippman, people charged with
violations of the Statute are "processed through the court system on the basis of unconstitutional
and void charges". Compl. at ¶ 108. Plaintiff objects to the "acceptance of papers" charging
people with violations of the Statute, the imposition of bail, fines and surcharges, the issuance of
warrants, the acceptance of pleas and the maintenance of records in relation to alleged violations
of the Statute. Compl. at ¶ 108. Plaintiff alleges a "failure to train" Court personnel that "arrests,
summonses, prosecutions, warrants, sentences, and other court actions" taken pursuant to
violations of the Statute are "invalid." Compl. at ¶ 108.

Plaintiff sues Commissioner Parker in his official capacity, alleging that he is
"responsible for maintaining the state's criminal history fingerprint files, training of prosecutors
and law enforcement and collecting statewide crime data." Compl. at ¶ 24. Plaintiff alleges that
Commissioner Parker has wrongfully promulgated a number of formal and informal practices,

4

including the acceptance and processing of fingerprinting inquiries for individuals charged with violating the Statute, the maintenance and public dissemination of the records relating to prosecutions under the Statute, and the "failure to train" DCJS personnel. Compl. at ¶¶ 109-10.

Plaintiff claims that the State defendants knew or should have known that an arrest, prosecution or conviction of a citizen for violation of the Statute is unconstitutional. Compl. at ¶ 110. As a result, plaintiff alleges that the State defendants' "failure to train and supervise" court and DCJS personnel regarding their "obligation not to enforce" the Statute exhibited gross and wanton disregard for the plaintiff's constitutional rights and an "acquiescence in the known unlawful behavior of their subordinates." Compl. at ¶ 111.

Plaintiff alleges that by allowing persons charged with violations of the Statute to be "processed through the criminal justice system", the State defendants violated such persons' constitutional rights in derogation of 42 U.S.C. § 1983. Compl. at ¶¶ 152-56. There is no allegation in the Complaint that any of the State defendants were responsible for enforcing the Statute or ever personally took any action in relation to a prosecution for a violation of the Statute.

**Relief Plaintiff Seeks As Against the State Defendants**

Plaintiff seeks declaratory and prospective injunctive relief against the State defendants. Plaintiff asks for a declaration that the State defendants have "committed the violations of law alleged in this action." Compl., Wherefore Cl. at ¶ 1. Plaintiff asks for injunctive relief directing State defendants to "cease enforcement" of the Statute and to take "all appropriate ameliorative measures to ensure that no one is arrested, summonsed or prosecuted" for violations of the Statute. Compl., Wherefore Cl. at ¶ 2. Specifically, plaintiff asks for this

5

Court to award injunctive relief against Judges Kaye and Lippman and Commissioner Parker directing them to: (1) inform or "train" all current and future judges, court and DCJS personnel that the Statute is "void"; (2) contemporaneously track all charges under the Statute so that they can be "immediately terminated"; (3) remove or destroy "all records of any arrest, charge, prosecution or conviction" under the Statute, including any mug shots and fingerprints; and (4) expunge any convictions or warrants relating to violations of the Statute. Compl., Wherefore Cl. at ¶ 2(B), (E)-(H); 3(A-C). Plaintiff seeks an award of attorneys fees pursuant to 42 U.S.C. § 1988.

## Procedural Background of the Instant Case

On or about June 9, 2005, plaintiff commenced this putative class action accompanied by plaintiff's "Motion for a Temporary and Preliminary Order". On June 10, 2005, this Court heard plaintiff on the application for temporary relief. On June 20, 2005, State defendants submitted a letter motion in opposition to the request for preliminary relief. On June 21, 2005, this Court ordered that the plaintiff show cause, by June 24, 2005, why the State defendants should not be dismissed from the action and directed plaintiff to set forth the basis for his alleged entitlement to preliminary relief. On June 24, 2005, plaintiff submitted a letter opposing dismissal and a letter in further support of his request for preliminary relief. On June 29, 2005, State defendants submitted a reply on the issue of the preliminary relief requested by the plaintiff. By order dated July 1, 2005, this Court declined to issue a preliminary injunction against the State defendants and reserved decision on the motion to dismiss pending the submission of a formal motion.

