UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

EDDIE WISE, on Behalf of Himself and Others Similarly Situated,

                                      Plaintiffs,

             -against-

RAYMOND W. KELLY, Commissioner of the New York City Police Department (NYPD); BARRY M. BUZZETTI, Captain and Commanding Officer of the 48th Precinct; JOHN/JANE DOES 1-50 (NYPD Supervisory, Training, and Policy Personnel); CITY OF NEW YORK; Police Officers MICHAEL CURLY, COREY HARRIS, MIGUEL MUSSE, KEVIN LYNCH, JOHN BRENNAN, JOHN/JANE DOES 51-100 (police officers); ROBERT JOHNSON. District Attorney of Bronx County; and JOHN.JANE DOES 101-125 (Supervisory, Training, and Policy Personnel with the district attorneys offices); JUDITH KAYE, in her capacity as Chief Judge of the Unified Court System; JONATHAN LIPPMAN, in his capacity as Chief Administrative Judge of the Unified Court System; and CHAUNCEY G. PARKER, in his capacity as Director of Criminal Justice and Commissioner of the New York State Division of Criminal Justice Services ("DCJS");

                                      Defendants.

------------------------------------------------------------------ x

**ANSWER**

05 CV 5442 (SAS)

**JURY TRIAL DEMANDED**

       Defendants CITY OF NEW YORK, RAYMOND W. KELLY, and ROBERT JOHNSON (hereinafter "City Defendants") by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer, respectfully allege, upon information and belief, as follows:

       1.     Defendants state that the statement set forth in paragraph "1" of the complaint does not constitute an averment to which a response is required.

2.  Defendants state that the statement set forth in paragraph "2" of the complaint does not constitute an averment to which a response is required.

3.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint regarding plaintiff's conduct, except admits that plaintiff was arrested after 2002 and charged with a violation of P.L. § 240.35(1).

4.  Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to proceed as stated therein.

5.  Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to proceed as stated therein.

6.  Deny the allegations set forth in paragraph "6" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

7.  Deny the allegations set forth in paragraph "7" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

8.  Deny the allegations set forth in paragraph "8" of the complaint, except admit that plaintiff purports to base venue as stated therein.

9.  Defendants state that the statement set forth in paragraph "9" of the complaint does not constitute an averment to which a response is required.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that the City of New York is a municipal corporation and maintains a police department. Defendants also respectfully refer the Court to the New York City Charter and Administrative

code for a recitation of the relationship between defendant City and the New York City Police Department.

    12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that the City of New York, along with the State of New York, maintains a District Attorney's office in Bronx County.

    13. Defendants state that the allegations set forth in paragraph "13" of the complaint are conclusions of law rather than averments of fact to which no response is required.

    14. Defendants state that the allegations set forth in paragraph "14" of the complaint are conclusions of law rather than averments of fact to which no response is required, except admit that Raymond Kelly is the Police Commissioner of the City of New York.

    15. Defendants state that the allegations set forth in paragraph "15" of the complaint are conclusions of law rather than averments of fact to which no response is required, except admit that Barry Buzzetti is employed by the City of New York.

    16. Deny the allegations set forth in paragraph "16" of the complaint.

    17. Defendants state that the allegations set forth in paragraph "17" of the complaint are conclusions of law rather than averments of fact to which no response is required, except admit that Corey Harris, Miguel Musse, Kevin Lynch, and John Brennan are employed by the City of New York. Defendants further admit that Michael Curley was employed by the City of New York.

    18. Deny the allegations set forth in paragraph "18" of the complaint.

    19. Defendants state that the allegations set forth in paragraph "19" of the complaint are conclusions of law rather than averments of fact to which no response is required, except admit that Robert Johnson was and is the District Attorney of Bronx County.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Defendants state that the statement set forth in paragraph "23" of the complaint does not constitute an averment to which a response is required.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint regarding the conduct of the City Defendants, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the conduct of the remaining defendants.

26. Deny the allegations set forth in paragraph "26" of the complaint, except admit that plaintiff purports to proceed as set forth therein.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint, except admit that plaintiff purports to proceed as set forth therein.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Defendants state that the statement set forth in paragraph "38" of the complaint does not constitute an averment to which a response is required.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Defendants state that the statement set forth in paragraph "40" of the complaint does not constitute an averment to which a response is required.

41. Defendants state that the statement set forth in paragraph "41" of the complaint does not constitute an averment to which a response is required.

42. Defendants state that the statement set forth in paragraph "42" of the complaint does not constitute an averment to which a response is required.

43. Defendants state that the allegations set forth in paragraph "43" of the complaint are conclusions of law rather than averments of fact to which no response is required.

44. Defendants state that the allegations set forth in paragraph "44" of the complaint are conclusions of law rather than averments of fact to which no response is required,

45. Deny the allegations set forth in paragraph "45" of the complaint, except admit that plaintiff has been arrested since 2002.

