A SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/19/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

MICHAEL BROWN, et al.,

        Plaintiff,

    -against-

RAYMOND W. KELLY, et al.,

        Defendants.

---------------------------------------------------------------------x

05 Civ. 5442 (SAS)

## PROTECTIVE ORDER FOR TESTIMONY
## RELATING TO MEDICAL AND PSYCHOLOGICAL TREATMENT

WHEREAS, defendants obtained certain testimony in discovery in this action from plaintiff Michael Brown and from the putative plaintiffs and class representatives Michael Louis Brown, Keith Anderson, Xavier Grant, Bobby Wells and Llewellyn Rudy (collectively, "plaintiffs") concerning plaintiffs' mental health statuses and treatment histories, plaintiffs' medical statuses and medical histories, plaintiffs' substance abuse use and treatment histories, and plaintiffs' disability statuses and treatment histories, testimony which plaintiffs deem confidential; and

WHEREAS, plaintiffs objected to the production of such testimony unless appropriate protection for its confidentiality was assured;

NOW, THEREFORE, IT IS HEREBY ORDERED, as follows:

1.    As used herein, "Confidential Materials" shall mean any deposition testimony concerning plaintiffs' mental health statuses and treatment histories, plaintiffs' medical statuses and medical histories, plaintiffs' substance abuse use and treatment histories, and

plaintiffs' disability statuses and treatment histories, except that such information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that it is (a) obtained by a defendant from sources other than plaintiffs; or (b) is otherwise publicly available.

     2.     If a defendant objects to the designation of particular testimony as "Confidential Materials," that defendant shall state such objection in writing to the plaintiffs, and the parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved, then the defendant shall, within ten (10) days of making such objection, seek a court order striking such designation. Until and unless the Court rules otherwise, the document shall remain confidential and subject to this Protective Order.

     3.     Neither a defendant nor its attorneys shall use the Confidential Materials for any purpose other than for the preparation or presentation of their case in this action, except as provided in paragraph 8 below.

     4.     Attorneys for a defendant shall not disclose the Confidential Materials to any person who is not a member of the staff of its law office, except under the following conditions relating to this action:

          a.     Disclosure may be made only if necessary to the preparation or presentation of a defendant's case in this action, including but not limited to a party;

          b.     Disclosure before trial may be made only to the parties in this action or their attorneys, to an expert who has been retained or specially employed by a defendant's attorneys in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court;

          c.     Disclosure to an individual not listed in subparagraph (b) above may be made only upon granting of an application to the Court, and for good cause shown. In the event a conflict arises between

2

the parties as to whether a defendant may show the Confidential Materials to an individual not listed in subparagraph (b), defendant agrees not to do so until such time as the parties can obtain a ruling from the Court in this regard; and

    d.    Before any disclosure is made to a person listed in subparagraph (b) or (c) above (other than to the Court), the defendant's attorneys shall provide each such person with a copy of this Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution or defense of this case and not to further disclose the Confidential Materials except in testimony taken in this case or as otherwise may be necessary to defend against this action. The signed consent shall be retained by the defendant's attorneys and a copy shall be furnished to plaintiffs' attorneys upon their request. Any consent forms signed by consulting experts may be redacted upon disclosure to plaintiffs' attorneys.

    5.    Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Protective Order.

    6.    If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

## CONFIDENTIAL

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action.

> This envelope shall not be opened or unsealed without
> the express direction of a judge of this Court, and its
> contents shall not be displayed or revealed except as
> the Court may order. This envelope and its contents
> shall at all times be maintained separate and apart
> from the publicly available files of this case.

7.      However, where the Confidential Materials or information contained

therein is not material to issues addressed in court submissions, and the parties agree in writing

that the redaction of personal, confidential and/or identifying information would be sufficient to

protect the interests of the parties or non-parties, the parties may file redacted documents without

further order of the Court.

8.      Notwithstanding the provisions of this Protective Order, if plaintiffs,

plaintiffs' attorneys or anyone on plaintiffs' behalf ("plaintiffs" or "plaintiffs' representatives"),

or any other person, make any contentions, representations, and/or written or oral statements, that

are outside of the proceedings in this action, the substance of which concerns physical,

psychiatric, emotional, or mental injuries to plaintiffs, then defendants or its attorneys may move

the Court for an Order approving the disclosure of certain Confidential Materials or information

contained therein to rebut the plaintiffs' or plaintiffs' representatives' contentions or

misrepresentations, or nullifying and voiding this Protective Order.

9.      Within 30 days after the termination of this case, including any appeals,

the Confidential Materials, including all copies, notes, and other materials containing or referring

to information derived therefrom, shall be returned to plaintiffs' attorneys upon request. Upon

consent of plaintiffs' attorneys, the aforementioned documents may be destroyed, and all persons

who possessed such materials shall verify their return or destruction by affidavit furnished to

plaintiffs' attorneys upon request.  Defendants do not waive any objections to these provisions

based on work-product privilege.

10.    Nothing in this Protective Order shall be construed to limit plaintiffs' use

of the Confidential Materials in any manner.

11.    Nothing in this Protective Order shall be construed to limit defendants

from moving the Court at any time in the future for an order permitting the use of the

Confidential Materials at trial.

SO ORDERED

HON. SHIRA A. SCHEINDLIN,
U.S.D.J.

Dated: New York, New York
       July 19, 2007

## EXHIBIT A

The undersigned hereby acknowledges that he/she has read the Protective Order

entered in the United States District Court for the Southern District of New York on October___,

2006 in the action entitled *Newfeld v. City of New York, et al.,* 06 Civ. 5314 ("Case") and

understands the terms thereof. The undersigned agrees not to use the Confidential Materials

defined therein for any purpose other than in connection with the prosecution or defense of this

Case, and will not disclose the Confidential Materials except in testimony taken in this Case, or

as otherwise may be necessary to defend against this action.

| | |
|---|---|
| _____ | _____ |
| Date | Signature |
| | |
| | _____ |
| | Print Name |
| | |
| | _____ |
| | Occupation |