UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL BROWN, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>RAYMOND W. KELLY, *et al.*,<br><br>Defendants. | 05 Civ. 05442 (SAS)<br><br>**Order**<br>**Approving the January 26, 2012**<br>**Stipulation of Settlement** |
| PAUL CASALE AND ANTHONY GARCIA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>RAYMOND W. KELLY, *et al.*,<br><br>Defendants. | 08 Civ. 2173 (SAS) |

HONORABLE SHIRA A. SCHEINDLIN
UNITED STATES DISTRICT JUDGE

WHEREAS, the District Court preliminarily approved the Stipulation and Order of Settlement ("the Settlement") on February 7, 2012;

WHEREAS, on March 8, 2012, the District Court approved the plan for notifying the Settlement Class, as well as the Claim Packet (which included, *inter alia*, a Class Notice and Claim Form) and Summary Notices for posting;

WHEREAS, the Parties have fully briefed a motion in support of Final District Court Approval of the Settlement;

WHEREAS, the District Court found at the fairness hearing on December 14, 2012 that the settlement was fair and adequate, and ordered final approval pursuant to Fed. R. Civ. P. 23(e);

WHEREAS, the Settlement sets forth the agreement, terms and conditions for the proposed settlement and dismissal of this action;

WHEREAS, the Settlement provides for, *inter alia*, monetary relief for members of the classes ("Settlement Class Members" or "SCMs"), who are defined as: "as all individuals who are listed in the New York State Office of Court Administration's Criminal Records and Information Management System ("CRIMS") or Summons Automation Management System ("SAMS") databases; or in the New York City Police Department's Booking Arraignment Disposition System ("BADS") or in the Criminal Court Summons ("C-Summons") databases; or in a Report derived from New York City Police Department databases identifying Attempts to Charge ("Attempts to Charge Report"); or in summonses produced in discovery or in connection with a Claim Form up to the Bar Date, as having been charged in the City of New York prior to the Bar Date: (1) with a violation of N.Y. Penal Law § 240.35(1) after September 30, 1992; or (2) with a violation of N.Y. Penal Law § 240.35(3) after February 23, 1983; or (3) with a violation of N.Y. Penal Law § 240.35(7) after February 17, 1988.";

WHEREAS, the Settlement provides for the creation of a Class Fund in the amount of $15 Million ($15,000,000);

WHEREAS the Settlement provides for equitable relief, including a joint omnibus New York State court proceeding to vacate, dismiss, and seal all cases charging the Statutes within New York City that have "qualifying dispositions" as defined in the Parties' and the DAOs' letter agreement dated January 18, 2012; assurance that all qualifying cases under the

Statutes are appropriately maintained in compliance with state sealing laws, including by certifying the destruction of all related fingerprints and photographs; a joint formal written request to OCA and the New York State Division of Criminal Justice Services ("DCJS") to create a permanent notation of unconstitutionality attached to electronic records of all Loitering Charge Incidents; and prevention policies for a period of two years from Final District Court Approval;

WHEREAS, the Parties have agreed that $12 Million ($12,000,000) of that Class Fund shall be paid to members of the Settlement Class who timely filed a signed valid Claim Form, according to the Distribution Formula set forth in paragraph 52 of the Settlement and with appropriate deductions specified in paragraphs 56 and 69 of the Settlement, and the amount paid to each valid claimant shall be called the Award Amount;

WHEREAS, the Parties agree and recommend that the Distribution Formula as defined in paragraph 52 of the Settlement should be applied by the Administrator;

WHEREAS, the Parties have agreed that a total of $3 Million ($3,000,000 or "Settlement Costs") of that Class Fund shall be paid to Class Counsel or to the Administrator to make the following payments: (1) to Class Counsel, incentive payments of $25,000 each to the eight class representatives of the Settlement Class (Michael Brown, Michael Louis Brown, Bobby Wells, Xavier Grant, Keith Anderson, Paul Casale, Anthony Garcia and Llewellyn Rudy) as defined in paragraph 75 of the Settlement ("Named Plaintiffs") (totaling $200,000), and payments to Class Counsel for its own past, present, and future fees and costs in the above-captioned action; and (2) to the Administrator, all payments to administer the Settlement;

WHEREAS, the City previously paid the Administrator $239,993.55 in Settlement Costs for administering the Settlement;

3

WHEREAS, the Parties agree that Class Counsel's reasonable attorneys' fees, costs and expenses shall be the $3 Million in Settlement Costs less amounts paid to the Administrator and the Named Plaintiffs, in addition to the $560,800.53 previously paid for attorneys' fees, costs and expenses;

WHEREAS, the Administrator has averred that it sent a Claim Packet to each Class Member on June 8, 2012 at the last known address(es) (with re-mailing of returned Claim Packets), and Class Members were given until November 8, 2012 to file a Claim Form;

WHEREAS, the submissions of the Parties indicate that one-page Spanish and one-page English Summary Notices were posted in places likely to be seen by Class Members in accordance with the Settlement;

WHEREAS, the Settlement was widely publicized on the radio, television, the internet, and in newspapers;