6

On or about June 23, 2005, the plaintiff and City defendants voluntarily entered into a stipulation which was made into an order of this Court. In that stipulation and order, the City defendants agreed to: (1) cease enforcement of the Statute; (2) dismiss all pending charges relating to violations of the Statute; (3) vacate or dismiss all warrants and summons relating solely to violations of the Statute; (4) submit to the Court's jurisdiction for the enforcement of the stipulation and order; and (5) confirm the method and means that City defendants used to send notice to all NYPD and City prosecutors to cease enforcement and prosecutions under the Statute. See Connell Decl., Ex. B-H.

For the reasons set forth herein, this Court should dismiss plaintiff's claims against the State defendants.

## ARGUMENT

### POINT I

## THIS COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE THERE IS NO JUSTICIABLE CASE OR CONTROVERSY BETWEEN THE STATE DEFENDANTS AND THE PLAINTIFF.

Plaintiff bears the burden of establishing that this Court has jurisdiction over his claims. See Linardos v. Fortuna, 157 F.3d 945, 947 (2d Cir. 1998).

Pursuant to Article III of the United States Constitution, federal courts may not assert jurisdiction over a claim unless there is an actual, justiciable "case or controversy" presented. O'Shea v. Littleton, 414 U.S. 488, 493 (1974); Miller v. Silbermann, 951 F.Supp. 485, 489 (S.D.N.Y. 1997). "It is fundamental that to be heard in a federal court, a 'controversy' between litigants must be 'definite and concrete, touching the legal relationships of the parties having adverse legal interests.'" In re Justices of Supreme Court, 695 F.2d 17, 21 (1st Cir.

7

1982)(citations omitted). Article III prohibits federal courts from adjudicating claims when the parties lack the required adverse legal interests. Because plaintiff cannot fairly allege that any State defendant has an adverse legal position to him, there is no justiciable case or controversy here sufficient to provide standing pursuant to Article III as against the State defendants and this case is subject to dismissal. Fed. R. Civ. P. Rule 12(b)(1). See, e.g., Golden v. Zwickler, 394 U.S. 103, 110 (1969); Miller v. Silbermann, 951 F.Supp. at 490.

A party challenging the enforcement of a state statute may not properly do so by suing a state court judge or clerk, because no justiciable case or controversy exists between that party and the state judiciary. See Mendez v. Heller, 530 F.2d 457 (2d Cir. 1976); Gras v. Stevens, 415 F.Supp. 1148, 1151 (S.D.N.Y., 1976). See also In re Justices of Supreme Court, 695 F.2d at 22 (noting that judges are not proper parties to attacks on the constitutionality of a statute, since their role in such instances is to decide the law "as arbiters without a personal or institutional stake on either side of the constitutional controversy."). These cases hold that rather than being an adversary to the plaintiff in such an instance, the court system is the impartial arbiter of the underlying dispute.

For example, in Mendez, a case challenging the constitutionality of a state statute, the Second Circuit found that a state court judge and court clerk did not have legal interests sufficiently adverse to appellant to create a justiciable controversy. Mendez v. Heller, 530 F.2d at 459. The plaintiff in Mendez, as here, attempted to avoid the lack of adverse interests by claiming to have been injured by the administrative practices of the state court- suing the judge as the supervisor of the clerks. Id. The Second Circuit rejected this compartmentalization of the court's role and recognized that the gravamen of plaintiff's complaint, as here, arises from the

8

adjudicatory role of the state court. Id. The Second Circuit held that the state judge takes no pre-existing position on the merits of a claim before the court but sits as a disinterested neutral adjudicator and thus there is no "honest and actual antagonistic assertion of rights" in a suit against a state court. Id.