46. Deny the allegations set forth in paragraph "46" of the complaint, except admit that plaintiff has been prosecuted since 2002.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the complaint.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the complaint.

50. Defendants state that the statement set forth in paragraph "50" of the complaint does not constitute an averment to which a response is required.

51. Deny the allegations set forth in paragraph "51" of the complaint, except admit that plaintiff was arrested on or about September 12, 2002 and charged with P.L. §240.35(1). Further, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the disposition of that prosecution.

52. Deny the allegations set forth in paragraph "52" of the complaint, except admit that plaintiff was arrested on or about February 7, 2003 and charged with P.L. §240.35(1). Further, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the disposition of that prosecution.

53. Deny the allegations set forth in paragraph "53" of the complaint, except admit that plaintiff was arrested on or about July 6, 2003 and charged with P.L. §240.35(1). Further, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the disposition of that prosecution.

54. Deny the allegations set forth in paragraph "54" of the complaint, except admit that plaintiff was arrested on or about January 4, 2004 and charged with P.L. §240.35(1).

Further, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the disposition of that prosecution.

55. Deny the allegations set forth in paragraph "55" of the complaint, except admit that plaintiff was arrested on or about January 25, 2004 and charged with P.L. §240.35(1). Further, defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the disposition of that prosecution.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the complaint.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the complaint.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the complaint.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the complaint.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "60" of the complaint.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the complaint.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "62" of the complaint.

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the complaint.

64. Deny the allegations set forth in paragraph "64" of the complaint, except admit that plaintiff was arrested on or about March 9, 2004 and charged with P.L. §240.35(1).

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the complaint.

66. Deny the allegations set forth in paragraph "66" of the complaint, except admit that plaintiff was arrested on or about March 31, 2004 and charged with P.L. §240.35(1).

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the complaint.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the complaint.

69. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the complaint.

70. Deny the allegations set forth in paragraph "70" of the complaint, except admit that plaintiff was arrested on multiple other occasions and charged with P.L. §240.35(1).

71. Deny the allegations set forth in paragraph "71" of the complaint, except admit that plaintiff was arrested on multiple other occasions and charged with P.L. §240.35(1).

72. Deny the allegations set forth in paragraph "72" of the complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the number of days plaintiff was incarcerated.

73. Deny the allegations set forth in paragraph "73" of the complaint.

74. Deny the allegations set forth in paragraph "74" of the complaint.

75. Deny the allegations set forth in paragraph "75" of the complaint.

76. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "76" of the complaint.

77. Deny the allegations set forth in paragraph "77" of the complaint.

78. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "78" of the complaint.

79. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "79" of the complaint.

80. Deny the allegations set forth in paragraph "80" of the complaint.

81. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "81" of the complaint, except admit that arrests for P.L. §240.25(1) were made in the 48th precinct.

82. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "82" of the complaint.

83. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "83" of the complaint.

84. Deny the allegations set forth in paragraph "84" of the complaint.

85. Deny the allegations set forth in paragraph "85" of the complaint.

86. Deny the allegations set forth in paragraph "86" of the complaint.

87. Deny the allegations set forth in paragraph "87" of the complaint.

88. Deny the allegations set forth in paragraph "88" of the complaint.

89. Deny the allegations set forth in paragraph "89 of the complaint.

90. Deny the allegations set forth in paragraph "90" of the complaint.

91. Deny the allegations set forth in paragraph "91" of the complaint.

92. Deny the allegations set forth in paragraph "92" of the complaint.

93. Deny the allegations set forth in paragraph "93" of the complaint.

94. Deny the allegations set forth in paragraph "94" of the complaint.

95. Deny the allegations set forth in paragraph "95" of the complaint.

96. Deny the allegations set forth in paragraph "96" of the complaint.

97. Deny the allegations set forth in paragraph "97" of the complaint.

98. Deny the allegations set forth in paragraph "98" of the complaint.

99. Deny the allegations set forth in paragraph "99" of the complaint.

100. Deny the allegations set forth in paragraph "100" of the complaint.

101. Deny the allegations set forth in paragraph "101" of the complaint.

102. Deny the allegations set forth in paragraph "102" of the complaint.

103. Deny the allegations set forth in paragraph "103" of the complaint.

104. Deny the allegations set forth in paragraph "104" of the complaint.

105. Deny the allegations set forth in paragraph "105" of the complaint.

106. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "106" of the complaint.

107. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "107" of the complaint.

108. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "108" of the complaint.

109. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "109" of the complaint.

110. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "110" of the complaint.

111. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "111" of the complaint.

112. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "112" of the complaint.

113. In response to the allegations set forth in paragraph "113" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "112" of this answer, as if fully set forth herein.