WHEREAS, the Settlement was negotiated with the assistance of former Magistrate Judge Theodore J. Katz;

WHEREAS, the Parties agree that persons who submit late claims after the date of this Order but on or before January 8, 2013 will be given 30 days from January 8, 2013 to provide a "good cause" explanation for their late filing as set forth in paragraph 56 of the Settlement;

WHEREAS, no objections to the Settlement or requests for exclusion from the Settlement were received by the Court, the Parties or the Administrator;

WHEREAS, upon reading the papers submitted in support of the motion for Final District Court Approval of the Settlement, and after hearing argument from both Parties on December 14, 2012;

NOW, it is HEREBY ORDERED that:

(a) The Settlement meets the requirements of Fed. R. Civ. P. 23(e) because it is procedurally and substantively fair, reasonable, and adequate;

(b) The factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974) weigh in favor of approval of the Settlement;

(c) The $25,000 service awards to the eight Named Plaintiffs, totaling $200,000, from the Settlement Costs are fair and reasonable given the time and effort they expended assisting in the prosecution of this litigation;

(d) The agreed total amount of $3 Million in Settlement Costs for past and future attorneys' fees, costs and expenses (in addition to $560,800.53 previously paid), Administrator fees and costs, and Named Plaintiff awards ($200,000) is approved as fair and reasonable;

(e) Notice to the Settlement Class was the best practicable notice under the circumstances and complied with Fed. R. Civ. P. 23(c)(2);

(f) The Settlement is therefore finally approved;

(g) Pursuant to Paragraph 44 of the Settlement, the City is required to pay the Administrator within 61 days of the date of this Order the amount of $12,000,000, less deductions due to valid timely claimants' child support liens (hereinafter the amount to be paid to the Administrator is called the "Remainder"), and those amounts deducted for child support liens shall be sent to the beneficiary of the child support lien;

(h) Prior to the payment of the Remainder to the Administrator, the City in consultation with the Administrator, shall make its best good faith estimate of

the maximum amount that should be deducted due to child support liens, and shall pay the Administrator $12,000,000 less that amount;

(i) If additional money is determined to be owed to the City due to child support liens due to a change in the Award Amount, acceptance of late claims, or for any other reason, the Administrator shall return that amount to the City;

(j) If less money is determined to be owed due for child support liens due to a change in the Award Amount, or for any other reason, the City shall pay the Administrator that additional money and that amount shall be added to the Remainder;

(k) Pursuant to Paragraph 56 of the Settlement, the Administrator shall place $100,000 of the Remainder in reserve to pay late claims filed after the date of the Order but on or before January 8, 2013 for "good cause" shown;

(l) The Administrator shall distribute the Remainder to timely valid claimants in accordance with the terms of the Settlement;

(m) Within 61 days of the date of this Order, the City shall pay Class Counsel $2,760,006.45;

(n) From this $2,760,006.45, Class Counsel shall pay: (1) the eight Named Plaintiffs $25,000 each, for a total of $200,000; and (2) themselves the remaining amount for attorneys' fees, costs and expenses.

(o) All checks mailed to Class Members shall bear the notation, "CASH PROMPTLY, VOID AND WILL NOT BE RE-ISSUED 120 DAYS AFTER DATE OF ISSUANCE";

(p) Claims postmarked after the date of this Order shall be denied as late and shall not be paid as part of the initial distribution from the Class Fund. Persons who submit late claims postmarked after the date of this Order but on or before January 8, 2013 will be given 30 days to provide a "good cause" explanation for their late filing. Class Counsel shall determine if the person had "good cause" to file a late claim, and persons shall have the right to appeal any such determination to the Magistrate Judge. All persons with good cause for filing a late claim after the date of this Order but on or before January 8, 2013 shall be paid a pro-rata share – up to the Award Amount – of the amount remaining in the Remainder due to the failure of claimants to timely cash their checks within 120 days of issuance, as well as from the $100,000 held in reserve to pay late claims, except that Class Counsel, upon notice to the Court, may decide to reserve some portion of the remaining funds to pay persons who failed to cash their checks within 120 days;

(q) All late claims that are approved as showing "good cause" will also be subject to the deduction of any valid child support liens;

(r) Claims postmarked after January 8, 2013 shall be denied and shall not be considered; and

(s) If money remains in the Remainder, or in the $100,000 reserve after the payment of late claims filed after the date of this Order but on or before January 8, 2013 for "good cause," or because of uncashed checks issued to claimants, and as set forth in paragraph 55 of the Settlement, Class Counsel, on written notice to the City and the Court, shall have the discretion to (a)

reissue the checks, or (b) add the amount of the voided checks back to the Class Fund to be divided pro rata amongst eligible SCMs, or (c) issue checks to persons who make late claims for good cause shown pursuant to the immediately following paragraph, or (d) seek an award by the Court consistent with cy pres principles.

Dated: New York, New York
December 21, 2012

SO ORDERED:

HONORABLE SHIRA A. SCHEINDLIN
UNITED STATES DISTRICT JUDGE