Similarly, in Gras v. Stevens, 415 F.Supp. 1148, 1151 (S.D.N.Y. 1976), the court held that there was no justiciable controversy as against state court judges in an action challenging the constitutionality of a state statute because under their oath of office, state judges would address the constitutionality of the statute when it came before them and would have the same obligation to uphold the federal Constitution as federal judges. State officials, including but not limited to judges, who are not responsible for the enforcement of a state statute lack a sufficiently adverse interest to establish an Article III case or controversy. See, e.g., Mendez, 530 F.2d at 459-50 (holding that neither court clerks nor the state attorney general had a sufficiently adverse legal interest to plaintiff and thus there was no justiciable case or controversy as to these defendants).

Plaintiff here has failed to demonstrate that any of the three State defendants has assumed a position adversarial to him. The State defendants do not "enforce" the Statute. They do not investigate or arrest for alleged violations of the Statute. They do not prosecute such alleged violations. Instead, state court judges act as disinterested adjudicators. This is borne out by the allegations in the Complaint. In the two instances plaintiff alleges where the Statute was challenged, the charges against him were dismissed by the state court. Compl. at ¶¶ 55-69. A corollary to the courts' role as a neutral arbitrator is the role of court clerks and DCJS personnel to make a record of events and of the disposition of criminal prosecutions in accordance with

9

New York State law.

In his June 24, 2005 submission to oppose dismissal, plaintiff attempted to avoid this lack of adversity by claiming that he has standing to sue State defendants in their administrative capacities, alleging he can establish that: (1) he has suffered an "injury in fact" from the State defendants' administrative functions; (2) the injury is traceable to challenged action; and (3) the injury is likely to be redressed by the relief sought. Northeastern Fla. Chapter of the Assoc. Gen. Cont. v. Jacksonville, 508 U.S. 656, 663-664 (1983). See Connell Decl., Exhibit D at p. 7 (Katherine Rosenfeld letter).

Plaintiff's alleged injury caused by the "administrative" actions of the State defendants is the taking of fingerprints, maintenance of records, alleged public distribution of records and the imposing of any fines or fees which were collected from him for violations of the Statute. See Exhibit D at p. 8. However, all of these "injuries", with the exception of any injury arising out of the taking of his fingerprints by the NYPD, arise out of the adjudicatory role of the courts. If plaintiff were convicted or pled guilty to a violation of the Statute, the clerks could not refuse to record such disposition. If upon a determination of guilt, the court imposes fines or fees, clerks are not free to simply disobey a court's direction and refuse such fines or fees. In any case, in such instance, the clerks are not adverse to the plaintiff but are merely effectuating a court order or recording events which occurred in court.

Furthermore, plaintiff fails to allege any injury caused by the State defendants' administrative actions which is sufficient to establish Article III standing as against them. Because plaintiff seeks injunctive and declaratory relief, he may not rely upon past injury but must, instead, allege a likelihood of imminent future injury. Los Angeles v. Lyons, 461 U.S. 95,

10

106 (1983). In order to assert a justiciable case or controversy, there must be a genuine threat of enforcement of the contested statute. "[A]llegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm." St. Martin's Press, Inc. v. Carey, 605 F.2d 41, 44 (2d Cir. 1979)(quotations and citation omitted). So, in this case, plaintiff would have to allege that the NYPD will arrest him for a violation of the Statute, the District Attorney's Office will prosecute him and that even if he presents a challenge to his prosecution under Loper, a state court will refuse to consider his challenge to the application of the Statute or will refuse to dismiss charges against him under the Statute. Id. See also O'Shea, 414 U.S. at 495-6; Shain v. Ellison, 356 F.3d 211, 215 (2d Cir. 2004); Miller v. Silbermann, 951 F.Supp. at 490. Even taking plaintiff's allegations as true, in every instance cited by plaintiff where the Statute was challenged based upon Loper, the state courts have dismissed charges under the Statute. Plaintiff thus cannot establish the requisite injury to have standing as against the State defendants.