114. Deny the allegations set forth in paragraph "114" of the complaint.

115. Deny the allegations set forth in paragraph "115" of the complaint.

116. Defendants state that the statement set forth in paragraph "116" of the complaint does not constitute an averment to which a response is required.

117. Deny the allegations set forth in paragraph "117" of the complaint.

118. Deny the allegations set forth in paragraph "118" of the complaint.

119. Deny the allegations set forth in paragraph "119" of the complaint.

120. In response to the allegations set forth in paragraph "120" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "119" of this answer, as if fully set forth herein.

121. Deny the allegations set forth in paragraph "121" of the complaint.

122. Deny the allegations set forth in paragraph "122" of the complaint.

123. Deny the allegations set forth in paragraph "123" of the complaint.

124. Deny the allegations set forth in paragraph "124" of the complaint.

125. Deny the allegations set forth in paragraph "125" of the complaint.

126. Deny the allegations set forth in paragraph "126" of the complaint.

127. Deny the allegations set forth in paragraph "127" of the complaint.

128. In response to the allegations set forth in paragraph "128" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "127" of this answer, as if fully set forth herein.

129. Deny the allegations set forth in paragraph "129" of the complaint.

130. Deny the allegations set forth in paragraph "130" of the complaint.

131. Deny the allegations set forth in paragraph "131" of the complaint.

132. Deny the allegations set forth in paragraph "132" of the complaint.

133. Deny the allegations set forth in paragraph "133" of the complaint.

134. In response to the allegations set forth in paragraph "134" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "133" of this answer, as if fully set forth herein.

135. Deny the allegations set forth in paragraph "135" of the complaint.

136. Deny the allegations set forth in paragraph "136" of the complaint.

137. Deny the allegations set forth in paragraph "137" of the complaint.

138. Deny the allegations set forth in paragraph "138" of the complaint.

139. Deny the allegations set forth in paragraph "139" of the complaint.

140. Deny the allegations set forth in paragraph "140" of the complaint.

141. Deny the allegations set forth in paragraph "141" of the complaint.

142. Deny the allegations set forth in paragraph "142" of the complaint.

143. Deny the allegations set forth in paragraph "143" of the complaint.

144. In response to the allegations set forth in paragraph "144" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "143" of this answer, as if fully set forth herein.

145. Deny the allegations set forth in paragraph "145" of the complaint.

146. Deny the allegations set forth in paragraph "146" of the complaint.

147. Deny the allegations set forth in paragraph "147" of the complaint.

148. Deny the allegations set forth in paragraph "148" of the complaint.

149. Deny the allegations set forth in paragraph "149" of the complaint.

150. Deny the allegations set forth in paragraph "150" of the complaint.

151. Deny the allegations set forth in paragraph "151" of the complaint.

152. In response to the allegations set forth in paragraph "152" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "151" of this answer, as if fully set forth herein.

153. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "153" of the complaint.

154. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "154" of the complaint.

155. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "155" of the complaint.

156. Deny the allegations set forth in paragraph "156" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

157. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

158. Defendant City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

159 Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the City Defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

160. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably in the proper and lawful exercise of their discretion. As a result, defendant City of New York is entitled to governmental immunity.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

161. Punitive damages cannot be recovered against the City of New York.

### AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE:

162. Defendant Robert Johnson is entitled to absolute immunity from suit.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:

163. Plaintiff's claims and those of the putative class may be barred in whole or in part by the applicable statute of limitations.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

164. There was probable cause for plaintiff's arrests, detentions, and prosecutions.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

165. Defendants Kelly and Johnson are entitled to qualified immunity from liability.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

166. Plaintiff provoked any incident.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

167. Plaintiff has failed to comply with G.M.L. § 50 (e) & (i).

**WHEREFORE**, defendants City of New York, Raymond Kelly, and Robert Johnson request judgment dismissing the complaint, awarding costs, disbursements and reasonable attorneys' fees and such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         September 15, 2005

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the
                                    City of New York
                                    Attorney for City Defendants
                                    100 Church Street
                                    New York, New York 10007
                                    (212) 788-0784

                              By:   _____
                                    RACHEL A. SELIGMAN (RS 6674)
                                    Assistant Corporation Counsel

TO:   Katie Rosenfeld, Esq.
      Emery Celli Brinckerhoff & Abady

Index No. 05 CV 5442 (SAS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDDIE WISE, on Behalf of Himself and Others Similarly Situated,

Plaintiffs,

-against-

RAYMOND W. KELLY, ET AL.,

Defendants.

**ANSWER**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for City Defendants*
*100 Church Street*
*New York, N.Y. 10007*
*Of Counsel: Rachel A. Seligman*

*Tel: (212) 788-0784*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ................................................. ,2005*

*................................................................................. Esq.*

*Attorney for City of New York*