Plaintiff's real injury is in being arrested, charged and prosecuted under the statute. All of the alleged "administrative" actions taken by the State defendants are legally required actions incidental to either the arrest and prosecution of plaintiff (which is caused by the NYPD and the City prosecutors) and/or the adjudication of plaintiff's alleged violation of the Statute (and plaintiff has failed to identify even a single instance where the application of the Statute was raised in state courts and charges were not dismissed). State defendants do not "take" plaintiff's fingerprints but must process any fingerprints provided to DCJS by the police.[1]

---

[1] The offense set out in the Statute is defined as a violation. Law enforcement agencies are not required to, but may, submit fingerprints of someone arrested for this offense for the purposes of identification. See Penal Law § 10.00(3); CPL §§ 160.10 and 160.20. DCJS is required by law to process such prints but, where fingerprints are submitted only in regard to

11

DCJS and the court system must accurately record criminal prosecutions and their dispositions. Regarding plaintiff's criminal history, the courts and DCJS are required to accurately record the filing and disposition of criminal prosecutions. The State defendants do not control the police or prosecutors office and thus cannot determine who is arrested or who is prosecuted. The courts must adjudicate such claims and the courts and DCJS must keep records of the same. In the event that plaintiff's criminal record should be corrected or changed, there is a mechanism for making such corrections. Plaintiff does not allege that he ever made any effort to correct such record. Thus, plaintiff cannot assert an actual injury in fact caused by the State defendants' administrative functions.

Finally, in order to invoke the jurisdiction of the federal courts, plaintiff must show an injury "likely to be redressed by the requested relief". Renne v. Geary, 501 U.S. 312, 319 (1991). See also ASARCO Inc. v. Kadish, 490 U.S. 605, 615-616 (1989); Allen v. Wright, 468 U.S. 737, 751 (1984); Simon v. Eastern Ky. Welfare Rights Organization, 426 U.S. 26, 38 (1976). As set out below in Point IV, plaintiff's requested relief will not redress his alleged injury and plaintiff, even under his own test, lacks standing to sue the State defendants.

There being no justiciable case or controversy under Article III, this case must be dismissed as against the State defendants.

_____

charges under the Statute or other violation, they are not kept by DCJS, nor is a record of the arrest maintained. Only a disposition relating to an alleged violation of the Statute would be recorded by DCJS and, in that instance, if the prosecution is terminated favorably to an accused (with a favorable termination including a guilty plea or conviction of only a violation), such record is sealed pursuant to CPL § 160.50. Thus, if plaintiff were arrested or charged only with a violation of the Statute or other lesser charges, DCJS would not maintain any records other than a record of the disposition, which would, in any event, be sealed.

## POINT II

### PRINCIPLES OF COMITY, FEDERALISM AND EQUITY MANDATE THE DISMISSAL OF THIS ACTION AS AGAINST THE STATE DEFENDANTS

In this action, plaintiff seeks extraordinary injunctive relief relating to the state criminal court system. Even assuming Article III jurisdiction existed, this Court should not order any relief against the State defendants and should abstain from hearing the case against them, because issuing an order of relief against the State defendants would offend fundamental principles of comity, federalism and equity. Abstention is particularly appropriate here, where plaintiff has sued the parties responsible for enforcement of the Statute and has obtained a so-ordered stipulation from these parties prohibiting further wrongful conduct.

In recognition of "the dignity of states as co-equal sovereigns in our federal system," federal courts must generally refrain from enjoining or otherwise interfering in state court proceedings. Spargo v. N.Y. State Comm'n on Judicial Conduct, 351 F.3d 65, 75 (2d Cir. 2003). See also Bedrosian v. Mintz, 518 F.2d 396, 399 (2d Cir. 1975). This understanding that the state courts constitute a competent, parallel adjudicatory system underlies the federal abstention doctrine set out in Younger v. Harris, 401 U.S. 37 (1971) and O'Shea v. Littleton, 414 U.S. at 499 and "counsels restraint" against the issuance of injunctions against state court proceedings. Id. In fact, these federalism and equity principles are so fundamental that federal court abstention has been repeatedly upheld and is appropriate even where state prosecutions are only threatened, as opposed to ongoing. See Younger, 401 U.S. at 45-6; Spielman Motor Sales Co. v. Dodge, 295 U.S. 89 (1935).

13

As the Supreme Court recognized in O'Shea v. Littleton, "principles of equity, comity and federalism" preclude federal intervention in state proceedings where a litigant seeks "an injunction aimed at controlling or preventing the occurrence of specific events that might take place in the course of future state ... trials". O'Shea, 414 U.S. at 499-500. Enforcement of such injunctions would create "nothing less than an ongoing federal audit of state ... proceedings which would indirectly accomplish the kind of interference that Younger v. Harris ... sought to prevent." O'Shea, 414 U.S. at 500.

In deference to these federalism principles, courts in this Circuit have declined to interfere with the internal administration of New York courts. In Miller v. Silbermann, for instance, the district court, invoking "comity abstention," refused to enjoin certain contested practices of the New York City Civil Court. Miller, 951 F. Supp. at 491-492. Even in the absence of a specific ongoing state proceeding, the district court found abstention warranted "where the equitable relief sought would inappropriately require the federal court to supervise institutions central to the state's sovereignty." Miller, 951 F. Supp. at 491-492. There, as here, the relief sought involved the state court system, rendering "the equitable restraint considerations ... 'nearly absolute.'" Miller, 951 F. Supp. at 492 (citing Parker v. Turner, 626 F.2d 1 (6th Cir. 1980)). See also Bedrosian, 518 F.2d at 399.

In this case, plaintiff asks the federal court to intrude upon the functioning of the state criminal courts in a manner highly offensive to principles of comity and federalism. The claims against the State defendants are based upon their "processing" of criminal cases commenced by the NYPD and the City prosecutors and the supportive and recording services

14

provided ancillary to such processing. Of course, the "processing" plaintiff refers to is the state court's adjudication of claims filed against plaintiff and the keeping of records relating to such adjudications.

Plaintiff's request for relief would require the federal court to intricately direct the conduct of the state criminal courts and the supportive functions performed by DCJS, including overseeing and ensuring that, inter alia, "remedial training" is received by all state criminal court and DCJS personnel to inform them that the Statute is allegedly unconstitutional, all records of arrests and prosecutions under the Statute are expunged by the state courts and by DCJS, to somehow implement a system to contemporaneously track and terminate arrests and summonses under the system. Presumably, the State defendants' compliance with such relief would be monitored by the federal courts indefinitely and the State defendants could be subject to further proceedings against them in federal court to enforce the order.

New York State, as a sovereign, has a parallel judicial system, which, under accepted jurisprudential principles, is entitled to the presumption that it is capable of addressing properly presented complaints (or defenses) alleging violations of federal constitutional rights. The operation of the state court system, and the jurisdiction of the state courts to hear and decide cases arising under its state penal law, are state interests of utmost importance, upon which this Court should not intrude. This Court already has the so ordered stipulation of the NYPD and City defendants to the effect that they will cease further prosecutions under the Statute. Nothing further is warranted.

15

## POINT III

## PLAINTIFF HAS FAILED TO STATE A CAUSE OF ACTION AGAINST THE STATE DEFENDANTS UNDER 42 USC § 1983

Plaintiff's claims against the State defendants must be dismissed as he fails to

state a claim upon which relief can be granted under 42 U.S.C. § 1983.

## A.   Plaintiff's § 1983 Claims Are Fatally Defective Because He Has Failed to Allege Any Personal Involvement By the State Defendants

Plaintiff's § 1983 claims are fatally defective because he fails to allege any

personal involvement by the State defendants in the alleged wrongful acts. See, e.g., Rosa R. v.

Connelly, 889 F.2d 435, 437 (2d Cir. 1989)(absent allegations that state official was directly and

personally responsible for the purported unlawful conduct, § 1983 claim did not lie); Alfaro

Motors, Inc. v. Ward, 814 F.2d 883, 886 (2d Cir. 1987)(complaint dismissed where it was

devoid of allegations that named defendants were directly and personally responsible for the

purported unlawful conduct); Brewer v. Village of Old Field, 311 F.Supp.2d 390 (E.D.N.Y.

2004) (Spatt, J.). Where a state official is sued in a challenge to the constitutionality of a state

statute, it is clear that the officer must have some connection to the enforcement of the statute

and a general obligation to uphold the law or the constitution, on its own, will not suffice. See

Warden v. Pataki, 35 F.Supp. 2d 354, 359 (S.D.N.Y., 1999), aff'd, 201 F.3d 430 (2d Cir. 1999);

Romeu v. Cohen, 121 F.Supp.2d 264, 272 (S.D.N.Y. 2000), aff'd, 265 F.3d 118 (2d Cir. 2001);

N.Y.S. Motor Truck Ass'n v. Pataki, 2004 U.S. Dist. LEXIS 25519 (S.D.N.Y. 2004)(Daniels,

J.). See also Ex parte Young, 209 U.S. at 155-156 (state official must have some connection

with the enforcement of the act or action does not lie); Gras v. Stevens, 415 F.Supp. at 1151-52;

Wang v. Pataki, 164 F. Supp. 2d 406, 410 (S.D.N.Y. 2001).

16

Here, plaintiff has failed to allege any personal involvement in any alleged constitutional violations by the State defendants. Plaintiff has not stated how any conduct by Judges Kaye and Lippman or Commissioner Parker violated any of his constitutional rights. Nor has plaintiff alleged that the State defendants were responsible for enforcing the challenged Statute. His § 1983 claims must thus be dismissed.

## B. Additionally, Suit Does Not Lie Under § 1983 as Against Judges in their Adjudicative Roles.

It is fundamental that § 1983 "does not provide relief against judges acting purely in their adjudicative capacity." In re Justices of Supreme Court, 695 F.2d at 22. Much as a "state official's duty to execute the laws is not enough by itself to make that official a proper party in a suit challenging a state statute," Warden v. Pataki, 35 F.Supp.2d at 359, an "action taken by a state court judge solely in his/her adjudicatory role does not constitute state action" for purposes of provision of relief under § 1983. Nollet v. Justices of Trial Court of Commonwealth of Mass., 83 F.Supp.2d 204, 211 (D.Mass. 2000), aff'd, 248 F.3d 1127 (1st Cir. 2000); Gras v. Stevens, 415 F.Supp. at 1151-52. See also Brandon E. ex rel. Listenbee v. Reynolds, 201 F.3d 194, 199 (3d Cir. 2000); Bauer v. Texas, 341 F.3d 352, 361 (5th Cir. 2003). Wolfe v. Strankman, 392 F.3d 358 (9th Cir. 2004). Thus, judges, acting in their judicial capacities, are not proper parties to § 1983 actions. Wolfe v. Strankman, 392 F.3d at 365; Grant v. Johnson, 15 F.3d 146, 148 (9th Cir. 1994).

Plaintiff attempts to avoid this clear prohibition by purporting to sue Judges Kaye and Lippman as administrators. Compl. at ¶¶ 21 and 22. However, the allegations and the relief sought as against Judges Kaye and Lippman address not their administrative, but their judicial functions.

17

Plaintiff alleges that it was wrongful for Judges Kaye and Lippman to allow the state courts, and their personnel, to accept the filing of charges for violations of the Statute, issue warrants based upon the Statute, maintain and disseminate court records relating to violations and the statute and to fail to "train court employees that arrests, summonses, prosecutions, warrants, sentences and other court actions taken pursuant to [the Statute] are invalid because the statute was declared unconstitutional." Compl. at ¶¶ 21-22, 107-112, 152-156. All of these asserted bases of wrongdoing invoke or rely upon the adjudicatory or judicial function of the state courts. See Mendez v. Heller, 530 F.2d at 460(Second Circuit rejected plaintiff's artificial attempt to sue judge and clerks for their "administrative" actions where plaintiff's complaint really arose out of court's judicial functions). Dismissing charges as unconstitutional, issuing warrants, imposing sentences and fines are all quintessentially judicial functions. Since it is clear from a reading of the complaint that plaintiff's claims against Judges Kaye and Lippman arise from their adjudicatory functions, they are barred by § 1983 and must be dismissed.

## C.    Section 1983 Bars the Injunctive Relief Sought by Plaintiff

Moreover, § 1983 specifically bars the injunctive relief plaintiff seeks against Judges Kaye and Lippman. Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. An injunction against a judicial officer is prohibited by § 1983 absent a showing that a prior declaratory judgment has been entered against the judicial officer in question and the judicial officer has violated that declaration. See, e.g., Tesmer v. Granholm, 333 F.3d 683, 703-

18

704 (6th Cir. 2003) ("Failure of a judge unnamed in a declaratory decree to abide by such

declaration does not allow a district court to throw caution to the wind and summarily bind all

judges"), rev'd on other grounds, 125 S.Ct. 564 (2004). See, also, Sundwall v. Leuba, 2001 U.S.

Dist. Lexis 737 (D.Conn. 2001), aff'd,28 Fed. Appx. 11 (2002)(holding that injunctive relief

was not available against state judges where a declaratory decree had not been violated).

Plaintiff does not plead that Judges Kaye and Lippman have violated any

declaratory decree to which they were a party and cannot so plead, for the obvious reason that

the State defendants have not been parties to any suit in which plaintiff sought federal judicial

relief. Accordingly, by § 1983's own terms, plaintiff is not entitled to obtain any injunctive

relief as against Judges Kaye and Lippman.

## POINT IV

### THE RELIEF PLAINTIFF SEEKS IS EITHER LEGALLY BARRED OR WOULD NOT REMEDY THE HARMS HE ALLEGES

In order to establish that he has standing to bring this suit or to obtain equitable

relief, plaintiff must establish that the relief he seeks will remedy his alleged injury. O'Shea,

414 U.S. at 499. See also Renne v. Geary, 501 U.S. 312, 319 (1991); ASARCO Inc. v. Kadish,

490 U.S. 605, 615-616 (1989); Allen v. Wright, 468 U.S. 737, 751 (1984); Simon v. Eastern Ky.

Welfare Rght. Org., 426 U.S. 26, 38 (1976). However, the relief plaintiff seeks against the State

defendants is either barred by federal or state law or would not remedy the harm he alleges.

To the extent that plaintiff asks the federal court to order the state courts to

dismiss charges under the Statute, the relief is barred. The federal court determination in Loper,

that the Statute is unconstitutional is persuasive but not binding upon the state criminal courts.

19

While New York State courts may choose to adopt federal determinations, they are not obligated to follow the constitutional analysis rendered by a federal district or circuit court. People v. Kin Kan, 78 N.Y.2d 54, 60, 571 N.Y.S.2d 436, 439 (1991). See also New York R.T. Corp. v. City of New York, 275 N.Y. 258, 265 (1937), aff'd, 303 U.S. 573 (1938); People ex rel Ray v. Martin, 294 N.Y. 61, 73 (1945); U.S. ex rel. Lawrence v. Woods, 432 F.2d 1072 (7th Cir. 1970), cert. den'd, 402 U.S. 983 (1971); Ohio v. Burnett, 755 N.E.2d 857 (2001).

The Court cannot order Judges Kaye and Lippman, as administrators, to stop the hearing and determination of charges under the Statute by state courts. Judges Kaye and Lippman are not authorized to assume state trial courts' adjudicative functions or influence trial courts in making their judicial determinations, they cannot legally, as administrators, direct state courts to dismiss claims before them, direct them *not* to hear particular cases presented to them, or direct them to find that Penal Law § 240.35(1) is unconstitutional. See New York State Constitution, art. VI, § 28; Judiciary Law §§ 210-12; and 22 NYCRR § 80.1 et seq. See also Mendez v. Heller, 530 F.2d at 460. See also Balogh v. H.R.B. Caterers, Inc., 88 A.D.2d 136, 143, 452 N.Y.S.2d 220, 225-26 (1st Dep't 1982); Lang v. Pataki, 176 Misc.2d at 691-692, 674 N.Y.S.2d at 914-15. Accordingly, the relief plaintiff seeks to impose upon Judges Kaye and Lippman cannot be effectuated by them in their administrative capacity. As set forth above in Point III, relief cannot be granted against Judges Kaye and Lippman in their adjudicative capacities under § 1983.

Nor can this Court order the expungement of convictions from plaintiff's criminal history. Plaintiff's convictions for violations of the Statute are state court determinations. Plaintiff was free to litigate the constitutionality of the Statute in those

20

proceedings or to appeal such determinations to state appellate courts. However, this Court is barred by the Rooker-Feldman doctrine from modifying or overturning those state court adjudications. Under Rooker-Feldman, the federal district courts lack subject matter jurisdiction if the exercise of jurisdiction would result in the reversal or modification of state court judgments. Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983); Sassower v. Mangano, 927 F. Supp. 113, 119 (S.D.N.Y. 1996), aff'd, 122 F.3d 1057 (2d Cir. 1997), cert. denied, 525 U.S. 872 (1998). See, also, Mackenzie v. Donovan, 2005 U.S. Dist. LEXIS 13302 (S.D.N.Y. 2005)(Conner, J.); Sundwall v. Leuba, 2001 U.S. Dist. Lexis 737; Tsabbar v. Booth, 293 F.Supp.2d 328, 334 (S.D.N.Y. 2003)(Berman, J.); Weissbrod v. Housing Part of the Civil Court of the City of New York, 293 F.Supp.2d 349, 354 (S.D.N.Y. 2003)(Berman, J.). Thus, this Court does not have subject matter jurisdiction to overturn the state court judgments against petitioner and cannot direct the voiding or expungement of such judgments.

To the extent that the plaintiffs want this Court to order the State defendants to take upon themselves a duty to somehow prevent arrests and prosecutions under the Statute, this relief is barred. The federal courts have "no supervisory authority over the state courts and have no power to establish rules of practice for the state courts." Wallace v. Kern, 499 F.2d 1345, 1351 (2d Cir. 1974), cert. den'd, 414 U.S. 1135 (1974). Even if granted, in crafting equitable relief against any state entity, federal courts may not prescribe specifically the actions of a state entity to remedy future violations except as a last resort. See, e.g., Knox v. Salinas, 193 F.3d 123 (2d Cir. 1999). This is particularly true where the equitable relief at issue involves interfering with the state's judicial system. Huffman v. Pursue, Ltd., 420 U.S. 592, 604 (1975).

21

Furthermore, in light of the so ordered stipulation executed by the City in which the City

defendants have agreed to cease arrests and prosecutions under the Statute, a further order

against the State defendants would do nothing to prevent arrests and prosecutions in New York

City.

In light of the foregoing, it is respectfully submitted that plaintiff's claims against

the State defendants be dismissed with prejudice.

22

## CONCLUSION

**FOR ALL THE FOREGOING REASONS, STATE DEFENDANTS ASK
THAT THE COURT DISMISS PLAINTIFF'S COMPLAINT, WITH
PREJUDICE, AND GRANT SUCH OTHER AND FURTHER RELIEF AS
THE COURT DEEMS JUST, PROPER AND APPROPRIATE.**

Dated: New York, New York
     August 19, 2005

                      Respectfully submitted,

                      ELIOT SPITZER
                      Attorney General of the
                      State of New York
                      Attorney for State Defendants

                      By:

                      MONICA CONNELL (MC-9841)
                      Assistant Attorney General
                      120 Broadway, 24th Floor
                      New York, New York 10271
                      (212)416-8965

MONICA CONNELL
Assistant Attorney General
of Counsel

                      MICHAEL COLODNER, COUNSEL
                      Office of Court Administration
                      Attorney for Defendants Judge Judith Kaye and
                      Judge Jonathan Lippman
                      Michael Colodner (MC-8373)
                      25 Beaver Street
                      New York, N.Y. 10004
                      (212) 428-2150

MICHAEL COLODNER
of Counsel

23